IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DAVIS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CLEARLAKE POLICE DEPT.,<br><br>　　　　　Defendant.　　　　　　　　／ | No. C-07-03365 EDL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND AND DEFERRING RULING ON <u>IN FORMA PAUPERIS</u> APPLICATION** |

Plaintiffs filed this action on June 8, 2007 in the Eastern District of California. On June 15, 2007, Judge Mueller in the Eastern District ordered that the case be transferred to this district. Plaintiffs' complaint appears to allege civil rights violations against police officers in the Clearlake Police Department. Plaintiffs have also filed an application to proceed in forma pauperis.

Plaintiffs' complaint does not comply with Federal Rules of Civil Procedure, Rule 8(a), which requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8(e) of the Federal Rules of Civil Procedure further requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Specifically, in this case, Plaintiffs have failed to provide any factual basis for their complaint, thereby preventing Defendant from determining the grounds for the complaint or

formulating a response. While Plaintiffs need only provide a "short and plain statement" and need not go into detail, the allegations must put Defendants on notice of the basis for the action. See Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995) (concluding that ". . . pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). For example, Plaintiffs allege that "Clearlake Police Department officers used excessive force when falsely detaining David Davis in violation of the Fourth and Fourteenth Amendments to the United States Constitution," (Compl. ¶ 8), yet there are no factual allegations at all regarding how and when the alleged excessive force occurred or which police officers were involved. Similarly, the complaint alleges that "Clearlake Police Department Officers have used racial epithets or racially insensitive language directed against David Davis and Page Gearhart-Davis," (Compl. ¶ 8), but does not provide any factual allegations about these incidents. The remaining conclusions in the complaint also lack any factual basis. See Compl. ¶¶ 9-10. While a liberal construction of the complaint seems to demonstrate that Plaintiffs are alleging violations of their civil rights, the complaint must be dismissed with leave to amend because it lacks a factual basis.[1] See Marks v. Solcum, 98 F.3d 494, 495 (9th Cir. 1996) (pursuant to 28 U.S.C. § 1915(e)(2), a court must dismiss an in forma pauperis complaint which fails to state a claim); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, . . . .").

Therefore, in accordance with Rule 8 and this Order, Plaintiffs shall file an amended complaint setting forth a short plain statement that clearly states the facts that form the basis for all of their claims against Defendant and the relief they seek. The amended complaint shall be filed no later than September 10, 2007. If Plaintiffs fail to file an amended complaint by that date, the matter will be dismissed. Consideration of plaintiffs' application to proceed in forma pauperis will be deferred until an amended complaint is filed. Included with the mailed copy of this Order is a copy

---

[1] Plaintiffs have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). Defendant has not been served; however, the Court does not require the consent of Defendant in order to dismiss this action because Defendant has not been served and therefore is not a party within the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 U.S. Dist. LEXIS 11640, *3, n.2 (N.D. Cal. June 29, 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

2

of the Court's Pro Se Handbook. The Court urges the parties to review this Handbook prior to filing their amended complaint.

**IT IS SO ORDERED.**

Dated: August 13, 2007

　　　　　　　　　　　　　　　　　　　*Elizabeth D. Laporte*
　　　　　　　　　　　　　　　　　　　ELIZABETH D. LAPORTE
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge