DALE L. ALLEN, JR., # 145279
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634
dallen@lowball.com

Attorneys for Defendant
CITY OF CLEARLAKE
(erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>    Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>    Defendants. | Case No. C 07-03365 EDL<br><br>CASE MANAGEMENT CONFERENCE STATEMENT<br><br>DATE: November 13, 2007<br>TIME: 10:00 a..m. |

  Defendant CITY OF CLEARLAKE submit this case management conference statement. Counsel for the City was unable to meet and confer with plaintiff in pro se as he has been in trial for 2 weeks.

## DESCRIPTION OF THE CASE

  1. A brief description of the events underlying the action:

  This complaint arises out of an allegation of police misconduct. Plaintiffs raise a multitude of claims arising out of a two traffic stops in successive nights. The nub of the allegations is that the officers employed by the City of Clearlake evidenced racial animus toward plaintiff Dave Davis, all of their subsequent actions were the direct result of the animus, and the officers conspired to create pretextual reasons to enforce traffic code regulations to harass and arrest Mr. Davis. The City categorically denies each and every claim and asserts all of the actions of the officers involved in the two incidents acted appropriately to the violations they observed in

the course and scope of their employment.

2. The principal factual issues which the parties dispute:

The factual issues in dispute are whether the officers observed traffic violations, detained plaintiff Davis appropriately while investigating the violations, and issued citations (arrested) plaintiff in accordance with the violations.

3. The principal legal issues which the parties dispute:

The plaintiffs dispute the legal basis for the arrest and use of force. Plaintiff alleges that the actions of the officers lacked probable cause for arrest and that the officers violated his constitutional rights under the 4th, 5th and 14th Amendments. Plaintiff also alleges that defendants were motivated by racial animus toward plaintiff.

4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

All parties have been served and have appeared. There are no additional parties to be joined.

5. The parties which have not been served and the reasons: not applicable.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder: not applicable.

7. There are no unresolved factual issues re: service of process, etc.

8. The following parties consent to assignment of this case to a United States Magistrate Judge for trial:

Plaintiff consents to a Magistrate Judge. Defendants do not stipulate at this time. Due to the trial counsel has not yet been able to properly discuss the issue with his principles, but hopes to before the conference in order to advise the court.

**ALTERNATIVE DISPUTE RESOLUTION**

9. *[Please indicate the appropriate response(s).]*

Defendant requests an ENE.

10. Please indicate any other information regarding ADR process or deadline.

**DISCLOSURES**

11. The parties certify that they have made the following disclosures:

1  Rule 26 disclosures have not yet been made by either side and defendant requests they be completed
2  by December 31, 2007.

### DISCOVERY

12. The parties agree to the following discovery plan:

The parties have not yet met and conferred on discovery. Defendant requests use of California judicial form interrogatories, plus 35 special interrogatories, unlimited documents demand and 15 depositions per side. Defendant requests that any discovery of defendant officers personnel file be per a protective order confining use of information to this case, and any dispute over what should be released in discovery be subject to in camera review by the court with pertinent objections for appropriate redaction of material subsequently released.

### TRIAL SCHEDULE

13. Defendant requests a trial date as follows:

November 2008, to allow for defendant to complete discovery and file a motion for summary judgment.

14. Defendant expects that the trial will last for the following number of days:

Five to seven court days.

Dated: November 9, 2007.

LOW, BALL & LYNCH

By  /s/ Dale L. Allen, Jr.
DALE L. ALLEN, JR.
Attorneys for Defendant
CITY OF CLEARLAKE