DALE L. ALLEN, JR., # 145279
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
CITY OF CLEARLAKE
(erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>  Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>  Defendants. | Case No. C 07-03365 EDL<br><br>DEFENDANT CITY OF CLEARLAKE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION AND FOR DISCOVERY TO BEGIN<br><br>Date:     March 4, 2008<br>Time:    9:00 a.m.<br>Courtroom: E, 15th Floor<br><br>Judge:   Hon. Elizabeth D. LaPorte |

**I.     INTRODUCTION**

Defendant CITY OF CLEARLAKE ("Defendant") opposes plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS's ("Plaintiffs") motion to compel responses to request for production because that request was premature, having been made before the parties met and conferred as required by F.R.C.P. 26(f) or served initial disclosures pursuant to F.R.C.P. 26(a)(1)(A). Defendant does not oppose Plaintiffs' motion for discovery to begin, and anticipates serving its initial disclosures pursuant to F.R.C.P. 26(a)(1) prior to the hearing of Plaintiffs' motion.

## II. ARGUMENT

### A. Plaintiff's Request for Production Is Premature Because It Was Propounded Before the Parties Met and Conferred Regarding Discovery and Made Initial Disclosures.

Federal Rule of Procedure, Rule 26(d) provides, in pertinent part:

> (1) **Timing.** A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

The present action is not subject to the exemptions of Rule 26(a)(1)(B), and Defendant's counsel is not aware of rules, stipulation or court order in this matter that would eliminate the prerequisite of Rule 26(d)(1). (Allen Dec., ¶ 3.) Accordingly, the parties must meet and confer as described in Rule 26(f) before either side can propound discovery.

Rule 26(f) provides, in pertinent part:

> (2) **Conference Content; Parties' Responsibilities.** In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. ...
>
> (3) **Discovery Plan.** A discovery plan must state the parties' views and proposals on:
>
> (A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;
>
> (B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;
>
> (C) any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;
>
> (D) any issues about claims of privilege or of protection as trial-preparation materials, including--if the parties agree on a procedure to assert these claims after production--whether to ask the court to include their agreement in an order;
>
> (E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and
>
> (F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

As Plaintiffs point out in their motion, they and counsel for Defendant spoke informally regarding

1  discovery on November 13, 2007 and November 29, 2007.  (Plaintiff's Motion to Compel at 1:17-25; Allen
2  Dec., ¶ 4.).)  However, these informal discussions did not, and were not intended to, cover all the topics listed
3  in Rule 26(f).  In addition, they did not result in the development of a discovery plan as defined by Rule 26(f)(3)
4  and required by Rule 26(f)(2).  (Allen Dec., ¶ 5.)  Instead of attempting to meet and confer as required by Rule
5  26(f), and instead of serving initial disclosures pursuant to Rule 26(a)(1), Plaintiffs served Defendant with a
6  request for production on December 11, 2007.   Because it was not preceded by the Rule 26(f) conference,
7  this request was premature under Rule 26(d).  Accordingly, Defendant was not required to respond to it within
8  the time Plaintiffs requested.

### B.  **Defendant Does Not Oppose Discovery Beginning in this Matter**.

Plaintiffs also move the Court to open discovery in this matter.  (Plaintiffs' Motion to Compel at 5:21-23.)  Defendant does not oppose this aspect of Plaintiffs' motion.  However, Defendant believes that discovery should begin with the "initial" disclosures defined by Rule 26(a)(1).  Defendant and its counsel are currently compiling these disclosures and expect to serve them before the March 4, 2008 date for the hearing of the present motion.  (Allen Dec., ¶ 6.)  Once Defendant has received Plaintiffs' initial disclosures, it can turn its attention to Plaintiffs' December 11, 2007 request for production.

### III.  **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' motion to compel responses to their request for production.  However, Defendant does not oppose Plaintiffs' motion for discovery to begin.

Dated: February 12, 2008.

                                   LOW, BALL & LYNCH

                                   By              /s/ Dale L. Allen, Jr.
                                      DALE L. ALLEN, JR.
                                      DIRK D. LARSEN
                                      Attorneys for Defendant
                                      CITY OF CLEARLAKE

# PROOF OF SERVICE

**Action: David Davis and Page Gearhart-Davis v. Clearlake Police Department**
**U.S.D.C./Northern District Case No. C-07-03365 EDL**

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following documents enclosed in a sealed envelope on the listed addresses:

**DOCUMENT:**   DEFENDANT CITY OF CLEARLAKE'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION AND FOR DISCOVERY TO BEGIN

**ADDRESSES:**
David Davis and Page Gearhart -Davis
P.O. Box 3225
Clearlake, CA 95422
Tel: 707-995-0749; Fax: 707-994-0987
Plaintiffs In Pro Se

**[X]**   **(BY MAIL)**  I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ]   **(BY PERSONAL SERVICE)**  I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ]   **(BY FACSIMILE)**  I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ]   **(BY OVERNIGHT COURIER)**  I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

[ ]   **(BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED)**   I placed a true copy, enclosed in a sealed, postage-paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on February 12, 2008.

                                        /s/    M. Kathryn Mansfield