

DAVID DAVIS and PAGE GEARHART-DAVIS
PRO SE
PO BOX 3225
CLEARLAKE, CA 94522
(707)995-0749

IN THE UNITED STATES DISTRICT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID DAVIS and PAGE GEARHART-DAVIS,

Plaintiff(s),

vs.

CLEARLAKE POLICE DEPARTMENT,

Defendant(s)

Case No.: **C 07-03365 EDL**

**MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS & OFFICERS PERSONNEL RECORDS & MOTION TO SHORTEN TIME**

The Plaintiff(s) to the above-entitled action jointly submit this Motion To Compel Request For Document Production and for Discovery to Begin.

On April 1st & on April 2nd Plaintiff Page Gearhart-Davis left messages on Defendant(s) counsel Dirk Larsen voice mail regarding the receipt of their Supplemental Response To Plaintiffs' Request for Production of Documents, and Documents produced. Plaintiff informed Defendant(s) counsel Dirk Larson that Plaintiff(s) had some issues they wanted to discuss regarding their Response. Plaintiff also stated that Plaintiff(s) and Defendant(s) counsel also had to agree upon a date to meet and confer about any changes in the case before our next Case Management Conference.

Plaintiff(s) David Davis and Page Gearhart-Davis request the court to compel Defendant(s) Clearlake Police Department to produce requested

documents immediately. Plaintiff(s) also requests the court to shorten time at which this motion will be heard.

There is a Case Management Conference scheduled for April 29, 2008 at 10:00AM at which Plaintiff(s) are proposing this motion to be heard at the same time. This case has been scheduled to be heard before a Magistrate Judge on June 6, 2008 for a Settlement Conference at which time Plaintiff(s) want to be able to present the documents requested.

DISPUTED DISCOVERY REQUEST & RESPONSE

1. **Plaintiff(s) 2nd Request:**

Documents, video from patrol car(s) and audio from officer(s) on 8-3-06 from 1:00AM-2:30AM; video to also reflect where Timothy Hobbs and Officer Hardesty were allegedly following Plaintiff(s) vehicle, pertaining to Ticket#50128, Case#60303202 by Timothy Celli, Timothy Hobbs, and Officer Hardesty.

**Defendant(s) 2nd Response:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**Withheld Responsive Information:**

Recorded contact taken by Sgt. Celli referenced in IO Memo dated 8/3/06 to Capt. Larson from Sgt. Celli, Subject: Another contact with David Davis 06-2456, Exhibit B, Bates Stamp CLE0021. Also referenced in IO Memo dated 8/29/06 to Chief Chalk from Capt. Larson, Subject: IA#08-03-06/90/107/132/145, Exhibit B, Bates Stamp CLE0042-CLE0047.

2.  **Plaintiff(s) 3rd Request:**

    Documents, video from patrol car(s) and audio from officer(s) on 8-3-06 from 1:00AM-2:30AM; video to also reflect where Timothy Hobbs and Officer Hardesty were allegedly following Plaintiff(s) vehicle, pertaining to Ticket#52003, Case#06-2456 by Timothy Celli, Timothy Hobbs, and Officer Hardesty.

    **Defendant(s) 3rd Response:**

    After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum from Nicole Newton of the Records Department concerning the search for audio records.

    **Withheld Responsive Information:**

    Recorded contact taken by Sgt. Celli referenced in IO Memo dated 8/3/06 to Capt. Larson from Sgt. Celli, Subject: Another contact with David Davis 06-2456, Exhibit B, Bates Stamp CLE0021. Also referenced in IO Memo dated 8/29/06 to Chief Chalk from Capt. Larson, Subject: IA#08-03-06/90/107/132/145, Exhibit B, Bates Stamp CLE0042-CLE0047.

3.  **Plaintiff(s) 4th Request:**

    Documents, video from patrol car(s) and audio from officer(s) on 9-27-06 pertaining to Ticket#52021, Case#60927062 by Timothy Celli and Timothy Hobbs.

    **Defendant(s) 4th Response:**

    After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum

from Nicole Newton of the Records Department concerning the search for audio records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) request the Defendant(s) to admit that there is no information regarding this request other than Defendant(s) Exhibit A.

**4. Plaintiff(s) 5th Request:**

Documents, video from patrol car(s) and audio from officer(s) on 9-27-06 pertaining to Ticket#52022, Case#60927062 by Timothy Celli and Timothy Hobbs.

**Defendant(s) 5th Response:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) request the Defendant(s) to admit that there is no information regarding this request other than Defendant(s) Exhibit A.

**5. Plaintiff(s) 6th Request:**

Documents, video from patrol car(s) and audio from officer(s) on 12-27-06 pertaining to Ticket#52310 by Timothy Celli and Officer Labbe.

**Defendant(s) 6th Response:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced

pursuant to FRCP 26.  Attached as Exhibit A is an interoffice memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request.  Plaintiff(s) request the Defendant(s) to admit that there is no information regarding this request other than Defendant(s) Exhibit A.

6. **Plaintiff(s) 7th Request:**

Dispatch record check from 8-2-06 pertaining to Ticket#49299, Case#6080206.

**Defendant(s) 7th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26.  The only dispatch record pertinent to this request would be part of the court file which is in possession of the County of Lake Records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request.  Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division.  Marlene also stated that any dispatch records would be kept with the issuing agency.  Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency.  Plaintiff(s)

request the Defendant(s) to admit that there is no dispatch record regarding this request.

7. **Plaintiff(s) 10th Request:**

Dispatch record check from 9-27-06 pertaining to Ticket#52021, Case#60927062.

**Defendant(s) 10th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. The only dispatch record pertinent to this request would be part of the court file which is in possession of the County of Lake Records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

8. **Plaintiff(s) 11th Request:**

Dispatch record check from 9-27-06 pertaining to Ticket#52022, Case#60927062.

**Defendant(s) 11th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. The only dispatch record pertinent to this request would be part of the court file which is in possession of the County of Lake Records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

9. **Plaintiff(s) 12th Request:**

Dispatch record check from 12-27-06 pertaining to Ticket#52310.

**Defendant(s) 12th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. The only dispatch record pertinent to this request would be part of the court file which is in possession of the County of Lake Records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

10. **Plaintiff(s) 13th Request:**

Dispatch record check from 12-27-06 pertaining to David Davis.

**Defendant(s) 13th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. The only dispatch record pertinent to this request would be part of the court file which is in possession of the County of Lake Records.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior

Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

11. **Plaintiff(s) 15th Request:**

Documents, video and audio from complaint given on 8-4-06 by David Davis to Officer Klausen.

**Defendant(s) 15th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56.

**Withheld Responsive Information:**

Recorded contact taken by Sgt. Clausen referenced in IO Memo dated 8/29/06 to Capt. Larson form Sgt. Clausen, Subject: Complaint from David Davis, Exhibit B, Bates Stamp CLE0022.

12. **Plaintiff(s) 16th Request:**

Documents, video and audio from complaint given on 1-12-07 by David Davis and Page Gearhart-Davis to Mike Herman.

**Defendant(s) 16th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56.

**Withheld Responsive Information:**

Recorded contact taken by Mike Herman referenced in IO Memo dated in January to the Chief form Sgt. Herman, Exhibit B, Bates Stamp CLE0052-CLE0056.

13. **Plaintiff(s) 17th Request:**

Details of Investigation# I.A 08-03-06/90/107/132/145.

**Defendant(s) 17th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56.

**Withheld Responsive Information:**

Recorded interview of Sgt. Celli, Officer Miller, Officer Hobbs, and Officer Hardisty taken on 8/24/06 by Capt. Larson referenced in IO Memo dated 8/29/06 to Chief Chalk from Capt. Larson, Subject:IA#08-03-06/90/107/132/145, Exhibit B, Bates Stamp CLE0042-CLE0047.

14. **Plaintiff(s) 18th Request:**

Details of Investigation# I.A 01-12-07/90.

**Defendant(s) 18th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56.

**Withheld Responsive Information:**

Audio taken by Sgt. Celli on 1/12/07 referenced on IO Memo taken in January to the Chief from Sgt. Herman, Exhibit B, Bates Stamp CLE 0052-CLE 0056. Also referenced in letter from Celli to Herman Re Incident#70117042, Exhibit B, Bates Stamp CLE 0058.

15. **Plaintiff(s) 21st Request:**

Complete service record and complaints filed on Timothy Celli.

**Defendant(s) 21st Response:**

See documents attached as Exhibit E. Responding party objects to the production of "complaints" filed against Timothy Celli as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Sgt. Celli on June 8, 2003, involving an off-duty encounter that involved alcohol. The complainant was of African-American descent; there is no indication that the complaint's race was a factor in the complained-of conduct.

**Withheld Responsive Information:**

Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

16. **Plaintiff(s) 23rd Request:**

Complete service record and complaints filed on Timothy Hobbs.

**Defendant(s) 23rd Response:**

See documents attached as Exhibit G. Responding party objects to the production of "complaints" filed against Tim Hobbs as overbroad and not likely to lead to the discovery of admissible evidence. Without

waiving the objection, the following complaints have been registered against Off. Hobbs in the last 5 years: December 28, 2007-Rude behavior during a traffic stop. The complainant was of Caucasian descent. May 5, 2007- Verbally abusive during a traffic stop; false arrest and excessive force during arrest. The complainant was of Caucasian descent. April 26, 2004- Unprofessional conduct during the investigation of a child custody dispute.

**Withheld Responsive Information:**

Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

17. **Plaintiff(s) 24th Request:**

Complete service record and complaints filed on T.W. Miller.

**Defendant(s) 24th Response:**

See documents attached as Exhibit H. Responding party objects to the production of "complaints" filed against T.W. Miller as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Off. Miller on July 30 and August 27, 2007 for discourteous and unprofessional behavior during traffic stops of the same individual, a person of American Indian descent. November 11, 2007- A complaint was registered against Off. Miller for discourteous behavior during investigation of the residence of a registered sex offender. The complainant was of Hispanic descent.

**Withheld Responsive Information:**

Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

18. **Plaintiff(s) 26th Request:**

Complete service record on and complaints filed Officer Hardesty.

**Defendant(s) 26th Response:**

See documents attached as Exhibit J. Responding party objects to the production of "complaints" filed against Officer Sarah Hardisty as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Off. Hardisty on May 22, 2007 for failure to follow police procedures during the investigation of a 911 hang-up.

**Withheld Responsive Information:**

Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

Plaintiff(s) David Davis and Page Gearhart-Davis request the court to compel the production of withheld documents and officers personnel records pursuant to Federal Rules of Evidence 1043 as "personnel records" defined under California Penal Code 832.8. Document production is relevant to the claim and reasonably calculated to lead to admissible evidence under the Federal Rules of Civil Procedure 26(b).


Dated this 3rd day of April, 2008

Respectfully Submitted,

DAVID DAVIS and PAGE GEARHART-DAVIS