1  DALE L. ALLEN, JR., # 145279
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California  94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendant
   CITY OF CLEARLAKE
6  (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7

8                  IN THE UNITED STATES DISTRICT COURT FOR

9                  THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12  DAVID DAVIS and PAGE GEARHART-DAVIS          )   Case No. C 07-03365 EDL
    PRO-SE,                                      )
13                                               )   DEFENDANT CITY OF
                              Plaintiffs,        )   CLEARLAKE'S OPPOSITION TO
14                                               )   PLAINTIFFS' MOTION TO
          vs.                                    )   COMPEL PRODUCTION OF
15                                               )   WITHHELD DOCUMENTS &
                                                 )   OFFICERS' PERSONNEL
16  CLEARLAKE POLICE DEPARTMENT,                 )   RECORDS
                                                 )
17                            Defendants.        )   Date:      May 13, 2008
                                                 )   Time:      9:00 a.m.
18  _____       )   Courtroom: E, 15th Floor

19                                                   Judge:     Hon. Elizabeth D.
                                                                LaPorte
20

21  I.    **INTRODUCTION**

22          Plaintiff DAVID DAVIS AND PAGE GEARHART-DAVIS' ("Plaintiffs") attempts to meet and

23  confer regarding the issues underlying their present motion consisted of leaving two voice-mail

24  messages with counsel for defendant CITY OF CLEARLAKE (the "City") on April 1 and 2, 2008.

25  Counsel for the City attempted to return these calls on April 2 and 3, 2008, but received no answer.  On

26  April 4, 2008, counsel for the City reached plaintiff Page Gearhart-Davis by telephone, but Ms.

27  Gearhart-Davis was unable to discuss the issues at that time.  Ms. Gearhart-Davis and counsel for the

28  City first had the opportunity to discuss the issues underlying Plaintiffs' motion on April 7, 2008, by

1   which time Plaintiffs had already filed their present motion.

2          Based on Plaintiffs' motion and a number of ensuing telephone conversations, the parties have

3   been able to clarify their respective positions and interpretations with respect to Plaintiffs' request for

4   production.  As a result, the City has produced audio recordings relating to the complaints Plaintiffs filed

5   with the Clearlake Police Department in 2006 and 2007.  With respect to the remaining issues, the City

6   has already produced responsive documents or has asserted objections that include a description of the

7   materials withheld.  In their present motion, Plaintiffs do not set forth reasons supporting their

8   conclusion that the withheld materials are relevant to their claim.  Accordingly, the City respectfully

9   requests that the Court deny Plaintiffs' motion with respect to those documents.

10  **II.    STATEMENT OF RELEVANT FACTS**

11         Plaintiffs' request for production of documents, which underlies their present motion to compel,

12  contains requests for four categories of items: (1) materials, including recordings, pertaining to Clearlake

13  Police Officers' contacts with Plaintiffs from August to December, 2006 (requests # 1-6); (2) "dispatch

14  record" checks from those same contacts (requests # 7-13); (3) materials, including recordings,

15  pertaining to the complaints Plaintiffs filed with the Clearlake Police Department regarding their

16  contacts with the officers, and the ensuing investigations (requests # 14-18); and (4) personnel files of

17  various Clearlake Police Officers (requests # 18-26). (*See* Exhibit B to Declaration of Dirk D. Larsen

18  ["Larsen Dec."] filed herewith.)

19         The City responded to the request as follows: (1) because the Clearlake Police Department did

20  not renew its contract with the voice-recording provider, due to financial constraints, the City was unable

21  to access recordings of officers' contacts with Plaintiffs; (2) the City had already produced responsive

22  documents as part of its initial disclosures pursuant to F.R.C.P. 26(a), and any other documents related

23  to Plaintiffs' citations would be located in the court file of the County of Lake; (3) the City produced

24  redacted documents pertaining to Plaintiffs' complaints against the Department and the ensuing

25  investigations; and (4) the City produced the officers' personnel files, but withheld records of third-party

26  complaints not relevant to the subject matter of the present action.  With respect to the withheld

27  complaints, the City provided a description of their subject matter sufficient to inform Plaintiffs of the

28  nature of the complaint and the rationale for the City's objection. (*See* Exhibit C to Larsen Dec. at

4:11-6:16.)

Plaintiffs' attempts to meet and confer regarding the issues underlying their present motion consisted of leaving two voice-mail messages with counsel for defendant CITY OF CLEARLAKE (the "City") on April 1 and 2, 2008. Counsel for the City attempted to return these calls on April 2 and 3, 2008, but received no answer. On April 4, 2008, counsel for the City reached plaintiff Page Gearhart-Davis by telephone, but Ms. Gearhart-Davis was unable to discuss the issues at that time. Ms. Gearhart-Davis and counsel for the City first had the opportunity to discuss the issues underlying Plaintiffs' motion on April 7, 2008, by which time Plaintiffs had already filed their present motion. (Larsen Dec., ¶ 3.)

Based on Plaintiffs' motion and a number of ensuing telephone conversations, the parties have been able to clarify their respective positions and interpretations with respect to Plaintiffs' request for production. Plaintiffs clarified that their request for audio recordings included recordings made during the investigation of Plaintiffs' complaint. (Larsen Dec., ¶ 4.) Lieutenant Michael Hermann of the Clearlake Police Department had previously understood that request to encompass only the recordings made in the patrol cars, which were inaccessible. On April 14, 2008, counsel for the City sent Plaintiffs a letter stating that the City would determine whether any such complaint-related recordings exist and produce them as applicable. The letter also stressed that, other than such recordings, the City had already produced or identified all other responsive materials. (Larsen Dec., ¶ 5; Exhibit E to Larsen Dec.) Based on Plaintiffs' clarification, the City produced to Plaintiffs the following recordings on April 21, 2008: interview of plaintiff David Davis by Clearlake Police Captain Larsen; tape recording and photographs of David Davis from August 3, 2006; interview of Plaintiffs on January 12, 2007; and interviews of Clearlake Police Officers Hobbs, Miller, Hardisty and Sergeant Celli of August 24, 2006. (Larsen Dec., ¶ 6; Exhibit F to Larsen Dec.)

Plaintiffs also clarified that their reference to "dispatch record" checks in requests # 7-13 seeks records of the officers' contacts with the Clearlake Police Department or other agencies while the stops of Plaintiffs were taking place. The City has provided all such records in its possession as part of its initial disclosure pursuant to F.R.C.P. 26(a). The City's reference to Lake County court records in its responses refers to all other materials associated with the citations issued, and was based on a

J:\1427\sf0001\P-Opp.Mot.Compel-002.wpd                                                                                                    Case No. C 07-03365 EDL

1    misunderstanding of Plaintiffs' term "dispatch record." (Larsen Dec., ¶ 7; Exhibit A to Larsen Dec.)

2    **III.**    **ARGUMENT**

3       **A.**    **The City Has Already Produced or Identified All Responsive Materials**.

4       First, with respect to Plaintiffs' request for the production of audio, video and documents

5 pertaining to Clearlake Police Officers' stops of Plaintiffs (requests # 1-6), the City has already produced

6 responsive materials in its possession or stated that it does not have responsive documents in its

7 possession. It produced documents associated with those stops as part of its initial disclosure pursuant to

8 F.R.C.P. 26. (Larsen Dec., ¶ 8; Exhibit A to Larsen Dec.) In its response to Plaintiffs' request for

9 production, it explained that any audio recordings that may have been made are inaccessible. (Larsen

10 Dec., ¶ 10; Exhibit C to Larsen Dec. at 2:1-3:2; Exhibit D to Larsen Dec.) The City has thus satisfied

11 the requirements of F.R.C.P. 34.

12       Second, with respect to Plaintiffs' request for the production of "dispatch records" associated

13 with the Clearlake Police Officers' stops of Plaintiffs (requests # 7-13), the City has already produced

14 responsive documents as part of its initial disclosure pursuant to F.R.C.P. 26. (Larsen Dec., ¶ 7; Exhibit

15 A to Larsen Dec.) In its response to Plaintiffs' request for production, the City made reference to the

16 Rule 26 disclosure and even referred Plaintiffs to the Lake County court file for additional information.

17 (Exhibit C to Larsen Dec. at 3:3-4:10.) Apparently, Plaintiffs mistakenly believed that the Lake County

18 court file would contain what they believed to be "dispatch records." Now that Plaintiffs have clarified

19 that the term "dispatch records" refers to any records of communication between its officers and any

20 other agencies at the time of Plaintiffs' stops, the City can again refer Plaintiffs to its Rule 26 disclosure,

21 which contains any such records in the City's possession. Accordingly, the City has again satisfied the

22 requirements of F.R.C.P. 34.

23       Third, with respect to Plaintiffs' request for the production of materials related to their

24 complaints regarding Clearlake Police Officer conduct and the ensuing investigations (requests # 14-18),

25 the City official who compiled the information did not initially understand the request to encompass

26 recordings made during the complaint and interview process. Now that Plaintiffs have clarified that the

27 request does indeed refer to such recordings, the City produced responsive recordings in its possession

28 on April 21, 2008. (Larsen Dec., ¶ 6; Exhibit F to Larsen Dec.) Plaintiffs' motion to compel the

1    production of these recordings is thus moot.

2        Finally, with respect to Plaintiffs' request for the production of certain Clearlake Police Officers'

3    personnel files, including complaints lodged against those officers (requests # 19-26), the City produced

4    responsive documents in its response to Plaintiffs' request. (Exhibit C to Larsen Dec. at 4:11-6:16.) The

5    City objected to the production of complaints not related to the subject matter of this litigation, and even

6    went so far as to identify the nature of the complaint and the race of the complainant so as to enable

7    Plaintiffs to determine that the complaint did not involve racial profiling, harassment or retaliation.

8    (Exhibit C to Larsen Dec. at 4:11-6:16.) Accordingly, the City has satisfied the requirements of

9    F.R.C.P. 34 with respect to these requests.

10       **B.    Plaintiffs Do Not Set Forth Reasons Supporting Their Conclusion That the**
            **Withheld Portions of the Officers' Personnel Files Are Relevant to Their Claims**.

11       In its response to Plaintiffs' request for production, the City produced the personnel files of the

12    Clearlake Police Officers whom Plaintiffs listed in their request. (Exhibit C to Larsen Dec. at 4:11-6:16.)

13    The City objected, on the ground of relevance, to the production of complaints against those officers

14    lodged by various individuals. (Exhibit C to Larsen Dec. at 4:11-6:16.) In its objections, the City

15    identified the nature of the complaint against the officer as well as the ethnicity of the complainant.

16    (Exhibit C to Larsen Dec. at 4:11-6:16.) The City thus provided Plaintiffs with sufficient information to

17    determine whether each complaint was relevant to Plaintiff's claims of racial profiling, harassment and

18    retaliation.

19       In their motion, Plaintiffs simply conclude that "[d]ocument production is relevant to the claim

20    and reasonably calculated to lead to admissible evidence under the Federal Rules of Civil Procedure

21    26(b)." (Plaintiffs' Motion to Compel at 13:24-26.) However, they provide no reasons in support of this

22    conclusion. Presumably having reviewed the City's responses, Plaintiffs are in a position to determine

23    whether each complaint may exhibit indicators of the racial profiling, harassment and retaliation that

24    form the bases of Plaintiffs' claims against the City. But they do not argue that such indicators exist.

25    Accordingly, Plaintiffs have provided neither the City nor the Court with any reasons that would compel,

26    or even support, the production of those complaints. Plaintiffs' motion to compel the production of

27    those complaints should thus be denied.

28

1  IV.    **CONCLUSION**

2          For the foregoing reasons, the City respectfully requests that the Court deny Plaintiffs' motion to

3  compel production of withheld documents and officers' personnel records.

4

5          Dated: April 22, 2008

6                                          LOW, BALL & LYNCH

7

8                                   By_____

9                                          DALE L. ALLEN, JR.
                                           DIRK D. LARSEN
                                           Attorneys for Defendant
10                                         CITY OF CLEARLAKE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CITY OF CLEARLAKE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

J:\1427\sf0001\P-Opp.Mot.Compel-002.wpd                                          Case No. C 07-03365 EDL