DALE L. ALLEN, JR., # 145279
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
CITY OF CLEARLAKE
(erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>Defendants. | Case No. C 07-03365 EDL<br><br>DECLARATION OF DIRK D. LARSEN IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF WITHHELD DOCUMENTS & OFFICERS' PERSONNEL RECORDS<br><br>Date:        May 13, 2008<br>Time:       9:00 a.m.<br>Courtroom: E, 15th Floor<br><br>Judge:      Hon. Elizabeth D. LaPorte |

I, DIRK D. LARSEN, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2. I am an attorney at law duly licensed to practice before all courts of the State of California and before the United States District Court for the Northern District of California, and am an associate employed by the law firm of Low, Ball & Lynch, attorneys of record herein for defendant CITY OF CLEARLAKE (the "City").

3. On April 1, 2008, I received a voice-mail message from plaintiff Page Gearhart-Davis

regarding the City's responses to Plaintiffs' request for production of documents. I received a similar voice-mail message from Ms. Gearhart-Davis on April 2, 2008. On April 2, 2008, at approximately 2:35 p.m., I attempted to return Ms. Gearhart-Davis' calls, but received no answer. On April 3, 2008, at approximately 3:35 p.m., I again attempted to return Ms. Gearhart-Davis' calls, but again received no answer. On April 4, 2008, I reached plaintiff Ms. Gearhart-Davis by telephone, but Ms. Davis was unable to discuss the issues at that time. I first had the opportunity to discuss the issues underlying Plaintiffs' motion with Ms. Gearhart-Davis on April 7, 2008, by which time Plaintiffs had already filed their present motion to compel production of documents.

4. Based on Plaintiffs' motion and a number of ensuing telephone conversations, the parties have been able to clarify their respective positions and interpretations with respect to Plaintiffs' request for production. Plaintiffs clarified that their request for audio recordings included recordings made during the investigation of Plaintiffs' complaint.

5. On April 14, 2008, I sent Plaintiffs a letter stating that the City would determine whether any such complaint-related recordings exist and produce them as applicable. The letter also stressed that, other than such recordings, the City had already produced or identified all other responsive materials. A true and correct copy of this letter is attached hereto as Exhibit E and incorporated by this reference.

6. Based on Plaintiffs' clarification of their document request, the City produced to Plaintiffs the following recordings on April 21, 2008: interview of plaintiff David Davis by Clearlake Police Capt. Larsen; tape recording and photographs of David Davis from August 3, 2006; interview of Plaintiffs on January 12, 2007; and interviews of Clearlake Police Officers Hobbs, Miller, Hardisty and Sgt. Celli of August 24, 2006. A true and correct copy of the City's Second Supplemental Response to Plaintiffs' Request for Production of Documents is attached hereto as Exhibit F and incorporated by this reference.

7. Plaintiffs clarified to me that their reference to "dispatch record" checks in requests # 7-13 seeks records of the Clearlake Police Officers' contacts with the Clearlake Police Department or other agencies while the stops of Plaintiffs were taking place. The City has provided all such records in its possession as part of its initial disclosure pursuant to F.R.C.P. 26(a). A true and correct copy of the

1  City's initial disclosure pursuant to F.R.C.P. 26(a) is attached hereto as Exhibit A and incorporated by this reference. The records responsive to Plaintiffs' request for "dispatch records" were included in this disclosure, and are referenced on page 1 of the disclosure as documents Bates-stamped CLE0001 through CLE 0017. The City's reference to Lake County court records in its responses to Plaintiffs' request for production refers to all other materials associated with the citations issued, and was based on a misunderstanding of Plaintiffs' term "dispatch record."

8.  With respect to Plaintiffs' request for the production of audio, video and documents pertaining to Clearlake Police Officers' stops of Plaintiffs (requests # 1-6), the City has already produced responsive materials in its possession or stated that it does not have responsive documents in its possession. A true and correct copy of the City's Supplemental Response to Plaintiffs' Request for Production of Documents is attached hereto as Exhibit C and incorporated by this reference. The City produced documents associated with those stops as part of its initial disclosure pursuant to F.R.C.P. 26.

9.  A true and correct copy of Plaintiffs' Request for Production of Documents, which forms the basis for Plaintiffs' present motion, is attached hereto as Exhibit B and incorporated by this reference.

10. A true and correct copy of a March 6, 2008 Clearlake Police Department Interoffice Memorandum from Nicole Newton to Clearlake Police Lt. Michael Hermann is attached hereto as Exhibit D and incorporated by this reference. This memorandum was attached as Exhibit A to the City's Supplemental Response to Plaintiffs' Request for Production of Documents.

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 22nd day of April, 2008, in San Francisco, California

_____
DIRK D. LARSEN