EXHIBIT E

```
 1  DALE L. ALLEN, JR., # 145279
    DIRK D. LARSEN, #246028
 2  LOW, BALL & LYNCH
    505 Montgomery Street, 7th Floor
 3  San Francisco, California 94111-2584
    Telephone (415) 981-6630
 4  Facsimile (415) 982-1634

 5  Attorneys for Defendant
    CITY OF CLEARLAKE
 6  (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

 7
```

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>Defendants. | Case No. C 07-03365 EDL<br><br>DEFENDANT CITY OF CLEARLAKE'S 2nd SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, AND DOCUMENTS PRODUCED |

PROPOUNDING PARTIES:   Plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS

RESPONDING PARTY:      Defendant CITY OF CLEARLAKE

SET NO.:               ONE

**PRELIMINARY STATEMENT**

The following responses herein are based upon information known by the responding party at this time following a reasonable and good faith effort to obtain such information. Responding party has not completed their investigation of the facts relating to this case. There may be additional persons having knowledge of facts or records containing information which are presently unknown to responding party. Accordingly, additional or different information may be discovered and received which may require the answers and responses to be changed and/or supplemented.

**RESPONSE TO REQUEST NO. 1:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**RESPONSE TO REQUEST NO. 2:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**RESPONSE TO REQUEST NO. 3:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**RESPONSE TO REQUEST NO. 4:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**RESPONSE TO REQUEST NO. 5:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

**RESPONSE TO REQUEST NO. 6:**

After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

office memorandum from Nicole Newton of the Records Department concerning the search for audio records.

RESPONSE TO REQUEST NO. 7:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 8:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 9:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 10:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

//
//

RESPONSE TO REQUEST NO. 11:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 12:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 13:

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in the possession of the defendants.

RESPONSE TO REQUEST NO. 14:

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement, see attached Exhibit K, a copy of the tape recording of the interview of plaintiff David Davis by Capt. Larsen.

RESPONSE TO REQUEST NO. 15:

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,

1  see attached Exhibit L, a tape recording and photographs of plaintiff David Davis on 8/3/2006.

2  RESPONSE TO REQUEST NO. 16:

3        Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving
4  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to
5  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,
6  see attached Exhibit M, CD-R of recorded interview of plaintiffs on 1/12/2007.

7  RESPONSE TO REQUEST NO. 17:

8        Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving
9  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to
10 the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,
11 see exhibit N, recorded interviews of Officers Hobbs, Miller, Hardisty and Sgt. Celli on 8/24/2006.

12 RESPONSE TO REQUEST NO. 18:

13       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving
14 the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to
15 the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

16 RESPONSE TO REQUEST NO. 19:

17       See Exhibit C, attached. After a reasonable search and diligent inquiry, no other documents were
18 located regarding Robert Chalk.

19 RESPONSE TO REQUEST NO. 20:

20       See Exhibit D, attached. After a reasonable search and diligent inquiry, no other documents were
21 located regarding Ronald Larsen.

22 RESPONSE TO REQUEST NO. 21:

23       See documents attached as Exhibit E.

24       Responding party objects to the production of "complaints" filed against Timothy Celli as
25 overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection,
26 a complaint was registered against Sgt. Celli on June 8, 2003, involving an off-duty encounter that
27 involved alcohol. The complainant was of African-American descent; there is no indication that the
28 complainant's race was a factor in the complained-of conduct.

1  RESPONSE TO REQUEST NO. 22:

2      See Exhibit F, attached. After a reasonable search and diligent inquiry, no other documents were
3  located regarding Lt. Michael Hermann.

4  RESPONSE TO REQUEST NO. 23:

5      See responsive documents attached as Exhibit G.

6      Responding party objects to the production of "complaints" filed against Tim Hobbs as
7  overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection,
8  the following complaints have been registered against Off. Hobbs in the last 5 years: December 28, 2007
9  - Rude behavior during a traffic stop. The complainant was of Caucasian descent. May 5, 2007- Verbally
10 abusive during traffic stop; false arrest and excessive force during arrest. The complainant was of
11 Caucasian descent. April 26, 2004 - Unprofessional conduct during the investigation of a child custody
12 dispute.

13 RESPONSE TO REQUEST NO. 24:

14     See responsive documents attached as Exhibit H.

15     Responding party objects to the production of "complaints" filed against T.W. Miller as
16 overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection,
17 a complaint was registered against Off. Miller on July 30 and August 27, 2007 for discourteous and
18 unprofessional behavior during traffic stops of the same individual, a person of American Indian descent.
19 November 11, 2007- A complaint was registered against Off. Miller for discourteous behavior during
20 investigation of the residence of a registered sex offender. The complainant was of Hispanic descent.

21 RESPONSE TO REQUEST NO. 25:

22     See responsive documents attached as Exhibit I.

23 RESPONSE TO REQUEST NO. 26:

24     See responsive documents attached as Exhibit J.

25     Responding party objects to the production of "complaints" filed against Officer Sarah Hardisty
26 as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the
27 //
28 //

objection, a complaint was registered against Off. Hardisty on May 22, 2007 for failure to follow police procedures during the investigation of a 911 hang-up.

Dated: April 21, 2008

                                          LOW, BALL & LYNCH

                                          By _____
                                               DALE L. ALLEN, JR.
                                               DIRK D. LARSEN
                                               Attorneys for Defendant
                                               CITY OF CLEARLAKE

# PROOF OF SERVICE

**Action: David Davis and Page Gearhart-Davis v. Clearlake Police Department**
U.S.D.C./Northern District Case No. C-07-03365 EDL

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following documents enclosed in a sealed envelope on the listed addresses:

**DOCUMENT:** DEFENDANT CITY OF CLEARLAKE'S 2nd SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, AND DOCUMENTS PRODUCED

**ADDRESSES:**
David Davis and Page Gearhart -Davis
P.O. Box 3225
Clearlake, CA 95422
Tel: 707-995-0749; Fax: 707-994-0987
Plaintiffs In Pro Se

[X] **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ] **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ] **(BY FACSIMILE)** I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ] **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

[ ] **(BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED)** I placed a true copy, enclosed in a sealed, postage-paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on April 21, 2008.

M. Kathryn Mansfield

-1-

PROOF OF SERVICE

J:\1427\sf0001\Spos.wpd

## PROOF OF SERVICE

**Action: David Davis and Page Gearhart-Davis v. Clearlake Police Department**
**U.S.D.C./Northern District Case No. C-07-03365 EDL**

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following documents enclosed in a sealed envelope on the listed addresses:

**DOCUMENT:** DEFENDANT CITY OF CLEARLAKE'S 2nd SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS, AND DOCUMENTS PRODUCED

**ADDRESSES:**
David Davis and Page Gearhart -Davis
P.O. Box 3225
Clearlake, CA 95422
Tel: 707-995-0749; Fax: 707-994-0987
Plaintiffs In Pro Se

[X] **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ] **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ] **(BY FACSIMILE)** I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ] **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

[ ] **(BY CERTIFIED MAIL/RETURN RECEIPT REQUESTED)** I placed a true copy, enclosed in a sealed, postage-paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California on April 21, 2008.

M. Kathryn Mansfield