```
 1  DAVID DAVIS and PAGE GEARHART-DAVIS            FILED
    PRO SE
 2  PO BOX 3225                                    08 APR 30 PM 1:38
    CLEARLAKE, CA 94522
 3  (707) 995-0749                                 RICHARD W. WIEKING
                                                   CLERK, U.S. DISTRICT COURT
 4                                                 NORTHERN DISTRICT OF CALIFORNIA

 5                    IN THE UNITED STATES DISTRICT

 6                   THE NORTHERN DISTRICT OF CALIFORNIA

 7                         SAN FRANCISCO DIVISION

 8

 9  DAVID DAVIS and PAGE GEARHART-DAVIS,    Case No.: C 07-03365 EDL

10         Plaintiff(s),                    REPLY BRIEF IN SUPPORT OF MOTION TO
                                            COMPEL PRODUCTION OF WITHHELD
11  vs.                                     DOCUMENTS & OFFICERS PERSONNEL RECORDS

12  CLEARLAKE POLICE DEPARTMENT,            Date:  May 13, 2008
                                            Time:  9:00 a.m.
13         Defendant(s)

14
```

15      The Plaintiff(s) to the above-entitled action jointly submit this Reply

16  Brief in Support of Motion to Compel Production of Withheld Documents &

17  Officers Personnel Records.

18      Plaintiff Page Gearhart-Davis, conferred with Defendant(s) attorney, Dirk

19  Larson, on April 8, 2008 regarding the issues in Plaintiff(s) Motion to

20  Compel Production of Withheld Documents & Officers Personnel Records.  Dirk

21  Larson said he would be requesting the audio from his clients and would

22  produce such audio if in fact it still existed.  We also discussed about the

23  complaints Defendant(s) referred to in Defendant City of Clearlake's

24  Supplemental Response to Plaintiffs' Request for Production of Documents, and

25  Documents Produced.  I explained to Dirk Larson that we were requesting the

    original complaints filed within the last five years, whether determined to

                                    - 1 -

be unfounded or not, relating to harassment, racial profiling or other similar conduct, as stipulated in court on March 4, 2008 and in the Court's Order Granting in Part Plaintiffs' Motion to Compel, dated March 6, 2008. Dirk Larson said Defendant(s) had turned over complaints they felt were relevant to the case.

On April 17, 2008, Plaintiff Page Gearhart-Davis, again conferred with Defendant(s) attorney, Dirk Larson, about the disputed items in Defendant(s) response. Dirk Larson said their clients had turned over some audio and once Dale Allen was done reviewing them they would turn over any audio that was relevant to the case that was not privileged. We again discussed about complaints filed against the Clearlake Police Officers. I explained to Dirk Larson we were requesting copies of the original complaints filed because they were relevant to our claim and to establish a pattern.

On April 21, 2008 Defendant(s) submitted their second Supplemental Response to Plaintiffs' Request for Production of Documents, and Documents Produced along with some of the audio originally requested in Plaintiff(s) Request for Documents, filed on December 11, 2007.

DISCOVERY REQUESTS STILL DISPUTED & RESPONSE

1. **Plaintiff(s) 4th Request:**

   Documents, video from patrol car(s) and audio from officer(s) on 9-27-06 pertaining to Ticket#52021, Case#60927062 by Timothy Celli and Timothy Hobbs.

   **Defendant(s) 4th Response:**

   After a reasonable search and diligent inquiry, no documents were located responsive to this request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum

1 | from Nicole Newton of the Records Department concerning the search for
2 | audio records.

3 | **Withheld Responsive Information:**

4 | Defendant(s) produced no documents in their FRCP 26 regarding this
5 | request. Plaintiff(s) request the Defendant(s) to Admit that there are
6 | no documents, video, and audio regarding this request other than
7 | defendants Exhibit A.

8 | 2. **Plaintiff(s) 5th Request:**

9 | Documents, video from patrol car(s) and audio from officer(s) on 9-
10 | 27-06 pertaining to Ticket#52022, Case#60927062 by Timothy Celli and
11 | Timothy Hobbs.

12 | **Defendant(s) 5th Response:**

13 | After a reasonable search and diligent inquiry, no documents were
14 | located responsive to this request, that has not already been produced
15 | pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum
16 | from Nicole Newton of the Records Department concerning the search for
17 | audio records.

18 | **Withheld Responsive Information:**

19 | Defendant(s) produced no documents in their FRCP 26 regarding this
20 | request. Plaintiff(s) request the Defendant(s) to Admit that there are
21 | no documents, video, and audio regarding this request other than
22 | defendants Exhibit A.

23 | 3. **Plaintiff(s) 6th Request:**

24 | Documents, video from patrol car(s) and audio from officer(s) on 12-
25 | 27-06 pertaining to Ticket#52310 by Timothy Celli and Officer Labbe.

1 **Defendant(s) 6th Response:**

2 After a reasonable search and diligent inquiry, no documents were
3 located responsive to this request, that has not already been produced
4 pursuant to FRCP 26. Attached as Exhibit A is an interoffice memorandum
5 from Nicole Newton of the Records Department concerning the search for
6 audio records.

7 **Withheld Responsive Information:**

8 Defendant(s) produced no documents in their FRCP 26 regarding this
9 request. Plaintiff(s) request the Defendant(s) to Admit that there are
10 no documents, video, and audio regarding this request other than
11 defendants Exhibit A.

12 4. **Plaintiff(s) 7th Request:**

13 Dispatch record check from 8-2-06 pertaining to Ticket#49299,
14 Case#6080206.

15 **Defendant(s) 7th Response:**

16 After a reasonable search and diligent inquiry, no documents were
17 found in the police files pertaining to this request that has no already
18 been produced pursuant to FRCP 26. In Plaintiffs request they ask for
19 the "dispatch" record on the traffic citation, but the only other record
20 of the traffic citation would be the court file which is in possession of
21 the County of Lake Court Records. There is no other "dispatch" record in
22 possession of the defendants.

23 **Withheld Responsive Information:**

24 Defendant(s) produced no documents in their FRCP 26 regarding this
25 request. Plaintiff(s) called Marlene at the Lake County Court Records on
4-1-08 regarding dispatch records and were told that all traffic court

- 4

1   files were kept in the Lake County Superior Court, Traffic Division.
2   Marlene also stated that any dispatch records would be kept with the
3   issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior
4   Court, Traffic Division on 4-1-08 regarding dispatch records and were
5   told dispatch records are kept with the issuing agency. Plaintiff(s)
6   request the Defendant(s) to admit that there is no dispatch record
7   regarding this request.

8   5. **Plaintiff(s) 10th Request:**

9   Dispatch record check from 9-27-06 pertaining to Ticket#52021,
10  Case#60927062.

11  **Defendant(s) 10th Response:**

12  After a reasonable search and diligent inquiry, no documents were
13  found in the police files pertaining to this request that has no already
14  been produced pursuant to FRCP 26. In Plaintiffs request they ask for
15  the "dispatch" record on the traffic citation, but the only other record
16  of the traffic citation would be the court file which is in possession of
17  the County of Lake Court Records. There is no other "dispatch" record in
18  possession of the defendants.

19  **Withheld Responsive Information:**

20  Defendant(s) produced no documents in their FRCP 26 regarding this
21  request. Plaintiff(s) called Marlene at the Lake County Court Records on
22  4-1-08 regarding dispatch records and were told that all traffic court
23  files were kept in the Lake County Superior Court, Traffic Division.
24  Marlene also stated that any dispatch records would be kept with the
25  issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior
    Court, Traffic Division on 4-1-08 regarding dispatch records and were

told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

6. **Plaintiff(s) 11th Request:**

Dispatch record check from 9-27-06 pertaining to Ticket#52022, Case#60927062.

**Defendant(s) 11th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in possession of the defendants.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

7. **Plaintiff(s) 12th Request:**

Dispatch record check from 12-27-06 pertaining to Ticket#52310.

**Defendant(s) 12th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already been produced pursuant to FRCP 26. In Plaintiffs request they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation would be the court file which is in possession of the County of Lake Court Records. There is no other "dispatch" record in possession of the defendants.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

8. **Plaintiff(s) 13th Request:**

Dispatch record check from 12-27-06 pertaining to David Davis.

**Defendant(s) 13th Response:**

After a reasonable search and diligent inquiry, no documents were found in the police files pertaining to this request that has no already

1  been produced pursuant to FRCP 26. In Plaintiffs request they ask for
2  the "dispatch" record on the traffic citation, but the only other record
3  of the traffic citation would be the court file which is in possession of
4  the County of Lake Court Records. There is no other "dispatch" record in
5  possession of the defendants.

**Withheld Responsive Information:**

Defendant(s) produced no documents in their FRCP 26 regarding this request. Plaintiff(s) called Marlene at the Lake County Court Records on 4-1-08 regarding dispatch records and were told that all traffic court files were kept in the Lake County Superior Court, Traffic Division. Marlene also stated that any dispatch records would be kept with the issuing agency. Plaintiff(s) called Kathleen at the Lake County Superior Court, Traffic Division on 4-1-08 regarding dispatch records and were told dispatch records are kept with the issuing agency. Plaintiff(s) request the Defendant(s) to admit that there is no dispatch record regarding this request.

9. **Plaintiff(s) 14th Request:**

Documents, video and audio from complaint given on 8-3-06 by David Davis and Page Gearhart-Davis to Ronald Larson.

**Defendant(s) 14th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56. In supplement, see attached Exhibit K, a copy of the tape recording of the interview of plaintiff David Davis by Capt. Larsen.

- 8


**Withheld Responsive Information:**

Defendant(s) exhibit K contains Sgt. Celli's recording of 8-3-06 on Side A. Side B is blank. There is no recording of the complaint given to Ronald Larson by David Davis and Page Gearhart-Davis on 8-3-06.

10. **Plaintiff(s) 18th Request:**

Details of Investigation# I.A 01-12-07/90.

**Defendant(s) 18th Response:**

Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47,56.

**Withheld Responsive Information:**

Audio taken by Sgt. Celli referenced on IO Memo taken in January to the Chief from Sgt. Herman, Exhibit B, Bates Stamp CLE 0052- CLE 0056. Also referenced in letter from Celli to Herman Re Incident#70117042, Exhibit B, Bates Stamp CLE 0058. Pictures taken of Sgt. Celli referenced on IO Memo taken in January to the Chief from Sgt. Herman, Exhibit B, Bates Stamp CLE 0052- CLE 0056.

11. **Plaintiff(s) 21st Request:**

Complete service record and complaints filed on Timothy Celli.

**Defendant(s) 21st Response:**

See documents attached as Exhibit E. Responding party objects to the production of "complaints" filed against Timothy Celli as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Sgt. Celli on

1  June 8, 2003, involving an off-duty encounter that involved alcohol. The
2  complainant was of African-American descent; there is no indication that
3  the complaint's race was a factor in the complained-of conduct.
4  **Withheld Responsive Information:**
5  Plaintiff(s) are requesting all initial complaints or reports of
6  complaints, whether determined to be unfounded or not, relating to
7  harassment, racial profiling, or similar conduct within the last five
8  years as stated in open court.
9  12. **Plaintiff(s) 23rd Request:**
10  Complete service record and complaints filed on Timothy Hobbs.
11  **Defendant(s) 23rd Response:**
12  See documents attached as Exhibit G.  Responding party objects to
13  the production of "complaints" filed against Tim Hobbs as overbroad and
14  not likely to lead to the discovery of admissible evidence.  Without
15  waiving the objection, the following complaints have been registered
16  against Off. Hobbs in the last 5 years: December 28, 2007-Rude behavior
17  during a traffic stop.  The complainant was of Caucasian descent.  May 5,
18  2007- Verbally abusive during a traffic stop; false arrest and excessive
19  force during arrest.  The complainant was of Caucasian descent.  April
20  26, 2004- Unprofessional conduct during the investigation of a child
21  custody dispute.
22  **Withheld Responsive Information:**
23  Plaintiff(s) are requesting all initial complaints or reports of
24  complaints, whether determined to be unfounded or not, relating to
25  harassment, racial profiling, or similar conduct within the last five
years as stated in open court.

13. **Plaintiff(s) 24th Request:**

   Complete service record and complaints filed on T.W. Miller.

   **Defendant(s) 24th Response:**

   See documents attached as Exhibit H. Responding party objects to the production of "complaints" filed against T.W. Miller as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Off. Miller on July 30 and August 27, 2007 for discourteous and unprofessional behavior during traffic stops of the same individual, a person of American Indian descent. November 11, 2007- A complaint was registered against Off. Miller for discourteous behavior during investigation of the residence of a registered sex offender. The complainant was of Hispanic descent.

   **Withheld Responsive Information:**

   Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

14. **Plaintiff(s) 26th Request:**

   Complete service record on and complaints filed Officer Hardesty.

   **Defendant(s) 26th Response:**

   See documents attached as Exhibit J. Responding party objects to the production of "complaints" filed against Officer Sarah Hardisty as overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection, a complaint was registered against Off. Hardisty on May 22, 2007 for failure to follow police procedures during the investigation of a 911 hang-up.

**Withheld Responsive Information:**

Plaintiff(s) are requesting all initial complaints or reports of complaints, whether determined to be unfounded or not, relating to harassment, racial profiling, or similar conduct within the last five years as stated in open court.

Defendant(s) briefly identified the nature of some complaints filed against officers as well as providing the ethnicity of the complainant. Plaintiff(s) never requested only complaints relating to racial issues, nor did they only request for a short description of the claim filed.

In Defendant(s) 2nd Supplemental Response to Plaintiffs' Request for Documents, and Documents Produced, Response No. 21 (Page 5, Line 22-28), regarding complaints filed against Timothy Celli, Clearlake Police Officer Brady came to Plaintiff(s) home on August 18, 2007 and explained the nature of one of Sgt. Celli's complaints that involved being in some sort of establishment which involved Sgt. Celli brandishing a firearm on a individual, as well as alcohol also being involved. Plaintiff(s) believe the scenario described to them by Officer Brady is the same complaint described in Defendant(s) Response. Plaintiff(s) further stipulate that this incident shows how Clearlake Police Officers are not held accountable for their actions whether criminal or civil.

In Defendant(s) Response No. 23 (Page 6, Line 4-12), regarding complaints filed against Timothy Hobbs, Defendant(s) briefly describe a complaint filed on 12-28-07 in which Officer Hobbs expressed rude behavior during a traffic stop. Another complaint briefly described was filed on 5-5-07 in which Officer Hobbs was verbally abusive during a traffic stop, falsely

1 detained someone, and used excessive force during the arrest. The last
2 complaint Defendant(s) briefly described about Officer Hobbs was filed on 4-
3 26-04 for unprofessional conduct. Plaintiff(s) stipulate that all three of
4 these complaints are similar in nature to their complaint and there for are
5 relevant to their claim.
6     In Defendant(s) Response No. 24 (Page 6, Line 13-20), regarding
7 complaints filed against T.W. Miller, Defendant(s) briefly describe two
8 separate complaints filed by the same individual on 7-30-07 and 8-27-07 for
9 discourteous and unprofessional behavior during traffic stops. Another
10 complaint briefly described was filed on 11-11-07 involving discourteous
11 behavior during the investigation of a residence. Plaintiff(s) also
12 stipulate that all three of these complaints are similar in nature to their
13 complaint and there for relevant to their claim.
14     In Defendant(s) Response No. 26 (Page 6, Line 23-26 continuing on Page 7,
15 Line 1-2), regarding a complaint filed on Officer Hardisty, Defendant(s)
16 briefly describe a complaint filed on 5-22-07 for failure to follow police
17 procedures during the investigation of a 911 hang-up. Plaintiff(s) stipulate
18 that the nature of this claim is also similar in nature to their complaint
19 and there for relevant to their claim.
20     On August 18, 2007 Officer Brady came to Plaintiff(s) home and stated
21 Sgt. Celli was involved in an incident involving alcohol as well as
22 brandishing a firearm on a citizen whom ended up filing a complaint against
23 Sgt. Celli. Officer Brady also mentioned that Sgt. Celli as well as Officer
24 Hobbs had numerous complaints filed against them.
25     Lt. Michael Herman, whom is a representative of the City of Clearlake for
Defendant(s), verified that the Defendant City of Clearlake's Supplemental

1  Response to Plaintiffs' Request for Production of Documents, and Documents
2  Produced are true and correct.  Plaintiff(s) are well aware of other
3  complaints that have been filed, but withheld by Defendant(s).  In August
4  2006, Anthony Williams, filed a complaint against T.W. Miller, in which
5  Anthony Williams was pulled over, cited and Officer Miller yanked roughly on
6  his colostomy bag.  Mr. Williams was then hand cuffed while Officer Miller
7  laughed about yanking his colostomy bag.  Anthony Williams also experienced
8  continued harassment after filing his claim from the Clearlake Police
9  Department. (Exhibit B in Declaration of Plaintiff(s), also previously
10 referenced in Plaintiff(s) Initial Disclosures, Page 3, Line 23-24)

11     In Defendant(s) Opposition to Plaintiffs' Motion to Compel Production of
12 Withheld Documents & Officers' Personnel Records, filed on 4-22-08,
13 Defendant(s) state that Lt. Michael Herman had previously understood that
14 Plaintiff(s) request for audio to encompass only the recordings made in the
15 patrol cars.  Plaintiff(s) clearly stated in their Request for Documents,
16 documents, video, and audio from all traffic stops.

17     In Defendant(s) Opposition to Plaintiffs' Motion, Defendant(s) allege
18 that they did not understand the term "dispatch record" referenced in
19 Plaintiff(s) Request for Documents.  However, Defendant(s) submitted one
20 dispatch record from 8-3-06 with Defendant(s) Initial Disclosures on 2-22-08.
21 In Defendants Opposition Motion Defendant(s) claim Plaintiff(s) mistakenly
22 believed that the Lake County court file would contain dispatch records when
23 Defendant(s) clearly stipulated that the dispatch record was in the County of
24 Lake Court Records in Defendant(s) Supplemental Response to Plaintiffs'
25 Request for Production of Documents.  According to Marlene at the Lake County

1  Court Records and Kathleen at the Lake County Superior Court, Traffic
2  Division, dispatch records are kept at the issuing agency.
3      Furthermore with all respect, Defendant(s) stated in their Opposition to
4  Plaintiffs' Motion, that the City official who complied the information did
5  not understand Plaintiff(s) request to encompass recordings made during the
6  complaint and interview process when our Request for Documents clearly stated
7  documents, video and audio from complaints given as well as details of the
8  investigations. Defendant(s) also clearly stated in their Response to
9  Plaintiffs' Request for Documents, Set One, filed 3-14-08, that responding
10 party would produce responsive documents.
11     Plaintiff(s) David Davis and Page Gearhart-Davis request the court to
12 compel the production of withheld documents and officers personnel records
13 pursuant to Federal Rules of Evidence 1043 as "personnel records" defined
14 under California Penal Code 832.8.

17 Dated this 29th day of April, 2008     Respectfully Submitted,

20     DAVID DAVIS and
21     PAGE GEARHART-DAVIS