DALE L. ALLEN, JR., # 145279
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634
dallen@lowball.com
dlarsen@lowball.com

Attorneys for Defendant
CITY OF CLEARLAKE
(erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>Defendants. | Case No. C 07-03365 EDL<br><br>DEFENDANT CITY OF CLEARLAKE'S CASE MANAGEMENT STATEMENT AND PROPOSED ORDER<br><br>Date:        May 13, 2008<br>Time:       9:00 a..m.<br>Courtroom: E, 15th Floor<br>Judge:      Hon. Elizabeth D. LaPorte<br><br>Trial date:   November 10, 2008 |

Defendant CITY OF CLEARLAKE ("Defendant"), through its counsel, submits the following case management statement in advance of the May 13, 2008 case management conference:

**DESCRIPTION OF THE CASE**

1.      A brief description of the events underlying the action:

This complaint arises out of an allegation of police misconduct. Plaintiffs raise a multitude of claims arising out of a two traffic stops in successive nights as well as a third stop a few months later. The nub of the allegations is that the officers employed by Defendant evidenced racial animus toward plaintiff Dave Davis and retaliation for Plaintiffs' complaints regarding officer conduct, that all of their subsequent actions were the direct result of the animus and/or retaliation, and that the officers conspired

to create pretextual reasons to enforce traffic code regulations to harass and arrest Plaintiffs. Defendant categorically denies each and every claim and asserts that the officers involved in the three incidents acted appropriately to the violations they observed in the course and scope of their employment.

2. The principal factual issues which the parties dispute:

The factual issues in dispute are whether the officers observed traffic violations, detained plaintiff Davis appropriately while investigating the violations, and issued citations to (arrested) Plaintiffs in accordance with the violations.

3. The principal legal issues which the parties dispute:

Plaintiffs dispute the legal basis for the arrest and use of force. Plaintiffs allege that the actions of the officers lacked probable cause for arrest and that the officers violated their constitutional rights under the Fourth, Fifth and Fourteenth Amendments. Plaintiffs also allege that Defendant's officers were motivated by racial animus and retaliatory intent. Defendant asserts that the officers involved in the three incidents acted appropriately to the violations they observed in the course and scope of their employment, and that no constitutional violations occurred.

4. The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:

There are no unresolved factual issues regarding service of process, jurisdiction, etc.

5. The parties which have not been served and the reasons:

All parties have been served and have appeared. There are no additional parties to be joined.

6. The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:

Not applicable.

**CONSENT TO MAGISTRATE JUDGE FOR TRIAL**

7. The following parties consent to assignment of this case to a United States Magistrate Judge for trial:

All parties have consented to the assignment of this case to a Magistrate Judge for trial.

**ALTERNATIVE DISPUTE RESOLUTION**

8. The parties have already been assigned to a settlement conference to be held before the

1  Hon. Maria-Elena James, U.S. Magistrate Judge, on June 6, 2008.

2      9.    The ADR process to which the parties jointly request referral:

3  Not applicable (see No. 8, above).

## DISCLOSURES

5      10.    The parties certify that they have made the following disclosures:

6  The parties have made initial disclosures pursuant to F.R.C.P.26(a)(1)(A). Defendant has responded to Plaintiffs' request for production of documents, and Plaintiffs have filed a motion to compel further responses; said motion is to be heard on the same day as the case management conference. Defendants have served interrogatories and requests for admission on Plaintiffs, and are currently evaluating the sufficiency of Plaintiffs' responses. Plaintiffs' have directed interrogatories and requests for admissions to Defendant's employees, who are not named as defendants in this action.

## DISCOVERY

13      11.    The Court ordered the following discovery plan following the case management conference of November 13, 2007:

15      a. All non-expert discovery shall be completed no later than June 23, 2008. There will be no further non-expert discovery after that date except by order of the Court for good cause shown. Motions to compel non-expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

19      b. Each side shall be limited to ten depositions. Each party may propound twenty-five requests for documents, interrogatories and requests for admission on each opposing party.

21      c. Initial expert disclosures shall be made no later than August 12, 2008. Rebuttal expert disclosures shall be made no later than August 26, 2008. All treating physicians who will provide opinion testimony beyond that which can be provided by a lay person must be disclosed as expert witnesses, but they need not prepare expert reports unless ordered to do so by the Court.

25      d. All expert discovery shall be completed no later than September 9, 2008. There will be no further expert discovery after that date except by order of the Court for good cause shown. Motions to compel expert discovery must be filed within the time limits contained in Civil Local Rule 26-2.

28  Defendant requests that any discovery of the personnel files of Defendant's officers be subject to a

protective order confining use of information to this case, and any dispute over what should be released in discovery be subject to in camera review by the court with pertinent objections for appropriate redaction of material subsequently released.

## TRIAL SCHEDULE

12. The trial date in this matter is set for November 10, 2008, at 8:30 a.m.

13. Defendant expects that the trial will last for the following number of days: Five to seven court days.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Dated: May 6, 2008.

LOW, BALL & LYNCH

By_____
DALE L. ALLEN, JR.
DIRK D. LARSEN
Attorneys for Defendant
CITY OF CLEARLAKE

## DECLARATION OF DIRK D. LARSEN

I, DIRK D. LARSEN, declare as follows:

1. I have personal knowledge of the following facts, and could and would testify competently thereto if called upon to do so.

2. I am an attorney at law duly licensed to practice before all courts of the State of California and before the United States District Court for the Northern District of California, and am an associate employed by the law firm of Low, Ball & Lynch, attorneys of record herein for defendant CITY OF

1 CLEARLAKE.

2     3.    In early April 2008, I spoke with plaintiff PAGE GEARHART-DAVIS regarding a joint case management statement for the May 13, 2008 case management conference. I proposed to Ms. Davis that I draft a case management statement that the parties would file jointly if they could agree on its contents. I gave a copy of this draft to Dale L. Allen, Esq., lead counsel for defendant, for him to take to the depositions of plaintiffs, which took place on May 6, 2008, to discuss any changes to the statement and obtain their signatures. On that same date, I learned that plaintiffs had already filed a separate case management statement. Accordingly, defendant City of Clearlake is also filing a separate case management statement.

    I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

    Executed this 6th day of May, 2008, in San Francisco, California.

                                                                     DIRK D. LARSEN

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as Case Management Order for the case and the parties are ordered to comply with this order.

In addition, the Court orders:

Plaintiffs are ordered to serve a copy of this order on any party subsequently joined in this action.

Dated: _____.

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge