IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID DAVIS, et al.,

   Plaintiffs,

 v.

CLEARLAKE POLICE DEPT.,

   Defendant.

           /

No. C-07-03365 EDL

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL**

On April 7, 2008, Plaintiffs filed a motion to compel production of documents. The matter was fully briefed, and the Court held a hearing on May 13, 2008 during which the Court heard argument from both parties. As stated at the hearing and in this order, Plaintiffs' motion is granted in part.

Plaintiffs seek further responses to their requests for production of documents numbers four, five and six seeking documents, video from patrol cars and audio recordings from officers on certain dates relating to traffic citations given to Plaintiffs. In a declaration submitted in opposition to Plaintiffs' motion and at the hearing, Defendant's counsel stated that the City had already produced responsive materials or stated that it did not have responsive documents. See Larsen Decl. ¶ 8; Ex. C at 2-3, Ex. D. Also at the hearing, however, Defendant stated that a personal (not official) tape recording may have been made by an officer which may still exist, which Defendant has searched for but so far has been unable to locate. Defendant shall continue to search for that personal recording. Defendant shall also provide to Plaintiffs a declaration(s) from the person most knowledgeable about the search done for responsive documents and video or audio recordings and

1  stating that all documents and recordings have been produced, if that is the case. In addition,
2  Plaintiffs may propound a request for admission regarding production of recordings.

3  Plaintiffs stated at the hearing that they also have an audio recording of one of their
4  interactions with police officers. Plaintiffs shall produce a copy of that recording to Defendant, but
5  given their stated concerns that any recording (whether theirs or the officer's that Defendant says is
6  missing) may be altered, the parties shall file a stipulation with the Court acknowledging the date on
7  which Plaintiffs provide the tape to Defendant.

8  Plaintiffs also seek further responses to requests for production seven, ten, eleven, twelve
9  and thirteen regarding dispatch records. In its opposition, Defendant stated that it had not previously
10 understood Plaintiffs' request for dispatch records, but that it now understand "dispatch record" to
11 mean any contemporaneous records of officers' contact with the police department or any other
12 agencies while the traffic stops were taking place. See Opp. at 3. Accordingly, Defendant stated
13 that their initial disclosures contain all such responsive documents, specifically, Bates numbers
14 CLE0001-CLE0017. Larsen Decl. ¶ 7, Ex. A. Plaintiffs state that those Bates stamped documents,
15 however, only cover August 3, 2006, whereas the requests for production sought records from
16 additional dates. Therefore, Defendant shall identify specific Bates stamp numbers and
17 corresponding dates for each dispatch document that has already been produced and shall search for
18 and produce any further responsive dispatch documents. Defendant shall provide to Plaintiffs a
19 declaration(s) from the person most knowledgeable about the search done for responsive dispatch
20 documents and stating that all documents have been produced, if that is the case. In addition,
21 Plaintiffs may propound a request for admission regarding production of dispatch documents.

22 In request for production fourteen, Plaintiffs seek documents, specifically recordings, from
23 an August 3, 2006 complaint by Plaintiffs to Ronald Larsen. Although Defendant argued in its
24 opposition that it has produced all responsive documents and recordings, Plaintiffs dispute that.
25 Accordingly, if Defendants have no further responsive documents, they shall provide to Plaintiffs a
26 declaration(s) from the person most knowledgeable about the search done for responsive documents
27 and stating that all documents have been produced, if that is the case. In addition, Plaintiffs may
28 propound a request for admission regarding production of documents regarding this complaint.

Plaintiffs also seek details of internal investigation #IA 01-12-07/90 (request for production eighteen) as well as complete service records for Officers Timothy Celli, Timothy Hobbs, T.W. Miller and Officer Hardisty (requests for production twenty-one, twenty-three, twenty-four and twenty-six). Defendants shall search for and produce any documents responsive to request for production eighteen. If Defendants have no further responsive documents, they shall provide to Plaintiffs a declaration(s) from the person most knowledgeable about the search done for documents and stating that all documents have been produced, if that is the case. With respect to the personnel files, the Court has agreed to examine <u>in camera</u> the excerpts from officers' personnel files that were withheld on the privilege log. The Court will review the excerpts from the files to determine if the documents are discoverable in this case. The Court will issue a separate order regarding those documents. Any production of personnel records would be subject to a protective order that the information shall only be used for this litigation. After the Court rules on the results of its <u>in camera</u> review, Defendant shall file a proposed protective order.

At the hearing, Defendant noted that Plaintiffs had served interrogatories on police officers who are not parties in this matter. Interrogatories may only be served on parties. <u>See</u> Fed. R. Civ. P. 33. Defendant stated that it would provide responses by the City of Clearlake based on its knowledge of the facts of this case, which is an acceptable response to Plaintiffs' interrogatories. If Plaintiffs believe that Defendant's responses are inadequate, they may file a motion to compel.

**IT IS SO ORDERED.**

Dated: May 13, 2008

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

3