FILED

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MAY 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

David Davis and Page Gearhart-Davis
PRO SE,

Plaintiff(s),

VS.

Clearlake Police Department

Defendant(s)

Case Number: **C 07-03365 EDL**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am over the age of eighteen and not a party to the above entitled action.

That on ___5/20/08___, I served a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail.

Low, Ball & Lynch
505 Montgomery Street, 7th Floor
San Francisco, CA 94111

1  DAVID DAVIS and PAGE GEARHART-DAVIS
   PRO SE
2  PO BOX 3225
   CLEARLAKE, CA 94522
3  (707)995-0749

4

5                      IN THE UNITED STATES DISTRICT

6                   THE NORTHERN DISTRICT OF CALIFORNIA

7                        SAN FRANCISCO DIVISION

8

9  DAVID DAVIS and PAGE GEARHART-DAVIS,    Case No.: **C 07-03365 EDL**

10            Plaintiff(s),              **REQUEST FOR ADMISSION TO DEFENDANT(S)**
                                         **CLEARLAKE POLICE DEPARTMENT -**
11       vs.                                        **SET ONE**

12  CLEARLAKE POLICE DEPARTMENT,

13            Defendant(s)

14

15       Propounding Party:  Plaintiff(s) David Davis & Page Gearhart-Davis

16       Responding Party:   Defendant(s) City of Clearlake

17  **INTRODCUCTION**

18       It is hereby requested that you admit or deny under oath within thirty

19  days, pursuant to Federal Rules of Civil Procedure, Rule 3, the following

20  requests for admission.

21       As a general rule, within 30 days after you are served with these

22  requests, you must serve your response on the asking party and serve copies

23  of the responses on all other parties to the action who have appeared.

24       A matter is admitted unless, within 30 days after being served, the

25  party to whom the request is directed serves on the requesting party a

                                    - 1

1  written answer or objection addressed to the matter and signed by the party
2  or its attorney.

3  If a matter is not admitted, the answer must specifically deny it or state in
4  detail why answering party cannot truthfully admit or deny it.  A denial,
5  must fairly respond to the substance of the matter; and when good faith
6  requires that a party qualify an answer or deny only a part of a matter, the
7  answer must specify the part admitted and qualify or deny the rest.  The
8  answering party may assert lack of knowledge or information as a reason for
9  failing to admit or deny only if the party states that it has made reasonable
10  inquiry and that the information it knows or can readily obtain is
11  insufficient to enable it to admit or deny.

12       The grounds for objecting to a request must be stated.  A party must
13  not object solely on the ground that the request presents a genuine issue for
14  trial.

15  **DEFENITIONS**

16  The following words in these interrogatories are defined as follows:

17     1. INCIDENT includes the circumstances and events surrounding the alleged
18        accident, injury or other occurrence or breach of contract giving rise
19        to this action or proceeding.

20     2. YOU OR ANYONE ACTING ON YOUR BEHALF includes you (responding party
21        listed above), your agents, your employees, your insurance companies,
22        their agents, their employees, your attorneys, your accountants, your
23        investigators, and anyone else acting on your behalf.

24     3. PERSON includes a natural person, firm, association, organization,
25        partnership, business, trust, corporation, or public entity.

- 2

1    4. DOCUMENT means a writing, as defined in Evidence Code section 250, and
2       includes the original or a copy of handwriting, typewriting, printing,
3       photostating, photographing, and every other means of recording upon
4       any tangible thing or form of communicating or representation,
5       including letters, words, pictures, sounds, or symbols, or combinations
6       of them.

7    5. ADRESS means the street address, including the city, state, and zip
8       code.

9    6. IDENTIFY, when used with respect to a PERSON, means to provide that
10      PERSON'S present name, ADRESS, and telephone number.

11   7. IDENTIFY, when used with regard to a DOCUMENT, means to describe the
12      DOCUMENT, including enough detail with regard to its title (if any) and
13      contents to give a third party who is unfamiliar with the DOCUMENT
14      information sufficient to isolate that DOCUMENT from other DOCUMENTS
15      and to give the third party a general idea regarding the form and
16      contents of the DOCUMENT.

17   8. IDENTIFY, when used with regard to claim, means to provide the claim
18      number, a brief statement of the claim sufficient to give a third party
19      who is unfamiliar with the claim a general idea regarding the subject
20      of the claim, the amount of damages claimed, the date upon which the
21      claim was made, the identity of the person to whom the claim was made,
22      and the identity of the person by whom the claim was made.

23   **REQUESTS FOR ADMISSION**

24   1. Request No. 1:   Admit that YOU have no audio from 8-2-06,
25      Case#6080206.

- 3

2.  Request No. 2:  Admit that YOU have no video from 8-2-06,
    Case#6080206.

3.  Request No. 3:  Admit that YOU have no dispatch record check from 8-2-
    06 pertaining to Ticket#49299, Case#6080206.

4.  Request No. 4:  Admit that YOU have no video from 8-3-06,
    Case#6080302.

5.  Request No. 5:  Admit that YOU have no audio from 9-27-06,
    Case#60927062.

6.  Request No. 6:  Admit that YOU have no video from 9-27-06,
    Case#60927062.

7.  Request No. 7:  Admit that YOU have no dispatch record check from 9-
    27-06 pertaining to Ticket#52021, Case#60927062.

8.  Request No. 8:  Admit that YOU have no dispatch record check from 9-
    27-06 pertaining to Ticket#52022, Case#60927062.

9.  Request No. 9:  Admit that YOU have no audio from 12-27-06 pertaining
    to Ticket#52310.

10. Request No. 10:  Admit that YOU have no video from 12-27-06 pertaining
    to Ticket#52310.

11. Request No. 11:  Admit that YOU have no dispatch record check from 12-
    27-06 pertaining to Ticket#52310.

12. Request No. 12:  Admit that YOU have Page Davis documented in your
    Clearlake Police Department Person Record as ANTI LAW ENFORCEMENT.

13. Request No. 13:  Admit that in Clearlake Police Department's
    Investigation IA#01-12-07/90 it stated that the audio Sgt. Celli took
    on 1-17-07 was downloaded to a CD which was then placed in IA#01-12-
    07/90 file.

- 4

1  14. Request No. 14:  Admit that prior to June 21, 2007 Clearlake Police

2  Officers whom were in training were allowed to ride by themselves in

3  their own Clearlake Police Patrol Cars with no working audio or video.

4

5  Dated this May 20, 2008                    Respectfully Submitted,

6

   DAVID DAVIS and PAGE GEARHART-DAVIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

- 5

1   DAVID DAVIS and PAGE GEARHART-DAVIS
    PRO SE
2   PO BOX 3225
    CLEARLAKE, CA 94522
3   (707) 995-0749

4

5                   IN THE UNITED STATES DISTRICT

6               THE NORTHERN DISTRICT OF CALIFORNIA

7                   SAN FRANCISCO DIVISION

8

9   DAVID DAVIS and PAGE GEARHART-DAVIS,    Case No.: **C 07-03365 EDL**

10          Plaintiff(s),              **MOTION TO SHORTEN TIME FOR RESONSE TO REQUEST FOR ADMISSION**

11      vs.

12  CLEARLAKE POLICE DEPARTMENT,

13          Defendant(s)

14

15      The Plaintiff(s) to the above-entitled action jointly submit this Motion

16  To Shorten Time For Response to Request for Admission.

17      On May 19, 2008 Plaintiff Page Gearhart-Davis spoke with Defendant(s)

18  counsel Dirk Larsen regarding Plaintiff(s) submission of Request for

19  Admission.   Plaintiff asked Defendant(s) counsel Dirk Larson about shortening

20  the time for Defendant(s) response to two weeks because of the upcoming

21  Settlement Conference on June 6,2008.   Dirk Larsen stated that he could not

22  commit to shortening the time for Defendant(s) response.

23      In Defendant(s) Response to Plaintiff(s) Request for Production of

24  Documents, Set One Defendant(s) with regard to dispatch stated: Responding

25  party will produce responsive documents.

- 1

1     In Defendant(s) Supplemental Response to Plaintiff(s) Request for
2 Production of Documents with regard to request for dispatch Defendant(s)
3 stated: After a reasonable search and diligent inquiry, no documents were
4 found in the police files pertaining to this request that has not already
5 been produced pursuant to FRCP 26.  The only dispatch record pertinent to
6 this request would be part of the court file which is in possession of the
7 County of Lake Court Records.  Then in Defendant(s) 2nd Supplemental Response
8 to Plaintiff(s) Request for Production of Documents Defendant(s) Defendant(s)
9 stated: After reasonable search and diligent inquiry, no documents were found
10 in the police files pertaining to this request that has not already been
11 produced pursuant to FRCP 26.  In Plaintiffs request they ask for the
12 "dispatch" record on the traffic citation, but the only record of the traffic
13 citation would be the court file which is in possession of the County of Lake
14 Court Records.  There is no other "dispatch" record in the possession of the
15 defendants.  Defendant(s) only submitted dispatch from 8-3-06 with their
16 Initial Disclosures and when defendant contacted County of Lake Court Records
17 we were told dispatch information was kept with the issuing agency.  After
18 Plaintiff(s) filed Motion to Compel Production of Withheld Documents
19 Defendant now state they didn't understand what dispatch record meant.

20     At this point Plaintiff(s) have been given every excuse except the truth
21 in regards to dispatch record check.  Plaintiff(s) ask the court to shorten
22 the time for Defendant(s) to answer Plaintiff(s) Request for Admission to two
23 weeks from proof of service so they can finally receive the truth instead of
24 excuse.  Plaintiff(s) also requests the court not to schedule a hearing date
25 for this motion rather to either shorten the time or deny the request.

- 2

1

2    Dated this 20th day of May, 2008              Respectfully Submitted,

3

4

5                                                          Page Surret Dav

6                                          DAVID DAVIS and PAGE GEARHART-DAVIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  | DAVID DAVIS and PAGE GEARHART-DAVIS
   PRO SE
2  | PO BOX 3225
   CLEARLAKE, CA 94522
3  | (707)995-0749

4

5              IN THE UNITED STATES DISTRICT

6              THE NORTHERN DISTRICT OF CALIFORNIA

7                  SAN FRANCISCO DIVISION

8

9  | DAVID DAVIS and PAGE GEARHART-DAVIS,    Case No.: **C 07-03365 EDL**

10 |          Plaintiff(s),              **DECLARATION OF DAVID DAVIS AND PAGE GEARHART DAVIS, IN SUPPORT TO MOTION**

11 |     vs.                            **TO SHORTEN TIME FOR RESONSE TO REQUEST FOR ADMISSION**

12 | CLEARLAKE POLICE DEPARTMENT,

13 |          Defendant(s)

14

15 | We, David Davis and Page Gearhart-Davis, declare as follows:

16 | 1. We have personal knowledge of the following facts, and could and would

17 | testify competently thereto if called upon to do so.

18 | 2. On March 14,2008 Defendant(s) said they would produce responsive

19 | documents with regard to our request for dispatch record check.  Exhibit A

20 | (Response 7-13)

21 | 3. On March 25,2008 and April 25,2008 Defendant(s) said no documents were

22 | found in the police files pertaining to this request that had not already

23 | been produced and the only dispatch record request would be found in the

24 | County of Lake Records. Exhibit B & C (Response 7-13)

25

- 1

1    4. On April 22,2008 Defendant(s) said they previously misunderstood what

2    we meant by "dispatch record" check.  They also said we mistakenly

3    believed that Lake County Court would have "dispatch records".  Exhibit C

4    5. On April 1,2008 Plaintiff Page Gearhart-Davis was told by Marlene at

5    Lake County Court Records and Kathleen at Lake County Superior Court

6    Traffic Division that all dispatch records would be kept with the issuing

7    agency.

8    6. In open court on May 13,2008 Dale Allen stated that the recording Sgt.

9    Celli allegedly took on January 17,2008 was a personal recording that his

10   clients were still looking for.  In Clearlake Police Departments

11   Investigation IA#01-12-07/90 Mike Herman stated that the audio recording

12   was attached to the investigation.  Exhibit D

13

14   We swear under penalty of perjury under the laws of the State of

15   California that the foregoing is true and correct.

16

17   Executed this 20th day of May, 2008, in Clearlake, California

18

19

20                                    DAVID DAVIS and PAGE GEARHART-DAVIS

21   ,

22

23

24

25

- 2

1 DALE L. ALLEN, JR., # 145279
  DIRK D. LARSEN, #246028
2 LOW, BALL & LYNCH
  505 Montgomery Street, 7th Floor
3 San Francisco, California  94111-2584
  Telephone (415) 981-6630
4 Facsimile (415) 982-1634

5 Attorneys for Defendant
  CITY OF CLEARLAKE
6 (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7

8              IN THE UNITED STATES DISTRICT COURT FOR

9              THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12 DAVID DAVIS and PAGE GEARHART-DAVIS )    Case No. C 07-03365 EDL
   PRO-SE,                            )
13                                    )    DEFENDANT CITY OF
                         Plaintiffs,  )    CLEARLAKE'S RESPONSE TO
14                                    )    PLAINTIFFS' REQUEST FOR
         vs.                          )    PRODUCTION OF DOCUMENTS,
15                                    )    SET ONE
   CLEARLAKE POLICE DEPARTMENT,       )
16                                    )
                         Defendants.  )
17                                    )
   _____)
18

19    PROPOUNDING PARTIES:      Plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS

20    RESPONDING PARTY:         Defendant CITY OF CLEARLAKE

21    SET NO.:                  ONE

22                      **PRELIMINARY STATEMENT**

23        The following responses herein are based upon information known by the responding party at

24 this time following a reasonable and good faith effort to obtain such information. Responding party has

25 not completed their  investigation of the facts relating to this case. There may be additional persons

26 having knowledge of facts or records containing information which are presently unknown to responding

27 party. Accordingly, additional or different information may be discovered and received which may

28 require the answers and responses to be changed and/or supplemented.

-1-

1 | RESPONSE TO REQUEST NO. 1:

2 |     Responding party will produce responsive documents.

3 | RESPONSE TO REQUEST NO. 2:

4 |     Responding party will produce responsive documents.

5 | RESPONSE TO REQUEST NO. 3:

6 |     Responding party will produce responsive documents.

7 | RESPONSE TO REQUEST NO. 4:

8 |     Responding party will produce responsive documents.

9 | RESPONSE TO REQUEST NO. 5:

10 |     Responding party will produce responsive documents.

11 | RESPONSE TO REQUEST NO. 6:

12 |     Responding party will produce responsive documents.

13 | RESPONSE TO REQUEST NO. 7:

14 |     Responding party will produce responsive documents.

15 | RESPONSE TO REQUEST NO. 8:

16 |     Responding party will produce responsive documents.

17 | RESPONSE TO REQUEST NO. 9:

18 |     Responding party will produce responsive documents.

19 | RESPONSE TO REQUEST NO. 10:

20 |     Responding party will produce responsive documents.

21 | RESPONSE TO REQUEST NO. 11:

22 |     Responding party will produce responsive documents.

23 | RESPONSE TO REQUEST NO. 12:

24 |     Responding party will produce responsive documents.

25 | RESPONSE TO REQUEST NO. 13:

26 |     Responding party will produce responsive documents.

27 | RESPONSE TO REQUEST NO. 14:

28 |     Objection. This request seeks to obtain information protected by the privacy rights of Ronald

-2-

DEFENDANT CITY OF CLEARLAKE'S RESPONSES TO PLAINTIFFS' REQUEST FOR PRODUCTION, SET ONE
J:\1427\sf0001\Discovery\R-RPD-001.wpd                                                  Case No. C 07-03365 EDL

1 Larson, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

2 applicable privileges. Without waiving this objection, responding party will prepare the documents with

3 the applicable objections and submit them to the above-entitled court for in camera review. Following

4 such review, responding party will produce the documents ordered by the court to be produced, subject

5 to a protective order requiring their use only in the underlying action and their return or destruction at the

6 conclusion of the action.

7 RESPONSE TO REQUEST NO. 15:

8 Objection. This request seeks to obtain information protected by the privacy rights of Officer

9 Klausen, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well

10 as applicable privileges. Without waiving this objection, responding party will prepare the documents

11 with the applicable objections and submit them to the above-entitled court for in camera review.

12 Following such review, responding party will produce the documents ordered by the court to be

13 produced, subject to a protective order requiring their use only in the underlying action and their return

14 or destruction at the conclusion of the action.

15 RESPONSE TO REQUEST NO. 16:

16 Objection. This request seeks to obtain information protected by the privacy rights of Mike

17 Herman, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well

18 as applicable privileges. Without waiving this objection, responding party will prepare the documents

19 with the applicable objections and submit them to the above-entitled court for in camera review.

20 Following such review, responding party will produce the documents ordered by the court to be

21 produced, subject to a protective order requiring their use only in the underlying action and their return

22 or destruction at the conclusion of the action.

23 RESPONSE TO REQUEST NO. 17:

24 Objection. This request seeks to obtain information protected by the privacy rights of responding

25 party's past or present employees, and possibly other individuals, as guaranteed by the California and

26 U.S. Constitutions, as well as applicable privileges. Without waiving this objection, responding party

27 will prepare the documents with the applicable objections and submit them to the above-entitled court

28 for in camera review. Following such review, responding party will produce the documents ordered by

-3-

1  the court to be produced, subject to a protective order requiring their use only in the underlying action

2  and their return or destruction at the conclusion of the action.

3  RESPONSE TO REQUEST NO. 18:

4      Objection. This request seeks to obtain information protected by the privacy rights of responding

5  party's past or present employees, and possibly other individuals, as guaranteed by the California and

6  U.S. Constitutions, as well as applicable privileges. Without waiving this objection, responding party

7  will prepare the documents with the applicable objections and submit them to the above-entitled court

8  for in camera review. Following such review, responding party will produce the documents ordered by

9  the court to be produced, subject to a protective order requiring their use only in the underlying action

10  and their return or destruction at the conclusion of the action.

11  RESPONSE TO REQUEST NO. 19:

12      Objection. This request seeks to obtain information protected by the privacy rights of Robert

13  Chalk, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

14  applicable privileges. Without waiving this objection, responding party will prepare the documents with

15  the applicable objections and submit them to the above-entitled court for in camera review. Following

16  such review, responding party will produce the documents ordered by the court to be produced, subject

17  to a protective order requiring their use only in the underlying action and their return or destruction at the

18  conclusion of the action.

19  RESPONSE TO REQUEST NO. 20:

20      Objection. This request seeks to obtain information protected by the privacy rights of Ronald

21  Larson, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

22  applicable privileges. Without waiving this objection, responding party will prepare the documents with

23  the applicable objections and submit them to the above-entitled court for in camera review. Following

24  such review, responding party will produce the documents ordered by the court to be produced, subject

25  to a protective order requiring their use only in the underlying action and their return or destruction at the

26  conclusion of the action.

27  RESPONSE TO REQUEST NO. 21:

28      Objection. This request seeks to obtain information protected by the privacy rights of Timothy

1    Celli, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

2    applicable privileges. Without waiving this objection, responding party will prepare the documents with

3    the applicable objections and submit them to the above-entitled court for in camera review. Following

4    such review, responding party will produce the documents ordered by the court to be produced, subject

5    to a protective order requiring their use only in the underlying action and their return or destruction at the

6    conclusion of the action.

7    RESPONSE TO REQUEST NO. 22:

8         Objection. This request seeks to obtain information protected by the privacy rights of Mike

9    Herman, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well

10   as applicable privileges. Without waiving this objection, responding party will prepare the documents

11   with the applicable objections and submit them to the above-entitled court for in camera review.

12   Following such review, responding party will produce the documents ordered by the court to be

13   produced, subject to a protective order requiring their use only in the underlying action and their return

14   or destruction at the conclusion of the action.

15   RESPONSE TO REQUEST NO. 23:

16        Objection. This request seeks to obtain information protected by the privacy rights of Timothy

17   Hobbs, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

18   applicable privileges. Without waiving this objection, responding party will prepare the documents with

19   the applicable objections and submit them to the above-entitled court for in camera review. Following

20   such review, responding party will produce the documents ordered by the court to be produced, subject

21   to a protective order requiring their use only in the underlying action and their return or destruction at the

22   conclusion of the action.

23   RESPONSE TO REQUEST NO. 24:

24        Objection. This request seeks to obtain information protected by the privacy rights of T.W.

25   Miller, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

26   applicable privileges. Without waiving this objection, responding party will prepare the documents with

27   the applicable objections and submit them to the above-entitled court for in camera review. Following

28   such review, responding party will produce the documents ordered by the court to be produced, subject

1    to a protective order requiring their use only in the underlying action and their return or destruction at the

2    conclusion of the action.

3    RESPONSE TO REQUEST NO. 25:

4    Objection. This request seeks to obtain information protected by the privacy rights of Officer

5    Labbe, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well as

6    applicable privileges. Without waiving this objection, responding party will prepare the documents with

7    the applicable objections and submit them to the above-entitled court for in camera review. Following

8    such review, responding party will produce the documents ordered by the court to be produced, subject

9    to a protective order requiring their use only in the underlying action and their return or destruction at the

10   conclusion of the action.

11   RESPONSE TO REQUEST NO. 26:

12   Objection. This request seeks to obtain information protected by the privacy rights of Officer

13   Hardesty, and possibly other individuals, as guaranteed by the California and U.S. Constitutions, as well

14   as applicable privileges. Without waiving this objection, responding party will prepare the documents

15   with the applicable objections and submit them to the above-entitled court for in camera review.

16   Following such review, responding party will produce the documents ordered by the court to be

17   produced, subject to a protective order requiring their use only in the underlying action and their return

18   or destruction at the conclusion of the action.

19

20   Dated: March 14, 2008

21                                    LOW, BALL & LYNCH

22

23   By

24                                    DALE L. ALLEN, JR.
                                      DIRK D. LARSEN
25                                    Attorneys for Defendant
                                      CITY OF CLEARLAKE

26

27

28

1   DALE L. ALLEN, JR., # 145279
    DIRK D. LARSEN, #246028
2   LOW, BALL & LYNCH
    505 Montgomery Street, 7th Floor
3   San Francisco, California 94111-2584
    Telephone (415) 981-6630
4   Facsimile (415) 982-1634

5   Attorneys for Defendant
    CITY OF CLEARLAKE
6   (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7

8                    IN THE UNITED STATES DISTRICT COURT FOR

9                     THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

11

12  DAVID DAVIS and PAGE GEARHART-DAVIS     )   Case No. C 07-03365 EDL
    PRO-SE,                                 )
13                                          )   DEFENDANT CITY OF
                            Plaintiffs,     )   CLEARLAKE'S
14                                          )   SUPPLEMENTAL RESPONSE TO
            vs.                             )   PLAINTIFFS' REQUEST FOR
15                                          )   PRODUCTION OF DOCUMENTS,
    CLEARLAKE POLICE DEPARTMENT,            )   AND DOCUMENTS PRODUCED
16                                          )
                            Defendants.     )
17                                          )
                                            )
18

19      PROPOUNDING PARTIES:        Plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS

20      RESPONDING PARTY:           Defendant CITY OF CLEARLAKE

21      SET NO.:              ONE

22                          **PRELIMINARY STATEMENT**

23      The following responses herein are based upon information known by the responding party at

24  this time following a reasonable and good faith effort to obtain such information. Responding party has

25  not completed their investigation of the facts relating to this case. There may be additional persons

26  having knowledge of facts or records containing information which are presently unknown to responding

27  party. Accordingly, additional or different information may be discovered and received which may

28  require the answers and responses to be changed and/or supplemented.

                                            -1-

1    RESPONSE TO REQUEST NO. 1:

2         After a reasonable search and diligent inquiry, no documents were located responsive to this

3    request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

4    office memorandum from Nicole Newton of the Records Department concerning the search for audio

5    records.

6    RESPONSE TO REQUEST NO. 2:

7         After a reasonable search and diligent inquiry, no documents were located responsive to this

8    request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

9    office memorandum from Nicole Newton of the Records Department concerning the search for audio

10   records.

11   RESPONSE TO REQUEST NO. 3:

12        After a reasonable search and diligent inquiry, no documents were located responsive to this

13   request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

14   office memorandum from Nicole Newton of the Records Department concerning the search for audio

15   records.

16   RESPONSE TO REQUEST NO. 4:

17        After a reasonable search and diligent inquiry, no documents were located responsive to this

18   request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

19   office memorandum from Nicole Newton of the Records Department concerning the search for audio

20   records.

21   RESPONSE TO REQUEST NO. 5:

22        After a reasonable search and diligent inquiry, no documents were located responsive to this

23   request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

24   office memorandum from Nicole Newton of the Records Department concerning the search for audio

25   records.

26   RESPONSE TO REQUEST NO. 6:

27        After a reasonable search and diligent inquiry, no documents were located responsive to this

28   request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

-2-

1  office memorandum from Nicole Newton of the Records Department concerning the search for audio
2  records.

3  RESPONSE TO REQUEST NO. 7:

4      After a reasonable search and diligent inquiry, no documents were found in the police files
5  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch
6  record pertinent to this request would be part of the court file which is in possession of the County of
7  Lake Court Records.

8  RESPONSE TO REQUEST NO. 8:

9      After a reasonable search and diligent inquiry, no documents were found in the police files
10  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch
11  record pertinent to this request would be part of the court file which is in possession of the County of
12  Lake Court Records.

13  RESPONSE TO REQUEST NO. 9:

14      After a reasonable search and diligent inquiry, no documents were found in the police files
15  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch
16  record pertinent to this request would be part of the court file which is in possession of the County of
17  Lake Court Records.

18  RESPONSE TO REQUEST NO. 10:

19      After a reasonable search and diligent inquiry, no documents were found in the police files
20  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch
21  record pertinent to this request would be part of the court file which is in possession of the County of
22  Lake Court Records.

23  RESPONSE TO REQUEST NO. 11:

24      After a reasonable search and diligent inquiry, no documents were found in the police files
25  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch
26  record pertinent to this request would be part of the court file which is in possession of the County of
27  Lake Court Records.

28  ///

1  RESPONSE TO REQUEST NO. 12:

2      After a reasonable search and diligent inquiry, no documents were found in the police files

3  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch

4  record pertinent to this request would be part of the court file which is in possession of the County of

5  Lake Court Records.

6  RESPONSE TO REQUEST NO. 13:

7      After a reasonable search and diligent inquiry, no documents were found in the police files

8  pertaining to this request that has not already been produced pursuant to FRCP 26. The only dispatch

9  record pertinent to this request would be part of the court file which is in possession of the County of

10  Lake Court Records.

11  RESPONSE TO REQUEST NO. 14:

12      Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

13  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

14  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

15  RESPONSE TO REQUEST NO. 15:

16      Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

17  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

18  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

19  RESPONSE TO REQUEST NO. 16:

20      Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

21  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

22  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

23  RESPONSE TO REQUEST NO. 17:

24      Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

25  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

26  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

27  RESPONSE TO REQUEST NO. 18:

28      Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

1  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

2  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

3  RESPONSE TO REQUEST NO. 19:

4      See Exhibit C, attached.  After a reasonable search and diligent inquiry, no other documents were

5  located regarding Robert Chalk.

6  RESPONSE TO REQUEST NO. 20:

7      See Exhibit D, attached.  After a reasonable search and diligent inquiry, no other documents were

8  located regarding Ronald Larsen.

9  RESPONSE TO REQUEST NO. 21:

10      See documents attached as Exhibit E.

11      Responding party objects to the production of "complaints" filed against Timothy Celli as

12  overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the objection,

13  a complaint was registered against Sgt. Celli on June 8, 2003, involving an off-duty encounter that

14  involved alcohol. The complainant was of African-American descent; there is no indication that the

15  complainant's race was a factor in the complained-of conduct.

16  RESPONSE TO REQUEST NO. 22:

17      See Exhibit F, attached.  After a reasonable search and diligent inquiry, no other documents were

18  located regarding Lt. Michael Hermann.

19  RESPONSE TO REQUEST NO. 23:

20      See responsive documents attached as Exhibit G.

21      Responding party objects to the production of "complaints" filed against Tim Hobbs as

22  overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the objection,

23  the following complaints have been registered against Off. Hobbs in the last 5 years: December 28, 2007

24  - Rude behavior during a traffic stop. The complainant was of Caucasian descent. May 5, 2007- Verbally

25  abusive during traffic stop; false arrest and excessive force during arrest.  The complainant was of

26  Caucasian descent.  April 26, 2004 - Unprofessional conduct during the investigation of a child custody

27  dispute.

28  ///

1    RESPONSE TO REQUEST NO. 24:

2        See responsive documents attached as Exhibit H.

3        Responding party objects to the production of "complaints" filed against T.W. Miller as

4    overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the objection,

5    a complaint was registered against Off. Miller on July 30 and August 27, 2007 for discourteous and

6    unprofessional behavior during traffic stops of the same individual, a person of American Indian descent.

7    November 11, 2007- A complaint was registered against Off. Miller for discourteous behavior during

8    investigation of the residence of a registered sex offender.  The complainant was of Hispanic descent.

9    RESPONSE TO REQUEST NO. 25:

10       See responsive documents attached as Exhibit I.

11   RESPONSE TO REQUEST NO. 26:

12       See responsive documents attached as Exhibit J.

13       Responding party objects to the production of "complaints" filed against Officer Sarah Hardisty

14   as overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the

15   objection, a complaint was registered against Off. Hardisty on May 22, 2007 for failure to follow police

16   procedures during the investigation of a 911 hang-up.

17

18                    **ORIGINAL VERIFICATION TO FOLLOW**

19

20       Dated: March 14, 2008

21                                    LOW, BALL & LYNCH

22

23                            By _____

24                                    DALE L. ALLEN, JR.
                                      DIRK D. LARSEN
25                                    Attorneys for Defendant
                                      CITY OF CLEARLAKE

26

27

28

DEFENDANT CITY OF CLEARLAKE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION
J:\1427\sf0001\Discovery\R-SUPP.RPD-001.wpd                                    Case No. C 07-03365 EDL

1  DALE L. ALLEN, JR., # 145279
   DIRK D. LARSEN, #246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California 94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendant
   CITY OF CLEARLAKE
6  (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7

8              IN THE UNITED STATES DISTRICT COURT FOR

9              THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  DAVID DAVIS and PAGE GEARHART-DAVIS    )    Case No. C 07-03365 EDL
    PRO-SE,                               )
13                                         )    DEFENDANT CITY OF
                       Plaintiffs,         )    CLEARLAKE'S 2nd
14                                         )    SUPPLEMENTAL RESPONSE TO
        vs.                                )    PLAINTIFFS' REQUEST FOR
15                                         )    PRODUCTION OF DOCUMENTS,
    CLEARLAKE POLICE DEPARTMENT,           )    AND DOCUMENTS PRODUCED
16                                         )
                       Defendants.         )
17                                         )
    _____)
18

19      PROPOUNDING PARTIES:        Plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS

20      RESPONDING PARTY:           Defendant CITY OF CLEARLAKE

21      SET NO.:              ONE

22                        **PRELIMINARY STATEMENT**

23      The following responses herein are based upon information known by the responding party at

24  this time following a reasonable and good faith effort to obtain such information. Responding party has

25  not completed their investigation of the facts relating to this case. There may be additional persons

26  having knowledge of facts or records containing information which are presently unknown to responding

27  party. Accordingly, additional or different information may be discovered and received which may

28  require the answers and responses to be changed and/or supplemented.

-1-

1  RESPONSE TO REQUEST NO. 1:

2      After a reasonable search and diligent inquiry, no documents were located responsive to this

3  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

4  office memorandum from Nicole Newton of the Records Department concerning the search for audio

5  records.

6  RESPONSE TO REQUEST NO. 2:

7      After a reasonable search and diligent inquiry, no documents were located responsive to this

8  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

9  office memorandum from Nicole Newton of the Records Department concerning the search for audio

10  records.

11  RESPONSE TO REQUEST NO. 3:

12      After a reasonable search and diligent inquiry, no documents were located responsive to this

13  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

14  office memorandum from Nicole Newton of the Records Department concerning the search for audio

15  records.

16  RESPONSE TO REQUEST NO. 4:

17      After a reasonable search and diligent inquiry, no documents were located responsive to this

18  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

19  office memorandum from Nicole Newton of the Records Department concerning the search for audio

20  records.

21  RESPONSE TO REQUEST NO. 5:

22      After a reasonable search and diligent inquiry, no documents were located responsive to this

23  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

24  office memorandum from Nicole Newton of the Records Department concerning the search for audio

25  records.

26  RESPONSE TO REQUEST NO. 6:

27      After a reasonable search and diligent inquiry, no documents were located responsive to this

28  request, that has not already been produced pursuant to FRCP 26. Attached as Exhibit A is an inter-

1  office memorandum from Nicole Newton of the Records Department concerning the search for audio

2  records.

3  RESPONSE TO REQUEST NO. 7:

4        After a reasonable search and diligent inquiry, no documents were found in the police files

5  pertaining to this request that has not already been produced pursuant to FRCP 26.  In Plaintiffs request

6  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

7  would be the court file which is in possession of the County of Lake Court Records.  There is no other

8  "dispatch" record in the possession of the defendants.

9  RESPONSE TO REQUEST NO. 8:

10        After a reasonable search and diligent inquiry, no documents were found in the police files

11  pertaining to this request that has not already been produced pursuant to FRCP 26.  In Plaintiffs request

12  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

13  would be the court file which is in possession of the County of Lake Court Records.  There is no other

14  "dispatch" record in the possession of the defendants.

15  RESPONSE TO REQUEST NO. 9:

16        After a reasonable search and diligent inquiry, no documents were found in the police files

17  pertaining to this request that has not already been produced pursuant to FRCP 26.  In Plaintiffs request

18  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

19  would be the court file which is in possession of the County of Lake Court Records.  There is no other

20  "dispatch" record in the possession of the defendants.

21  RESPONSE TO REQUEST NO. 10:

22        After a reasonable search and diligent inquiry, no documents were found in the police files

23  pertaining to this request that has not already been produced pursuant to FRCP 26.  In Plaintiffs request

24  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

25  would be the court file which is in possession of the County of Lake Court Records.  There is no other

26  "dispatch" record in the possession of the defendants.

27  //

28  //

1   RESPONSE TO REQUEST NO. 11:

2        After a reasonable search and diligent inquiry, no documents were found in the police files

3   pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request

4   they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

5   would be the court file which is in possession of the County of Lake Court Records. There is no other

6   "dispatch" record in the possession of the defendants.

7   RESPONSE TO REQUEST NO. 12:

8        After a reasonable search and diligent inquiry, no documents were found in the police files

9   pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request

10  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

11  would be the court file which is in possession of the County of Lake Court Records. There is no other

12  "dispatch" record in the possession of the defendants.

13  RESPONSE TO REQUEST NO. 13:

14       After a reasonable search and diligent inquiry, no documents were found in the police files

15  pertaining to this request that has not already been produced pursuant to FRCP 26. In Plaintiffs request

16  they ask for the "dispatch" record on the traffic citation, but the only other record of the traffic citation

17  would be the court file which is in possession of the County of Lake Court Records. There is no other

18  "dispatch" record in the possession of the defendants.

19  RESPONSE TO REQUEST NO. 14:

20       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

21  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

22  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,

23  see attached Exhibit K, a copy of the tape recording of the interview of plaintiff David Davis by Capt.

24  Larsen.

25  RESPONSE TO REQUEST NO. 15:

26       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

27  the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

28  the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,

-4-

DEFENDANT CITY OF CLEARLAKE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION
J:\1427\sf0001\Discovery\2nd-R-SUPP.RPD-001.wpd                                                Case No. C 07-03365 EDL

1   see attached Exhibit L, a tape recording and photographs of plaintiff David Davis on 8/3/2006.

2   RESPONSE TO REQUEST NO. 16:

3       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

4   the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

5   the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,

6   see attached Exhibit M, CD-R of recorded interview of plaintiffs on 1/12/2007.

7   RESPONSE TO REQUEST NO. 17:

8       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

9   the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

10   the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56. In supplement,

11   see exhibit N, recorded interviews of Officers Hobbs, Miller, Hardisty and Sgt. Celli on 8/24/2006.

12   RESPONSE TO REQUEST NO. 18:

13       Objection. This request is vague and overbroad, and protected by FRE 407. Without waiving

14   the objection, see Exhibit B, attached, with redacted portions of the complaint investigation pertaining to

15   the analysis and conclusion of the investigating officers at Bates stamps pg. 46-47, 56.

16   RESPONSE TO REQUEST NO. 19:

17       See Exhibit C, attached. After a reasonable search and diligent inquiry, no other documents were

18   located regarding Robert Chalk.

19   RESPONSE TO REQUEST NO. 20:

20       See Exhibit D, attached. After a reasonable search and diligent inquiry, no other documents were

21   located regarding Ronald Larsen.

22   RESPONSE TO REQUEST NO. 21:

23       See documents attached as Exhibit E.

24       Responding party objects to the production of "complaints" filed against Timothy Celli as

25   overbroad and not likely to lead to the discovery of admissible evidence. Without waiving the objection,

26   a complaint was registered against Sgt. Celli on June 8, 2003, involving an off-duty encounter that

27   involved alcohol. The complainant was of African-American descent; there is no indication that the

28   complainant's race was a factor in the complained-of conduct.

-5-

1  RESPONSE TO REQUEST NO. 22:

2      See Exhibit F, attached.  After a reasonable search and diligent inquiry, no other documents were

3  located regarding Lt. Michael Hermann.

4  RESPONSE TO REQUEST NO. 23:

5      See responsive documents attached as Exhibit G.

6      Responding party objects to the production of "complaints" filed against Tim Hobbs as

7  overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the objection,

8  the following complaints have been registered against Off. Hobbs in the last 5 years: December 28, 2007

9  - Rude behavior during a traffic stop. The complainant was of Caucasian descent. May 5, 2007- Verbally

10  abusive during traffic stop; false arrest and excessive force during arrest.  The complainant was of

11  Caucasian descent.  April 26, 2004 - Unprofessional conduct during the investigation of a child custody

12  dispute.

13  RESPONSE TO REQUEST NO. 24:

14      See responsive documents attached as Exhibit H.

15      Responding party objects to the production of "complaints" filed against T.W. Miller as

16  overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the objection,

17  a complaint was registered against Off. Miller on July 30 and August 27, 2007 for discourteous and

18  unprofessional behavior during traffic stops of the same individual, a person of American Indian descent.

19  November 11, 2007- A complaint was registered against Off. Miller for discourteous behavior during

20  investigation of the residence of a registered sex offender.  The complainant was of Hispanic descent.

21  RESPONSE TO REQUEST NO. 25:

22      See responsive documents attached as Exhibit I.

23  RESPONSE TO REQUEST NO. 26:

24      See responsive documents attached as Exhibit J.

25      Responding party objects to the production of "complaints" filed against Officer Sarah Hardisty

26  as overbroad and not likely to lead to the discovery of admissible evidence.  Without waiving the

27  //

28  //

1  objection, a complaint was registered against Off. Hardisty on May 22, 2007 for failure to follow police

2  procedures during the investigation of a 911 hang-up.

3

4

5     Dated: April 21, 2008

6                                              LOW, BALL & LYNCH

7

8                                  By
                                        DALE L. ALLEN, JR.
9                                       DIRK D. LARSEN
                                        Attorneys for Defendant
10                                      CITY OF CLEARLAKE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CITY OF CLEARLAKE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' REQUEST FOR PRODUCTION
J:\1427\sf0001\Discovery\2nd-R-SUPP.RPD-001.wpd                                    Case No. C 07-03365 EDL



# CLEARLAKE POLICE DEPARTMENT
## INTEROFFICE MEMORANDUM

① Traffic cites 12/27/06 (Not att)
② 911 printout 1/12/07
③ CO of contact by Celli 1/12/07
④ Memo by Celli (Not att)
⑤ CO of interview 1/18/07 (not att)
⑥ Photos of Celli

**DATE:** Janu

**TO:** Chief o

**FROM:** Sgt.

**SUBJECT:**

## Complaint Information:

Complainants:  David Davis, DOB 07-08-74
P.O. Box 3225
Clearlake, Ca 95422
(707) 995-0749

Page Davis, DOB 09-27-74
P.O. Box 3225
Clearlake, Ca 95422
(707) 995-0749

## Officers Involved:

Sergeant Tim Celli #90

## Officer's Representative:

None

## Complaint:

On January 12, 2007, I received the attached Personnel Complaint from David and Page Davis.
The complaint in itself was vague in nature and only listed that Sgt. Celli had been involved in the
following acts:   Racial Profiling, Abuse of Authority, Excessive Ticket Writing, Manipulation of
Staff, Falsifying Reports and Hate Crimes. Also listed on the complaint form is the following
statement "All evidence is available upon investigation". While speaking with them about the
complaint, they were unable to provide any detailed information regarding the accusations. They
did tell me that they believed Sgt. Celli was manipulating other staff members into harassing them
and spoke about prior incidents with him and other officers that had already been investigated (IA

#08-03-06/90/107/132/145).                    1-5-07

It should be noted that approximately one week prior to them filing the complaint, I had a conversation with the Davis' in the front interview room of the Clearlake Police Department. At the time, they had initially come to the station to file this personnel complaint against Sgt. Celli. I was aware of the prior complaint filed by Davis against Sgt. Celli and other officers and knew that it surrounded several traffic stops and dealings with him. While speaking with them, it was evident that their "new" complaint involved the same set of circumstances that had already been investigated. They then began speaking about a traffic stop in which they had recently been stopped by Officer Labbe. They "believed" that Officer Labbe was told to stop them and that Sgt. Celli had instructed him to write them a citation. However, they added that they did not have a complaint with Officer Labbe and only against Sgt. Celli. I spent approximately thirty (30) minutes with them discussing the incidents, answering their questions and explaining the procedures for officer complaints and how they are received and investigated. Mr. Davis was also advised that I would need "detailed" information on the premises of the complaint in order to thoroughly investigate it, while adding that I would not re-investigate a prior complaint. At the time, both David and Page Davis stated they understood my explanations and appeared to have no problems. They decided against filing a complaint at the time and asked me to speak with the officers and "request" that they leave them alone.

A few days after the initial contact with them, Page Davis called me and stated that they had decided to go ahead and file the complaint "just to have a record of it". As required, I agreed to take the complaint from her at the time. Due to schedule conflicts (between both theirs and mine) and a priority details, I was unable to actually <u>meet with them until the afternoon of the 12th</u>. However, I had been in constant phone contact with Page up until that point.

## Investigation:

Shortly after my first conversation with the Davis', I had spoken with Officer Labbe about the circumstances involving his traffic stop of Page Davis (which occurred on 12-27-06). He told me that he did not even know the vehicle belonged to the Davis' and that he was looking for another unrelated subject at the time. He remembered stopping the vehicle for an obstructed plate and later notifying Sgt. Celli after he realized that the driver was Page Davis and that David Davis was the passenger. Officer Labbe did issue a citation to Mrs. Davis for having the obstructed plate, no registration card, a broken taillight and no proof of insurance. He added that he had also given them a warning for failing to use their turn signal. Officer Labbe told me that Sgt. Celli did arrive as a Cover Officer, but at no time instructed him to stop the vehicle or to write the citation.

During the morning of January 18, 2007 I had received the attached memo from Sgt. Celli who had been advised that this complaint was made. According to the memo, officers had received a 911 hang-up call at the Davis residence during the evening of January 17, 2007 at approximately 2114 hours. Sgt. Celli and Officer Ray responded to the location but did not realize that it was the home of David and Page Davis until they arrived. Sgt. Celli noted that Mr. Davis grabbed his video camera while yelling at the officers and telling them to "get the fuck off his property". Mr. Davis denied that a 911 call had been made and Sgt. Celli decided not to force the issue at the time as no one appeared to be in distress. Sgt. Celli later obtained a copy of the 911 print-out from Central Dispatch which he attached. He also stated that he had activated his audio recorder once he realized that the home belonged to Mr. Davis. He downloaded the recording to a CD which has been placed in this file. I reviewed the print-out of the 911 call and saw that the call

CLE 0053

came in at 21:14:34 hours on 01/17/07. The caller ANI (number) was listed as (707)995-0749 which is the listed number belonging to the Davis'.

On January 18, 2007 at approximately 1650 hours, I met with David and Page Davis at their residence in order to obtain a recorded statement from them. The meeting had been pre-arranged so that I could obtain some factual details of the complaint and in order to confirm that it was not still part of the original complaint that had already been investigated. At the beginning of the interview, Mr. Davis told me that officers had come out to his home the night before for a reported 911 call. He denied that a call had been placed and made comments to the fact that he believed the officers had "made it up". He also said that he called the Sheriff's Department and was told that there was "no record" of the call. I advised him that I in fact had a copy of the 911 print-out from Central Dispatch and he responded by saying the cover-up had already begun.

When I turned his attention to his complaint, Mr. Davis told me that he "knew" that Sgt. Celli was in fact a "racist" and that he belonged to a white supremacy group. He was unable to provide any details or proof that Sgt. Celli belonged to a white hate group and refused to identify reported "witnesses" who had "proof". Mr. Davis said that he also knew for a fact that Sgt. Celli had "white power" or "white pride" tattoos on his arms as well. He added that he had seen the tattoos himself when he was thrown down on the ground by Sgt. Celli during a previously reported incident. Mr. Davis then began pulling out citations and a case report that had been prepared by various officers. One citation (#50128) issued by Officer Hobbs on 8-03-06, had a signature that Davis claimed was not his own. He argued that an officer had "forged" his signature and denied ever signing it himself. Along with the citation was a copy of a report prepared by Officer Hobbs (Case #06-2456) which documented the traffic stop and the fact the vehicle was towed. Mr. Davis said the report was his proof that Sgt. Celli had filed a false report. However, the report was prepared by Officer Hobbs and only approved by Sgt. Celli. Mr. Davis argued that "approving" a report was the same as swearing the facts held within were true and correct. Mr. Davis continued by saying that knew that Sgt. Celli was in fact manipulating younger staff members and officers to "do his work".

Mr. Davis then began speaking about Officer Hobbs and saying that he had illegally confiscated a knife from him. He showed me an envelope that was mailed to him with his knife inside of it (Officer Hobbs had apparently taken control of it for safety issues and forgot to initially return it). The knife was returned to Mr. Davis a short time later in the envelope and he acknowledged receipt of it. However, he argued that Officer Hobbs had no legal right to take control of the knife and refused to allow me to explain officer safety issues with him.

Mr. Davis produced a total of five traffic citations and one case report (listed above) while claiming that the citations themselves were proof that he was being harassed. The following is a list of the citations issued along with the dates and primary violation:

- ■ #52021 – issued on 9-27-06 to David Davis for 12500 CVC (incident # 60927062).
- ■ #52310 – issued on 12-27-06 to Page Davis for 5201 VC (incident #61227044).
- ■ #52022 – issued on 9-27-06 to Page Davis for 27803 VC (incident #60927062).
- ■ #49299 – issued on 8-02-06 to David Davis for 4000(a) VC (incident #6080206).
- ■ #50128 – issued on 8-03-06 to David Davis for 27315 (e) VC (60803002)
- ■ Case #06-2456 – Details citation #50128 and vehicle tow on 8-03-06.

It should be noted that on 8-03-06 when Mr. Davis was issued a citation for no seat belt (27315 VC), Page Davis was also issued a citation for driving without a license (Citation #52003) which

was not one of the citations produced by Mr. Davis at the time of this interview. Also not produced by Mr. Davis was the supplemental police report that Officer Hobbs had prepared for Case #06-2456. In the supplemental report, Officer Hobbs details the fact he had found a fixed blade knife in the vehicle during his contact with Mr. Davis on 8-03-06. Officer Hobbs notes that the knife was placed in his patrol vehicle during a vehicle search and that he had intended on returning it to Mr. Davis upon his release from the scene. Officer Hobbs apparently forgot to return the knife at the time and later mailed back to Mr. Davis (according to the report the knife was not returned personally due to the fact Mr. Davis had already filed his personnel complaint against the officers).

As the interview with Mr. Davis continued, he repeatedly accused various officers of falsifying reports and racist behavior. He increasingly became more and more argumentative with me during my questioning of him. He then began showing me photographs of a stop sign at the corner of Arrowhead and Park Street. He claimed officers were writing illegal citations at the location due to the fact there is no limit line. I advised him that he needed to re-read the vehicle code as it pertains to stop signs and he argued that I did not know the vehicle code and that officers were wrong.

During the entire interview, Mr. Davis was unable to produce any evidence or facts to prove that Sgt. Celli had taken part in any of the allegations that Mr. Davis was making against him. It was apparent that Mr. Davis had his own opinion on the issues and refused to waiver from them or discuss them in any "real" manner. At one point he told me that I could either admit that the problems were occurring or that I could "go down with the rest of them". I finally decided to conclude the interview at which point Mr. Davis began accusing me of misconduct as well.

I later downloaded a copy of the interview to a CD which has been placed in this case file.

On 1-19-07, Sgt. Cell Agreed to allow me to take pictures of both his arms and his tattoos. Sgt. Celli, who is a member of the Iron Pigs Motorcycle Club (made up mainly of police officers and firefighters), had a tattoo of the Iron Pigs logo on his right shoulder. Just below the logo is a tattoo of his daughter's name (Kristen). Below that is another Iron Pigs tattoo. On the back of his right arm are the letters N F T B. According to Sgt. Celli, this stands for the motto "Never Forget the Brotherhood" which is dedicated to those professionals who lost their lives during the September 11th attacks. Sgt. Celli's left arm was found to be free of any markings or tattoos.

Sgt. Celli was quick to note that the Iron Pigs Motorcycle Club has never been a criminal street gang. He showed me a copy of the club's By-Laws which clearly state that membership "Shall not be based on race, sex, religion and creed". He added that this is not a "white hate" or "white pride" group and that there are a large amount of non-white members including whole chapters that are strictly made up of black professionals.

The pictures of his arms and of the noted By-Laws have been printed out and attached to this investigation. Also attached is a portion of the Iron Pigs' website which details membership and some of the history of the club. I also located the attached web page "neverforget.ca". The page is dedicated to the firefighters and police officers who lost their lives on September 11th and has the following phrase highlighted "We owe it to them and to their brothers to never forget their sacrifice and what it has taught us". It should also be noted that one of the links on the web site is listed "Life in the Brotherhood" as it pertains to firefighters.

CLE 0055

## Analysis:

At this time, there is absolutely no evidence or indications that tend to prove that Sgt. Celli has been involved in any of the allegations made by Mr. Davis. Several of the issues raised by Mr. Davis dealt with his dealings with Sgt. Celli on August 2nd and 3rd of 2006 which had already been investigated by Captain Larsen. That investigation was found to be **"Unfounded"** and without merit. Just as in that case, Mr. Davis has even been unable to properly articulate any facts to back his claims. With the exception of the 911 hang-up call on January 17, 2007, neither he nor his wife has had any personal dealings with Sgt. Celli. Of the two times they had been stopped and issued citations from other officers since the initial complaint (each being issued a citation on 9-27-06 and one on 12-27-06), Sgt. Celli was not the officer who initiated the traffic stop or issued the citations. The fact that they "feel" Sgt. Celli is responsible or has been manipulating other members of the department does not justify this complaint and there is absolutely no evidence to suggest it. Mr. Davis has failed to provide any facts, witnesses or evidence that would prove that Sgt. Celli has been involved in "Racial Profiling, Abuse of Authority, Excessive Ticket Writing, Manipulation of Staff, Falsifying Reports and Hate Crimes".

The Davis's have produced several newspaper articles during the past several months in which they openly claim that the officers of the Clearlake Police Department are corrupt and racist. Their accounts have always been one-sided and have not contained the true facts of their contacts with officers. They have attempted to gather the "community" in an effort to discredit the police department, but have been unsuccessful to this point.

## Conclusion:

Sgt. Michael C. Hermann #96