1  DALE L. ALLEN, JR., # 145279
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California  94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendant
   CITY OF CLEARLAKE
6  (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7

8              IN THE UNITED STATES DISTRICT COURT FOR

9              THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  DAVID DAVIS and PAGE GEARHART-DAVIS          )   Case No. C 07-03365 EDL
    PRO-SE,                                      )
13                                               )   DEFENDANT CITY OF
                        Plaintiffs,              )   CLEARLAKE'S NOTICE OF
14                                               )   MOTION AND MOTION FOR
         vs.                                     )   SUMMARY JUDGMENT, OR IN
15                                               )   THE ALTERNATIVE, PARTIAL
                                                 )   SUMMARY JUDGMENT;
16  CLEARLAKE POLICE DEPARTMENT,                 )   MEMORANDUM OF POINTS
                                                 )   AND AUTHORITIES (F.R.C.P. 56)
17                      Defendants.              )
                                                 )
18  _____)   Date:       August 12, 2008
                                                     Time:       9:00 a.m.
19                                                   Courtroom:  E, 15th Floor
                                                     Judge:      Hon. Elizabeth D.
20                                                               LaPorte

21        TO THE COURT AND *PRO SE* PLAINTIFFS DAVID DAVIS AND PAGE GEARHART-

22  DAVIS:

23        NOTICE IS HEREBY GIVEN that on August 12, 2008, at 9:00 a.m., in Courtroom E of the

24  above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, defendant CITY

25  OF CLEARLAKE (the "City") will, and hereby does, move the Court for an order granting summary

26  judgment on the grounds that there is no genuine issue of material fact as to all of plaintiffs DAVID

27  DAVIS and PAGE GEARHART-DAVIS's ("Plaintiffs") claims against it, and the City is entitled to

28  judgment as a matter of law.  In the alternative, the City moves for an order granting partial summary

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd          -i-          Case No. C 07-03365 EDL

1  judgment on the issue that any one or more of Plaintiffs' claims for relief or prayers for recovery against

2  it have no merit as a matter of law and should therefore be dismissed.

3       This motion is based on this notice, on the Memorandum of Points and Authorities below, on the

4  Declaration of Dirk D. Larsen filed herewith and the exhibits attached thereto, on the Declaration of Lt.

5  Michael Hermann filed herewith and the exhibits attached thereto, on the Declaration of Officer Todd

6  Miller filed herewith, on the Declaration of Officer Timothy Hobbs filed herewith, and on any oral

7  and/or documentary evidence that may be presented at the hearing of this motion.

8                              **STATEMENT OF RELIEF SOUGHT**

9       The City hereby moves the Court for an order granting summary judgment in its favor on the

10 grounds that there is no genuine issue of material fact as to all of Plaintiffs' claims for relief against it,

11 and the City is thus entitled to judgment as a matter of law.  Construing Plaintiffs' First Amended

12 Complaint ("FAC") to yield properly pleaded claims, these claims for relief are: (1) conspiracy against

13 the rights of citizens in violation of 18 U.S.C. § 241; (2) deprivation of rights under color of law in

14 violation of 18 U.S.C. § 242; (3) violation of civil rights under 42 U.S.C. § 14141; (4) conspiracy to

15 interfere with civil rights, brought pursuant to 42 U.S.C. § 1985; (5) violation of the right to be free from

16 unreasonable search and seizure, as guaranteed by the Fourth Amendment, brought pursuant to 42

17 U.S.C. § 1983; (6) violation of the right to be free from excessive force, as guaranteed by the Fourth

18 Amendment, brought pursuant to 42 U.S.C. § 1983; (7) violation of the right to be free from false arrest,

19 as guaranteed by the Fourth Amendment, brought pursuant to 42 U.S.C. § 1983; (8) deprivation of

20 liberty without due process of law, in violation of Fourteenth Amendment rights, brought pursuant to 42

21 U.S.C. § 1983; (9) violation of civil rights by means of municipal inaction through failure to investigate

22 complaints properly, brought pursuant to 42 U.S.C. § 1983 under the *Monell* doctrine; and (10) violation

23 of civil rights by means of failure to supervise officers adequately, brought pursuant to 42 U.S.C. § 1983

24 under the *Monell* doctrine.  Plaintiffs also seek punitive damages and equitable relief.

25      In the alternative, the City moves for an order granting partial summary judgment on the issue

26 that any one or more of Plaintiffs' claims for relief or prayers for recovery against it have no merit as a

27 matter of law and should therefore be dismissed.

28

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -ii-                    Case No. C 07-03365 EDL

# TABLE OF CONTENTS

Page(s)

I.    STATEMENT OF ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

      B.    Plaintiffs' 42 U.S.C. § 1983 Claims Against the City Have No Merit
            as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            1.    Because the City's Officers Had Reasonable Suspicion to
                  Detain Plaintiffs on the Dates in Question, Their Conduct
                  Did Not Constitute Unreasonable Searches and Seizures
                  in Violation of the Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            2.    Officer Hobbs Applied Reasonable Force to David Davis
                  and Thus Did Not Violate Mr. Davis's Rights under the
                  Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            3.    Because the City's Officers Had Probable Cause to Arrest
                  Plaintiff for Not Wearing A Seatbelt, the Arrest Did Not
                  Constitute a False Arrest in Violation of the Fourth Amendment . . . . . . . . . . . 13

            4.    Because Plaintiff's Have Produced No Evidence of Intentional
                  Discrimination, Their Claim for Racial Profiling Fails as a
                  Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

            5.    Because Plaintiff's Have Produced No Evidence of Deprivation
                  of Liberty, Their Claim for Violation of the Due Process Clause
                  Fails as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            6.    Plaintiffs Have Not Demonstrated That "Deliberate Indifference"
                  on the Part of the City Resulted in the Alleged Constitutional
                  Violations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

      C.    Because 18 U.S.C. §§ 241 and 242 Are Penal Statutes That Do Not
            Provide Private Rights of Action, Plaintiffs' Causes of Action
            Pursuant to Those Statutes Have No Merit as a Matter of Law . . . . . . . . . . . . . . . . . . . 17

      D.    Because 42 U.S.C. § 14141 Does Not Provide a Private Right of
            Action, Plaintiffs' Cause of Action Pursuant to it Has No Merit
            as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

      E.    Because the City is a Single Entity, It Cannot Be Liable for
            Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985 . . . . . . . . . . . . . . . 18

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -iii-                    Case No. C 07-03365 EDL

Page(s)

F.   As a Matter of Law, Plaintiffs May Not Recover Punitive Damages
     from the City, a Public Entity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

G.   Because Plaintiffs Suffer No Continuing Wrongs, They Are Not
     Entitled to the Equitable Relief They Seek . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

V.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -iv-                    Case No. C 07-03365 EDL

1

<u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>                                                                                          <u>Page(s)</u>

3
Atwater v. City of Lago Vista
     532 U.S. 318 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
4

Blankenhorn v. City of Orange
5
     485 F.3d 463 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

6
Board of County Com'rs of Bryan County v. Brown
     520 U.S. 397 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
7

Brendlin v. California
8
     551 U.S. ___, 127 S.Ct. 2400 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9
Celotex Corp. v. Catrett
     477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
10

City of Canton v. Harris
11
     489 U.S. 378 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16

12
City of Los Angeles v. Heller
     475 U.S. 796 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 16
13

City of Newport v. Fact Concerts, Inc.
14
     453 U.S. 247 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

15
Davis v. City of Ellensburg
     869 F.2d 1230 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
16

Delaware v. Prouse
17
     440 U.S. 648 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

18
Federman v. County of Kern
     61 Fed.Appx. 438 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
19

Graham v. Connor
20
     490 U.S. 386 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10-11

21
Hopkins v. Andaya
     958 F.2d 881 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
22

Hupp v. City of Walnut Creek
23
     389 F.Supp.2d 1229 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-13

24
Hutto v. Finney
     437 U.S. 678 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
25

LaLonde v. County of Riverside
26
     204 F.3d 947 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27
Milliken v. Bradley (Milliken II)
     433 U.S. 267 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
28

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                              –v–                              Case No. C 07-03365 EDL

Cases                                                                          Page(s)

Monell v. Dept. of Social Svcs. of City of New York
    436 U.S. 658 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 16

Moore v. Kamikawa
    940 F.Supp. 260 (D. Hawaii 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.
    210 F.3d 1099 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Oviatt v. Pearce
    954 F.2d 1470 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Palmer v. Sanderson
    9 F.3d 1433 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Scott v. Henrich
    39 F.3d 912 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

Snowden v. Hughes
    321 U.S. 1 (1944) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

Terry v. Ohio
    392 U.S. 1 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

U.S. v. Choudhry
    461 F.3d 1097 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S. v. Lopez-Soto
    205 F.3d 1101 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

U.S. v. Wesley
    293 F.3d 541 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Wall v. County of Orange
    364 F.3d 1107 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Whren v. U.S
    517 U.S. 806 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Constitutional Provisions

U.S. Const., Amend. IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12-13

U.S. Const., Amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8, 10, 14-15

Federal Statutes

18 U.S.C.

    § 241 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17-18

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -vi-                    Case No. C 07-03365 EDL

Federal Statutes                                                                                          Page(s)

18 U.S.C.

    § 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 17

42 U.S.C.

    § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 7-8, 17-19

42 U.S.C.

    § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18-19

    § 1985(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    § 1985(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    § 14141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 18

F.R.C.P. 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

F.R.C.P. 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

State Statutes

California Government Code § 818 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

California Vehicle Code

    § 26710 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    § 27315(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

    § 40302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    § 40302(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -vii-                    Case No. C 07-03365 EDL

I.    **STATEMENT OF ISSUES TO BE DECIDED**

The present motion presents the following issue for decision: (1) whether Plaintiffs can, as a matter of law, sustain any claim against the City on the theory that the City has a custom, policy or practice amounting to deliberate indifference toward Plaintiffs' constitutional rights, whether through failure to investigate complaints properly or inadequate training of its officers (42 U.S.C. § 1983 claims); (2) whether the City is entitled to judgment as a matter of law as to Plaintiffs' claim for violation of 18 U.S.C. § 241; (3) whether the City is entitled to judgment as a matter of law as to Plaintiffs' claim for violation of 18 U.S.C. § 242; (4) whether the City is entitled to judgment as a matter of law as to Plaintiffs' claim for violation of 42 U.S.C. § 14141; (5) whether the City is entitled to judgment as a matter of law as to Plaintiffs' claim for violation of 42 U.S.C. § 1985; (6) whether Plaintiffs may recover punitive damages from the City, a municipal entity; and (7) whether Plaintiffs may be awarded the injunctive relief they seek.

Because an element of any of Plaintiffs' § 1983 claims (issue (1), above) is a showing that the City's officers violated Plaintiffs' constitutional rights, this Memorandum of Points and Authorities addresses each violation that Plaintiffs allege.

II.    **INTRODUCTION**

This lawsuit arises out of a number of encounters Plaintiffs had with officers of the Clearlake Police Department between August 2, 2006 and January 17, 2007. All but one of those encounters were investigatory or traffic stops, and Plaintiffs have conceded facts giving rise to the respective officers' reasonable suspicion for making each stop. The August 3, 2006 traffic stop led to an arrest of Plaintiff David Davis for failing to wear a seatbelt and failing to produce photo identification, failures that Mr. Davis concedes. During this detention, Mr. Davis was briefly handcuffed, but then released once he began exhibiting symptoms of asthma. The only encounter that was not an investigatory or traffic stop involved a 911 hang-up call received from Plaintiffs' residence. The City's officers responded to the residence, quickly determined that police intervention was not necessary, and departed.

Plaintiffs complained about these encounters to the Clearlake Police Department, which conducted full investigations resulting in the exoneration of the officers involved. In their First Amended Complaint ("FAC"), Plaintiffs allege that these encounters represent harassment motivated by

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -1-                    Case No. C 07-03365 EDL

1  racial profiling and/or retaliation (David Davis is African-American; Page Davis is Caucasian in

2  appearance, but the City has no information regarding her ethnicity). However, they have not produced

3  any evidence that the City's officers harbored any such improper motive. Instead, they have testified to a

4  number of proper bases for the encounters and detentions, including driving unregistered vehicles,

5  failing to use a turn signal, driving with a defective windshield, failing to wear helmets while riding a

6  motorcycle, failing to wear a seatbelt in a vehicle, and failing to produce photo identification when cited

7  with a Vehicle Code violation. Because the City's officers had the requisite reasonable suspicion or

8  probable cause to detain Plaintiffs in every instance, and because they conducted the detentions in a

9  reasonable manner, no constitutional violations occurred. Given the legitimate bases for the encounters,

10  these stops do not represent the pattern of harassment that Plaintiffs allege, but merely the officers'

11  attempt to enforce the law in the City of Clearlake.

12       Plaintiffs have named the City as a defendant in this action but none of the individual officers

13  involved in the encounters. Accordingly, even if Plaintiffs could demonstrate that the officers violated

14  their constitutional rights, Plaintiffs cannot sustain any § 1983 claim in this suit absent a showing that a

15  City custom, policy or practice amounting to deliberate indifference to Plaintiffs' rights was the moving

16  force behind the purported violations. Here, Plaintiffs have not only failed to produce evidence of a

17  single constitutional violation, they have also not produced any evidence of such a custom, policy or

18  practice. Accordingly, the City is entitled to judgment as a matter of law as to Plaintiffs' claims brought

19  pursuant to 42 U.S.C. § 1983.

20       The City is also entitled to judgment as a matter of law as to Plaintiffs' claims brought pursuant

21  to other civil rights statutes. Those statutes either do not provide for private rights of action, or they base

22  liability on the existence of a conspiracy—a legal impossibility here, as the City cannot conspire with

23  itself.

24       Plaintiffs seek to recover punitive damages from the City, and they request injunctive relief in the

25  form of criminal prosecutions of the officers and an investigation of the Clearlake Police Department.

26  They are entitled to neither type of relief. Municipal entities such as the City are immune from punitive

27  damages under both federal and state law. With respect to the injunctive relief—even assuming the

28  measures Plaintiffs request were properly tailored to the alleged wrongs—Plaintiffs may not recover

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd      -2-      Case No. C 07-03365 EDL

1 │ such relief because, by their own admission, they suffer no continuing wrongs that the measures could

2 │ remedy.

3 │ **III.     STATEMENT OF RELEVANT FACTS**

4 │     Plaintiffs began residing in the City of Clearlake in autumn of 2005. (Deposition of David

5 │ Davis, Exhibit 2 to Declaration of Dirk D. Larsen ["Ex. 2"] at 20:8-21:5.) Between that time and August

6 │ 1, 2006, David Davis had two encounters with officers of the Clearlake Police Department. (Ex. 2 at

7 │ 23:9-24:17.) In the first encounter, a man ran across the street into Mr. Davis's vehicle, which was

8 │ traveling down Lakeshore Boulevard. (Ex. 2 at 23:17-25.) Sgt. Timothy Celli and a few other officers

9 │ arrived at the scene, and Mr. Davis was found not to be at fault for the incident. (Ex. 2 at 23:17-25.) In

10 │ the second encounter, an officer Mr. Davis cannot recall pulled him over and gave him a warning for

11 │ playing music at an excessive volume. (Ex. 2 at 24:1-20.) Neither of these encounters forms a basis for

12 │ Plaintiffs' allegations in the present matter.

13 │     On August 2, 2006, Plaintiffs were pumping gas into their 1967 Mercury Cougar when they were

14 │ approached by Sgt. Celli and Officer Todd Miller. (Ex. 2 at 25:11-28:18.) The windshield of Plaintiffs'

15 │ vehicle contained a crack about seven inches in length. (Ex. 2 at 44:18-45:2.) At the officers' request,

16 │ Mr. Davis provided them with his driver's license, proof of insurance, and "proof that the vehicle was ...

17 │ in the process of being registered." (Ex. 2 at 26:2-8.) The license Mr. Davis provided was a temporary

18 │ license. (Ex. 2 at 40:11-25.) The vehicle was not actually registered at that time; the registration had

19 │ expired. (Ex. 2 at 41:1-42:4.) One officer began looking through the windows of Plaintiffs' vehicle, but

20 │ did not enter the vehicle, and Mr. Davis and the officers began a "verbal exchange," in which Mr. Davis

21 │ called Officer Miller "an out of shape pig." (Ex. 2 at 30:19-31:6, 53:17-54:6; Clearlake Police

22 │ Department Citizen's Personnel Complaint of August 3, 2006, Exhibit A to Declaration of Lt. Michael

23 │ Hermann ["Ex. A"] at 3.) Officer Miller responded to Mr. Davis that "we don't like your kind here," at

24 │ which point "a bunch of bickering and nagging" ensued. (Ex. 2 at 27:18-22, 31:3-6.) Officer Miller

25 │ clarified that his statement referred to individuals with confrontational attitudes toward law-enforcement

26 │ personnel, not to persons of any particular race or ethnicity. (Declaration of Officer Todd Miller

27 │ ["Miller Dec."], ¶ 3) The officers issued Mr. Davis a citation for operating a vehicle without valid

28 │ registration and with a cracked windshield. (Ex. 2 at 39:22-24.) Neither officer directed any racially

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -3-                    Case No. C 07-03365 EDL

1 | derogatory terms toward Plaintiffs, and Plaintiffs did not hear the officers use such terms in reference to

2 | them. (Ex. 2 at 46:24-50:17.)

3 | The following morning, Plaintiffs spoke to Clearlake Police Captain Ron Larsen regarding the

4 | incident of August 2, 2006. (Ex. 2 at 55:7-9.) Captain Larsen informed Plaintiffs that he would speak to

5 | the officers involved. (Ex. 2 at 55:14-17.)

6 | On August 3, 2006, at approximately 1:00 a.m., Plaintiffs were pulled over by Clearlake Police

7 | Officers Timothy Hobbs and Sarah Hardisty for failure to stop at a stop sign. (Ex. 2 at 56:16-59:8;

8 | Clearlake Police Department Traffic Stop Report # 62456, Exhibit C to Hermann Dec. ["Ex. C"], at 1.)

9 | They were traveling in a Chevrolet Suburban—not the Mercury Cougar from the previous evening—and

10 | Ms. Davis was driving. (Ex. 2 at 58:3-10.) The Suburban was not registered. (Deposition of Page

11 | Gearhart-Davis, Exhibit 3 to Larsen Dec. ["Ex. 3"] at 38:8-10.) Mr. Davis was not wearing a seatbelt.

12 | (Ex. 2 at 60:17-20.) After noting the Mr. Davis was not wearing a seatbelt, Officer Hobbs asked him for

13 | identification. (Ex. 2 at 60:21-23.) Mr. Davis provided Officer Hobbs with an interim driver's license,

14 | which was not a photo identification. (Ex. 2 at 60:23-62:10.) Officer Hobbs informed Mr. Davis that he

15 | would be detained, and was under arrest, for failing to produce proper identification. (Ex. 2 at 62:11-13,

16 | 64:14-16.) Mr. Davis exited the Suburban and, upon Officer Hobbs' command, turned around for

17 | Officer Hobbs to place his hands in handcuffs. (Ex. 2 at 63:1-64:7.) Mr. Davis claims that the

18 | handcuffs were too tight, cutting into his wrists. (Ex. 2 at 64:8-10.) Officer Hobbs placed Mr. Davis in

19 | the rear seat of his patrol vehicle. (Ex. 2 at 65:1-6.) At that point, Mr. Davis began suffering an asthma

20 | attack, and he yelled out that he was having difficulty breathing. (Ex. 2 at 65:7-66:21.) Officer Hobbs

21 | called for an ambulance. (Declaration of Officer Timothy Hobbs ["Hobbs Dec."], ¶ 3.) According to

22 | Mr. Davis, Officer Hobbs pulled Mr. Davis from the patrol vehicle onto the ground, placed his knee in

23 | Mr. Davis's back in order to remove the handcuffs, and "the next thing [Mr. Davis] knows," removed

24 | the handcuffs. (Ex. 2 at 66:19-69:19.) Mr. Davis lay on the ground for five or ten minutes and then

25 | noticed that Sgt. Celli and an ambulance had arrived at the scene. (Ex. 2 at 72:3-21.) Mr. Davis refused

26 | treatment from the paramedics. (Ex. 2 at 72:14-21.) None of the officers at the scene directed any racial

27 | slurs toward Plaintiffs that night. (Ex. 2 at 76:1-17.)

28 | On August 3, 2006, Mr. Davis filed a Citizen's Personnel Complaint with the Clearlake Police

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -4-                    Case No. C 07-03365 EDL

1   Department based on the incidents of the two previous evenings. (Ex. A.) In that complaint, Mr. Davis

2   acknowledged that, on August 2, 2006, he called Officer Miller an "out of shape pig" before Officer

3   Miller stated that "we don't like your kind of people here." (Ex. A at 3.) Clearlake Police Captain Ron

4   Larsen conducted the investigation arising from this complaint, which consisted of interviews of Mr.

5   Davis, Sgt. Celli, Officer Miller, Officer Hardisty and Officer Hobbs. (Clearlake Police Department

6   Internal Affairs Investigation # 08-03-06/90/107/132/145, Exhibit B to Hermann Dec. ["Ex. B"].) On

7   August 29, 2006, Captain Larsen determined that Mr. Davis's allegations were unfounded; the officers

8   were thus exonerated from any misconduct or wrongdoing. (Ex. B at 1.)

9          On September 27, 2006, Officer Hobbs issued both Plaintiffs a citation for riding an unregistered

10  motorcycle, riding without helmets, and littering. (Ex. 2 at 83:6-85:1.) Sgt. Celli arrived at the scene

11  shortly after Officer Hobbs stopped Plaintiffs. (Ex. 2 at 84:5-6.) Plaintiffs were found guilty of the

12  infractions relating to this incident and fined over $1,200.00. (Ex. 2 at 83:20-84:4, 85:16-86:4.)

13         Ms. Davis testified that she observed Sgt. Celli drive by their home more than five times a week

14  between August and December, 2006. (Ex. 3 at 45:18-46:7.) Mr. Davis is unable to recall precisely

15  how many times he observed Sgt. Celli drive by their home in that period, other than to state that it was

16  "numerous." (Ex. 2 at 103:3-105:6.)

17         On December 27, 2006, Officer Joseph Labbe and Sgt. Celli stopped Plaintiffs, who were

18  traveling in a van, for driving with an obstructed license plate and failing to use a turn signal. (Ex. 2

19  at 89:17-94:1.) Ms. Davis was driving, and Mr. Davis was a passenger. (Ex. 2 at 89:17-90:3.) Mr.

20  Davis stated that he did not think a turn signal was necessary. (Ex. 2 at 93:17-24.) Plaintiffs claim that

21  Sgt. Celli approached the passenger side of the vehicle with his hand on his gun, although he did not

22  remove the gun from his holster. (Ex. 2 at 91:7-8, 96:13-19.) The van in which they were traveling was

23  not registered. (Ex. 2 at 94:4-14.) Ms. Davis was issued a citation for driving an unregistered vehicle

24  and driving without proof of insurance. (Ex. 2 at 94:2-14.) Neither officer directed any racial slurs

25  towards either Plaintiff during this encounter. (Ex. 3 at 43:18-22.)

26         On January 12, 2007, Plaintiffs filed a Citizen's Personnel Complaint against Sgt. Celli for

27  "racial profiling, abuse of authority, excessive ticket writing, manipulation of staff, falsifying reports,

28  and hate crimes." (Clearlake Police Department Citizen's Personnel Complaint of January 12, 2007,

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -5-                    Case No. C 07-03365 EDL

1  Exhibit D to Hermann Dec. ["Ex. D"] at 1.)  This complaint arose out of the incidents between August 3,

2  2006, and December 27, 2006. (Ex. D at 1.)  Then-Sgt. Michael Hermann conducted the investigation,

3  which consisted of interviews with both Plaintiffs, Officer Labbe and Sgt. Celli.  (Clearlake Police

4  Department Internal Affairs Investigation # 01-12-07/90, Exhibit E to Hermann Dec. ["Ex. E"].)  On

5  January 22, 2007, the Department reached the conclusion that the complaint was unfounded, meaning

6  that Sgt. Celli committed no misconduct.  (Ex. E at 6.)

7       On January 17, 2007, Sgt. Celli and another officer responded to a 911 hang-up call from

8  Plaintiff's residence. (Ex. 2 at 107:20-110:24; County of Lake E911 ALI Report, Exhibit F to Hermann

9  Dec. ["Ex. F"].)  Sgt. Celli did not direct any racial slurs toward Plaintiffs, and did not behave in a

10  threatening manner other than, in Mr. Davis's view, to come to Plaintiffs' home. (Ex. 2 at 108:19-109:8,

11  Ex. 3 at 45:15-17.)  The other officer explained that they had received a 911 call from that house.  (Ex. 3

12  at 44:19-45:2.)  According to Ms. Davis, Sgt. Celli stayed behind the bushes in front of the house and

13  determined that there was no need for police intervention.  (Ex. 3 at 45:3-6.)

14       Plaintiffs organized monthly meetings with the community of Clearlake from September 2006

15  through January 2007. (Ex. 2 at 111:16-112:11.)  They allege that, during those meetings, other people

16  complained about the Clearlake Police Department. (Ex. 2 at 112:13-16.)  However, Plaintiffs have not

17  produced any evidence with respect to those complaints.  Plaintiffs also allege that the Department of

18  Justice became involved in the meetings, but they do not know the outcome of any investigation. (Ex. 2

19  at 113:15-114:13.)  In addition, Plaintiffs allege that former employees of the City of Clearlake have

20  complained about the police department, but they have not produced any evidence with respect to such

21  complaints. (Ex. 2 at 116:21-121:18.)

22       Plaintiffs have had no further encounters with Clearlake Police Officers after January 30, 2007.

23  (Ex. 2 at 126:13-127:22; Ex. 3 at 49:4-50:2.)

24       In their FAC, Plaintiffs seek to recover punitive damages from the City as well as the following

25  injunctive relief: "[a]ny officers to be found guilty of any civil or criminal charges to be prosecuted[,]"

26  and "[c]onduct a full investigation into the Clear Lake [sic] Police Department and Employees (past and

27  present.)"  (FAC at 9:13-22.)

28  ///

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -6-                    Case No. C 07-03365 EDL

1     IV.    **ARGUMENT**

2       A.     **Standard of Review**.

3       Summary judgement should be granted if "the pleadings, depositions, answers to interrogatories,

4 and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

5 material fact and the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). It pierces

6 the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence

7 for its claims to create a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325

8 (1986). In order to meet its initial burden, "the moving party must either produce evidence negating an

9 essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

10 have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan*

11 *Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

12       In opposing a motion for summary judgment, the adverse party "may not rest upon the mere

13 allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as

14 otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for

15 trial." F.R.C.P. 56(e). In the absence of such a response, "summary judgment, if appropriate, shall be

16 entered against the adverse party." *Id.*

17       B.     **Plaintiffs' 42 U.S.C. § 1983 Claims Against the City Have No Merit as a Matter of**

18          **Law**.

19       Plaintiffs appear to bring a number of 42 U.S.C. § 1983 claims against the City. Section 1983

20 provides a private right of action for deprivation of federal rights under color of state law. Based on the

21 allegations in the FAC, Plaintiffs appear to allege the following deprivations on the part of the City's

22 officers: (1) unreasonable search and seizure in violation of the Fourth Amendment arising from the

23 incidents of August 2, August 3, September 27 and December 27, 2006 (FAC, ¶ 14); (2) excessive force

24 in violation of the Fourth Amendment arising from the incident of August 3, 2006 (FAC, ¶¶ 15, 16); (3)

25 false arrest of David Davis in violation of the Fourth and Fourteenth Amendments (FAC, ¶ 16); (4)

26 selective, racially motivated enforcement of the law in violation of the Equal Protection Clause of the

27 Fourteenth Amendment (FAC, ¶ 16); and (5) deprivation of the liberty to leave their home in violation of

28

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd        -7-        Case No. C 07-03365 EDL

1  the Due Process Clause of the Fourteenth Amendment (FAC, ¶ 15).[1] Plaintiffs also allege two § 1983

2  causes of action against the City itself: (1) failure to investigation citizen complaints properly and (2)

3  failure to supervise officers adequately.  (FAC, ¶¶ 17-18.)

4         A municipal entity cannot be held liable for unconstitutional acts of its officers based solely on

5  the doctrine of respondeat superior. *Monell v. Dept. of Social Svcs. of City of New York*, 436 U.S. 658,

6  694 (1978). A municipality may be held liable for an official policy or informal custom that led to the

7  unconstitutional acts. *Id.* at 690-94.  Moreover, the municipality's custom, policy, practice, or

8  deliberately indifferent training, supervision or hiring must actually be the cause of the deprivation of the

9  plaintiff's federal rights; it must be the "moving force" behind the employees' conduct resulting in the

10  deprivation. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).  It follows

11  that, where no City employee caused a constitutional deprivation, the City itself cannot be held liable for

12  a custom or policy causing the purported deprivation. *See City of Los Angeles v. Heller*, 475 U.S. 796,

13  799 (1986).

14         Plaintiffs' allegations that the City failed to act by failing to investigate complaints properly and

15  failed to supervise its officers adequately are governed by the standards set forth in *City of Canton v.*

16  *Harris*, 489 U.S. 378 (1989). *See Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989)

17  (holding that *City of Canton*'s "inadequate training" standard also applies to allegations of inadequate

18  supervision); *see Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (applying *City of Canton*'s test

19  to allegations of municipal inaction).  Under *City of Canton*'s standard, the City may only be held liable

20  if Plaintiffs establish (1) that they possessed a constitutional right of which they were deprived; (2) that

21  the City had a policy amounting to "deliberate indifference" to their constitutional right; and (3) that the

22  policy was the "moving force" behind the constitutional violation. *See Oviatt*, 954 F.2d at 1474 [citing

23  *City of Canton*, 489 U.S. at 389-391].  Accordingly, under both *Monell* and *City of Canton*, Plaintiffs

24  must first establish that they were deprived of a constitutional right before municipal liability may attach.

25         As discussed in the following subsections, no City employee deprived Plaintiffs of any

26  constitutional right, thus precluding liability on the part of the City.  Moreover, Plaintiffs have produced

27

28         [1]The FAC also contains an allegation that a City officer forged David Davis's name on a traffic citation, but
Plaintiffs have withdrawn this allegation.  (FAC, ¶¶ 10, 16; Ex. 2 at 81:10-25.)

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -8-                    Case No. C 07-03365 EDL

1  no evidence that the City's investigation and supervision policies or practices amounted to "deliberate

2  indifference" to Plaintiffs' constitutional rights.

3          **1.**    **Because the City's Officers Had Reasonable Suspicion to Detain Plaintiffs on the Dates in Question, Their Conduct Did Not Constitute Unreasonable**

4                      **Searches and Seizures in Violation of the Fourth Amendment**.

5        The Fourth Amendment to the U.S. Constitution states that "[t]he right of the people to be secure

6  in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

7  violated... ." U.S. Const., Amend. IV. The Amendment does not prohibit all searches and seizures by

8  government officials, but only unreasonable ones. *Terry v. Ohio*, 392 U.S. 1, 9 (1968). A seizure occurs

9  when a police officer restrains an individuals freedom to walk away, even if no arrest is made. *Id.* at 16.

10  But such a detention is not unreasonable—and thus does not violate the individual's Fourth Amendment

11  rights—where the officer "can point to specific and articulable facts which, taken together with rational

12  inferences from those facts, reasonably warrant that intrusion." *See id.* at 21. In other words, an officer

13  may briefly detain an individual if the officer has "reasonable suspicion" that the individual "has

14  committed, is committing or is about to commit a crime." *U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th

15  Cir. 2006) (citing *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000).) *Terry*'s "reasonable

16  suspicion" test applies whether officers detain the individual in question in public, as the driver of a

17  vehicle, or as a passenger in a vehicle. *Delaware v. Prouse*, 440 U.S. 648, 663 (1979); *see Brendlin v.*

18  *California*, 551 U.S. ___, 127 S.Ct. 2400, 2406-2408 (2007).

19        Here, on every occasion on which the City's officers detained Plaintiffs, those officers had

20  specific and articulable facts justifying the intrusion, namely, that one or both Plaintiffs had committed,

21  or were about to commit, a traffic infraction. On August 2, 2006, Plaintiffs were detained while

22  pumping gasoline into a vehicle with a visibly cracked windshield, in violation of California Vehicle

23  Code § 26710, and their vehicle did not exhibit valid registration. (Ex. 2 at 41:1-42:4, 44:18-45:2.) On

24  August 3, 2006, officers stopped Plaintiffs for failing to stop at a stop sign and driving a vehicle that did

25  not exhibit valid registration. (Ex. 2 at 56:16-59:8; Ex. 3 at 38:8-10; Ex. C at 1.) In addition, once the

26  officers approached the vehicle, they observed that David Davis was not wearing a seatbelt. (Ex. 2 at

27  60:17-20.) On September 27, 2006, Plaintiffs were cited for riding an unregistered motorcycle without

28  helmets and for littering—again, infractions that the officers observed without unreasonable intrusion on

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                      -9-                      Case No. C 07-03365 EDL

1 | Plaintiffs' privacy. (Ex. 2 at 83:6-86:4.) Plaintiffs were fined for these infractions. (Ex. 2 at

2 | 83:20-84:4, 85:16-86:4.) Finally, on December 27, 2006, the officers stopped Plaintiffs for failing to use

3 | a turn signal, and then noted that the vehicle was unregistered. (Ex. 2 at 89:17-94:1, 94:4-14.) Plaintiffs

4 | concede both the failure to use the turn signal and the lack of valid registration. (Ex. 2 at 89:17-94:1,

5 | 94:4-14.) Accordingly, in every instance in which Plaintiffs were detained, the City's officers had

6 | reasonable suspicion to justify the detention. The officers' actions were thus not only reasonable under

7 | the Fourth Amendment, but also lawful and proper in that they constituted attempts to cite and deter

8 | violations of the law.

### 2. Officer Hobbs Applied Reasonable Force to David Davis and Thus Did Not Violate Mr. Davis's Rights under the Fourth Amendment.

11 | Plaintiffs' allege that "Clearlake Police Department officers used excessive force when detaining

12 | David Davis in violation of the Forth [sic] and Fourteenth Amendments to the United States

13 | Constitution." (FAC, ¶ 16.) Because the incident of August 3, 2006, is the only time any officer is

14 | alleged to have applied force to Mr. Davis, Plaintiffs are presumably referring to this date. On that

15 | evening, Officer Hobbs handcuffed Mr. Davis, placed him in the patrol vehicle, and immediately

16 | removed the handcuffs once Mr. Davis began experiencing symptoms of asthma. (Ex. 2 at 63:1-64:7,

17 | 65:1-6; Hobbs Dec., ¶ 3.)

18 | "[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the

19 | course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the

20 | Fourth Amendment and its 'reasonableness' standard, rather than a 'substantive due process' approach."

21 | *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original). A seizure occurs when an "officer,

22 | by means of physical force or show of authority, has in some way restrained the liberty of a citizen."

23 | *Terry* 392 U.S. at 19, n.16. Because the alleged use of force occurred in the course of an investigatory

24 | traffic stop, the Fourth Amendment's "reasonableness" standard applies. Accordingly, Plaintiffs' claim

25 | of excessive force must be analyzed under this standard.

26 | Under the objective reasonableness standard, "[d]etermining whether the force used to effect a

27 | particular seizure is 'reasonable' ... requires a careful balancing of 'the nature and quality of the intrusion

28 | on the individual's Fourth Amendment interests' against the countervailing governmental interests at

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -10-                    Case No. C 07-03365 EDL

stake." *Graham*, 490 U.S. at 396 (internal citations omitted).  The officer's conduct must be evaluated

in light of the particular circumstances "from the perspective of a reasonable officer on the scene, rather

than with 20/20 vision of hindsight." *Id.* at 396-397.  The standard does not require police officers to

use the "least intrusive means of responding to an exigent situation; they need only act within the range

of conduct [the law identified] as reasonable." *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994), *cert.*

*denied*, 515 U.S. 1159 (1995).  The question of reasonableness of force is usually a question for the jury,

but the court may make a determination on summary judgment where, viewing the evidence in the light

most favorable to the non-moving party, the evidence compels the conclusion that the use of force was

reasonable.  *Hopkins v. Andaya*, 958 F.2d 881, 885 (9th Cir. 1992) (overruled on other grounds as

recognized in *Federman v. County of Kern*, 61 Fed.Appx. 438, 440 (9th Cir. 2003)).

Here, Officer Hobbs handcuffed Mr. Davis only after observing that Mr. Davis was not wearing a

seatbelt, in violation of California Vehicle Code § 27315(e).  In addition, Mr. Davis failed to produce

photo identification, thus justifying the further detention under California Vehicle Code § 40302(a).[2]

Officer Hobbs took Mr. Davis's hands and placed them in handcuffs. (Ex. 2 at 63:1-64:7.)  Mr. Davis

testified that the handcuffs were excessively tight, cutting into his wrists. (Ex. 2 at 64:8-10.)  However,

he also testified that Officer Hobbs removed the handcuffs once he began exhibiting symptoms of an

asthma attack, which started when he was placed into the police vehicle.  (Ex. 2 at 65:7-66:21,

66:19-69:19.)  Officer Hobbs pulled Mr. Davis from the vehicle onto the ground and placed his knee

into Mr. Davis's back, but only in order to remove the handcuffs. (Ex. 2 at 66:19-69:19.)  In addition,

Officer Hobbs called for an ambulance in response to Mr. Davis's asthma symptoms.

In *Hupp v. City of Walnut Creek*, 389 F.Supp.2d 1229 (N.D. Cal. 2005), the court granted

summary judgment to defendant police officers who were alleged to have applied excessive force in a

---

[2]California Vehicle Code § 40302 states, in relevant part:

> Whenever any person is arrested for any violation of this code, not declared to be a
> felony, the arrested person shall be taken without unnecessary delay before a magistrate
> within the county in which the offense charged is alleged to have been committed and
> who has jurisdiction of the offense and is nearest or most accessible with reference to the
> place where the arrest is made in any of the following cases:
>
> (a) When the person arrested fails to present his driver's license or other satisfactory
> evidence of his identity for examination.

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -11-                    Case No. C 07-03365 EDL

1    cuffing procedure following an arrest for failure to wear a seatbelt. The *Hupp* court noted that the

2    officers twice loosened the handcuffs upon the plaintiff's complaints, and that the plaintiff produced no

3    evidence—other than his subjective complaints—that the handcuffs caused physical injury. *Id.* at 1232.

4    *Hupp* distinguished Ninth Circuit cases finding a possible Fourth Amendment violation where a doctor

5    had testified that the arrestee suffered nerve damage, where an officer refused to loosen handcuffs

6    following the arrestee's complaint, and where the arrestee's wrists were discolored and the officer

7    ignored the arrestee's complaint. *Id.* (distinguishing *Wall v. County of Orange*, 364 F.3d 1107, 1109-12

8    (9th Cir. 2004); *LaLonde v. County of Riverside*, 204 F.3d 947, 952, 960 (9th Cir. 2000); *Palmer v.*

9    *Sanderson*, 9 F.3d 1433, 1434-36 (9th Cir. 1993).)

10           Like the officers in *Hupp*, and unlike those in the cases *Hupp* distinguishes, Officer Hobbs

11   responded to Mr. Davis's physical complaints immediately. While, according to Plaintiffs' allegations,

12   he did not immediately loosen the handcuffs, Mr. Davis's asthma attack began as soon Officer Hobbs

13   placed him in the patrol vehicle—which itself occurred directly after the handcuffing—and Officer

14   Hobbs responded by not only loosening the handcuffs but by removing them. (Ex. 2 at 65:7-69-19.) In

15   addition, Officer Hobbs immediately called for paramedics to respond and treat Mr. Davis's symptoms.

16   (Hobbs Dec., ¶ 3.) With respect to pulling Mr. Davis out of the vehicle and placing his knee in Mr.

17   Davis's back, Officer Hobbs did so in order to remove Mr. Davis's handcuffs and thus alleviate his

18   asthma symptoms. (*See* Ex. 2 at 66:19-69:19.) While Plaintiffs may argue that less intrusive means may

19   have accomplished the same result, Officer Hobbs was not required to use the least intrusive means

20   available, but merely reasonable means. (*See Scott*, 39 F.3d at 915.) Moreover, given Mr. Davis's

21   breathing difficulties and handcuffed position, any other means—such as attempting to remove the cuffs

22   while Mr. Davis was still in the vehicle, to stand him upright outside, or to lean him against the

23   vehicle—may have prolonged the handcuff-removal process or subjected Mr. Davis to injury. Under

24   these circumstances, Officer Hobbs exhibited serious concern for Mr. Davis's condition and took

25   reasonable measures to ensure his well-being. This incident is thus materially distinguishable from those

26   at issue in *Wall*, *LaLonde* and *Palmer* and, like the incident in *Hupp*, did not result in a violation of Mr.

27   Davis's Fourth Amendment rights.

28   ///

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                        -12-                        Case No. C 07-03365 EDL

1

        **3.**    **Because the City's Officers Had Probable Cause to Arrest Plaintiff for Not Wearing A Seatbelt, the Arrest Did Not Constitute a False Arrest in Violation of the Fourth Amendment.**

2

3        Plaintiffs' allege that the City's officers "false detained" Mr. Davis. (FAC, ¶ 16.) As discussed

4  in section III(B)(1), *supra*, the investigatory detentions of August 2, August 3, September 27, and

5  December 27, 2006, were all justified by reasonable suspicion that a crime was being or was about to be

6  committed. To the extent Plaintiffs are referring to Mr. Davis's August 3, 2006 arrest for failure to wear

7  a seatbelt, this arrest was justified by probable cause.

8        "If an officer has probable cause to believe that an individual has committed even a very minor

9  criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."

10  *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001). Probable cause to arrest requires "the existence

11  of facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person

12  in believing that the suspect has committed, is committing, or is about to commit an offense." *U.S. v.*

13  *Wesley*, 293 F.3d 541, 545 (9th Cir. 2002) (internal citations omitted). "[T]he existence of probable

14  cause must be determined objectively from the facts and circumstances known to the officers at the time

15  of the arrest." *Id.* at 546, n. 4 *(citing Whren v. U.S.*, 517 U.S. 806, 813 (1996)).

16        Here, the facts and circumstances known to Officer Hobbs at the time of the August 3, 2006

17  incident were that Plaintiff was riding in a vehicle without wearing a seatbelt, in violation of California

18  Vehicle Code § 27315(e). Mr. Davis has conceded as much. (Ex. 2 at 60:17-20.) Officer Hobbs thus

19  had well more than probable cause to believe that Mr. Davis committed a traffic offense, no matter how

20  minor it may appear. Moreover, in both *Hupp* and *Atwater*, the officers' observation that the plaintiffs

21  were not seatbelted justified the subsequent arrest and detention. *Hupp*, 389 F.Supp.2d at 1232;

22  *Atwater*, 532 U.S. at 354. Accordingly, Officer Hobbs's arrest and detention of Mr. Davis for not

23  wearing a seatbelt was supported by probable cause and thus did not violate Mr. Davis's Fourth

24  Amendment rights.

25        **4.**    **Because Plaintiff's Have Produced No Evidence of Intentional Discrimination, Their Claim for Racial Profiling Fails as a Matter of Law.**

26

27        Plaintiffs appear to allege that they have been victims of racial profiling at the hands of the City's

28  officers. (FAC, ¶¶ 2, 16, and at 9:14.) They thus appear to be pleading a cause of action for selective

---

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd        **-13-**        Case No. C 07-03365 EDL

1    enforcement of the law in violation of the Equal Protection Clause of the Fourteenth Amendment.  In

2    *Snowden v. Hughes*, 321 U.S. 1, at 8 (1944), the U.S. Supreme Court stated:

> The unlawful administration by state officers of a state statute fair on its
> face, resulting in its unequal application to those who are entitled to be
> treated alike, is not a denial of equal protection unless there is shown to be
> present in it an element of intentional or purposeful discrimination. This
> may appear on the face of the action taken with respect to a particular class
> or person ... [citations], or it may only be shown by extrinsic evidence
> showing a discriminatory design to favor one individual or class over
> another not to be inferred from the action itself [citations]. But a
> discriminatory purpose is not presumed ... [citations] there must be a
> showing of 'clear and intentional discrimination'[.]

9    Accordingly, for Plaintiffs to sustain a claim for racial profiling in violation of the Equal Protection

10   Clause, they would have to produce evidence of discriminatory intent on the face of the action—e.g.,

11   racial slurs or epithets—or evidence indicating such an intent through a showing that non-African-

12   Americans are treated differently.

13        Plaintiffs have produced neither type of evidence here.  Despite the allegations in the FAC,

14   Plaintiffs have testified that the City's officers did not direct any racial epithets at them during any of

15   their mutual encounters.  (Ex. 2 at 46:24-50:17, 76:1-17, 108:19-109:8; Ex. 3 at 43:18-22.)  Nor have

16   they produced any other evidence—such as witness statements or officer testimony—indicating that

17   racial animus played any role in these encounters.  Plaintiffs may argue that Officer Miller's statement

18   that "we don't like your kind here" exhibited the requisite discriminatory intent.  However, not only does

19   the statement itself lack any indication of specifically racial animus, but Officer Miller made it only after

20   Mr. Davis had called him "an out of shape pig."  Given this context and the complete absence of any

21   other evidence supporting racial animus, the "your kind" in this statement simply meant that which

22   Officer Miller attempted to explain to Mr. Davis: people exhibiting confrontational attitudes and

23   disrespect toward law-enforcement officers.  (Miller Dec., ¶ 3.)

24        Plaintiffs have also failed to produce any extrinsic evidence of a design on the part of the City's

25   officers to favor one class—i.e., non-African-Americans—over African-Americans.  They have not

26   demonstrated that City officers do not cite or arrest non-African-Americans for driving unregistered

27   vehicles, failing to stop at stop signs, failing to use turn signals, or failing to wear helmets on

28   motorcycles or seatbelts in automobiles.  Plaintiffs have also produced no evidence that City officers do

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -14-                    Case No. C 07-03365 EDL

1  not respond to 911 hang-up calls from the residences of non-African-Americans.  Accordingly, Plaintiffs

2  have not only failed to produce evidence of the "clear and intentional discrimination" *Snowden* requires,

3  they have failed to produce any evidence of racial discrimination at all.  The City thus cannot be held

4  liable for its officers alleged violation of Plaintiffs' equal protection rights.

5      **5.      Because Plaintiff's Have Produced No Evidence of Deprivation of Liberty,**
        **Their Claim for Violation of the Due Process Clause Fails as a Matter of**
6      **Law.**

7  .        In their cause of action for violation of the Fourteenth Amendment, Plaintiffs allege that they

8  "were deprived of their liberty to leave their home during Sgt. Celli's shift [between August and

9  December 2006] because of all the undue harassment which always occurred during his evening shift."

10 (FAC, ¶ 15.)  Plaintiffs appear to base this allegation on their encounters with City officers, described

11 above, as well as on their testimony that Sgt. Celli drove by their home up to five times per week

12 between August and December 2006.  However, they have produced no evidence that they were

13 deprived of the liberty to leave their home as free, law-abiding citizens are entitled to do.

14        With respect to their actual contacts with Clearlake Police Officers, Plaintiffs have only produced

15 evidence that, when they violate the law, the officers cite and briefly detain them for the violation.  As

16 discussed in sections III(B)(1) and (2), *supra*, Plaintiffs concede to a violation of law giving rise to every

17 encounter with the City's officers between August and December, 2006.  Accordingly, while Plaintiffs

18 may have been deprived of their liberty to violate the law with impunity, this liberty is not protected by

19 the Due Process Clause of the Fourteenth Amendment.

20        With respect to Sgt. Celli allegedly driving by Plaintiffs' home, Plaintiffs have not produced any

21 evidence that Sgt. Celli did so with an intent to confine them to their home.  They do not claim that Sgt.

22 Celli ever spoke to them on these occasions, attempted to do so, or even knew that Plaintiffs were home.

23 In addition, they have produced no evidence that they ever attempted to leave their home on such an

24 occasion, but were prevented by Sgt. Celli from doing so.  Instead, Plaintiffs base the alleged deprivation

25 of liberty on their own subjective fear, a fear resulting from encounters which themselves resulted from

26 Plaintiffs' violations of the law.  (*See* FAC, ¶ 15.)  Moreover, in alleging a deprivation of their liberty,

27 Plaintiffs are attempting to deprive Sgt. Celli and other City officers of the ability to perform their job by

28 patrolling the streets of Clearlake.  Because Plaintiffs have not produced any evidence that they were

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -15-                    Case No. C 07-03365 EDL

1    actually deprived of their liberty to engage in lawful activities outside their home, they cannot sustain a

2    claim against the City based on this supposed deprivation.

3          6.    **Plaintiffs Have Not Demonstrated That "Deliberate Indifference" on the Part of the City Resulted in the Alleged Constitutional Violations.**

4

5          As discussed in the previous sections, Plaintiffs cannot demonstrate, as a matter of law, that any

6    City officer deprived them of their federal rights. Accordingly, they cannot sustain a claim for municipal

7    liability under *Monell*, *Canton* and *Heller*, all of which require a predicate constitutional violation. *See*

8    *Monell*, 436 U.S. at 690-694; *see Heller*, 475 U.S. at 799; *City of Canton*, 489 U.S. at 389-391.

9    However, even if Plaintiffs were able to produce evidence of a constitutional violation, they would still

10   have to show that the violation resulted from a City custom or policy amounting to "deliberate

11   indifference" to their federal rights. *City of Canton*, 489 U.S. at 388-389. A municipality exhibits such

12   "deliberate indifference" only when the act or omission giving rise to the alleged constitutional violation

13   "reflects a 'deliberate' or 'conscious' choice" on the part of the municipality, "where ...a deliberate

14   choice to follow a course of action is made from among various alternatives by city policymakers[,]" and

15   this choice reflects indifference to the constitutional rights of others. *Id.* at 389-391 (citations omitted).

16         Here, Plaintiffs have produced no evidence that City policymakers deliberately made a choice to

17   follow a course of action reflecting indifference to their constitutional rights. They allege that the City

18   failed to investigate citizen complaints properly, presumably because their own complaints were

19   determined to be unfounded. (*See* FAC, ¶ 17.) However, those complaints were determined to be

20   unfounded because, as discussed in the previous sections, no misconduct or constitutional violation

21   occurred. (*See* Ex. B at 1; *see* Ex. E at 6.) Moreover, Mr. Davis was given the opportunity to relate his

22   version of events as part of the Internal Affairs investigations triggered by his complaints. (*See* Ex. B at

23   3-4; see Ex. E at 1-4.)

24         Plaintiffs also allege that the Clearlake Police Department "does not monitor complaints filed

25   against its officers as a means of detecting problems before they occur." (FAC, ¶ 18.) First, as discussed

26   in the preceding sections, no "problems" in the form of constitutional violations occurred with respect to

27   Plaintiffs. Instead, the City officers properly cited and detained Plaintiffs for violations that Plaintiffs

28   themselves concede. Second, Plaintiffs have produced no evidence that the City does not monitor

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                           -16-                        Case No. C 07-03365 EDL

1   complaints against its officers. On the contrary, the Clearlake Police Department conducted a full

2   investigation of each of Plaintiffs' complaints. (*See* Ex. B, Ex. E.) That the results

3   were—justifiably—not to Plaintiffs' liking does not amount to deliberate indifference to Plaintiffs'

4   rights.

5       Even if Plaintiffs were able to show that any individual officer deprived them of their rights, this

6   showing would not satisfy *City of Canton*'s "deliberate indifference" standard. *See Blankenhorn v. City*

7   *of Orange*, 485 F.3d 463, 484-485 (9th Cir. 2007). The *Blankenhorn* plaintiff offered evidence that the

8   City of Orange may not have trained a particular officer adequately with respect to the use of force. *Id.*

9   at 484. The court held that, while such training may reflect negligence on the part of the municipal

10  defendant, it did not amount to the "program-wide inadequacy in training" required for a showing of

11  deliberate indifference. *Id.* at 484-485. Accordingly, even if Plaintiffs were able to show that the City

12  inadequately supervised any single officer, and that this inadequate supervision resulted in a

13  constitutional deprivation, this showing would be insufficient to hold the City liable under § 1983.

14      **C.    Because 18 U.S.C. §§ 241 and 242 Are Penal Statutes That Do Not Provide Private
            Rights of Action, Plaintiffs' Causes of Action Pursuant to Those Statutes Have No**

15          **Merit as a Matter of Law.**

16      Plaintiffs' first two causes of action are brought pursuant to 18 U.S.C. §§ 241[3] and 242[4],

17

18  _____

    [3] 18 U.S.C. § 241 states:

19  If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth,
    Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws

20  of the United States, or because of his having so exercised the same; or

    If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free

21  exercise or enjoyment of any right or privilege so secured–

22  They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts
    committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or

23  an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any

24  term of years or for life, or both, or may be sentenced to death.

25      [4] 18 U.S.C. § 242 states:

26  Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State,
    Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or

27  protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such
    person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined

28  under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in
    violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives,

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -17-                    Case No. C 07-03365 EDL

respectively. (FAC, ¶¶ 9-10.) These statutes provide only for criminal penalties for the violation of civil rights; they do not provide private rights of action. *See Moore v. Kamikawa*, 940 F.Supp. 260, 265 (D. Hawaii 1995). Accordingly, they do not provide bases for Plaintiffs' claims in this civil lawsuit. Moreover, § 241 prohibits only concerted action by "two or more persons." Here, the City is a single entity and thus a single "person." The City is thus entitled to judgment as a matter of law as to Plaintiffs' first two causes of action.

**D.    Because 42 U.S.C. § 14141 Does Not Provide a Private Right of Action, Plaintiffs' Cause of Action Pursuant to it Has No Merit as a Matter of Law.**

Plaintiffs allege a cause of action for "violation of civil rights under the Law Enforcement Misconduct Statute, 42 U.S.C. § 14141." (FAC, ¶ 11.) That section provides:

(a) Unlawful conduct

It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

(b) Civil action by Attorney General

Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

The statute specifically provides a right of action only by the Attorney General, in the name of the United States. It does not provide a private right of action. Accordingly, because Plaintiffs are private individuals, the City is entitled to judgment as a matter of law as to this cause of action.

**E.    Because the City is a Single Entity, It Cannot Be Liable for Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1985.**

Plaintiffs allege a cause of action for conspiracy to interfere with civil rights pursuant to

---

or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd            -18-            Case No. C 07-03365 EDL

1    42 U.S.C. § 1985.  That section only prohibits violations committed by "two or more persons."  (42

2    U.S.C. §§ 1985(1)-(3).)  Here, the only named defendant is the City of Clearlake, a single entity.

3    Because the City cannot consist of "two or more persons," § 1985 is inapplicable on its face to Plaintiff's

4    allegations.  Accordingly, the City is entitled to judgment as a matter of law as to this cause of action.

5    **F.    As a Matter of Law, Plaintiffs May Not Recover Punitive Damages from the City, a Public Entity.**

6

7    .        In the FAC's prayer for relief, Plaintiffs' seek "[c]ompensation for punitive damages[.]" (FAC, at

8    9:13-16.)  The City—the only named defendant—is a local governing body.  Whether Plaintiffs construe

9    their causes of action as federal or state claims, the City is immune from liability for punitive damages.

10   Local governing bodies are immune from punitive damages in suits brought under 42 U.S.C. § 1983.

11   *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  And California Government Code

12   § 818 provides, in pertinent part: "[n]otwithstanding any other provision of law, a public entity is not

13   liable for ... damages imposed primarily for the sake of example and by way of punishing the defendant."

14    Accordingly, Plaintiffs may not recover punitive damages from the City under any theory.  Summary

15   adjudication of this issue should thus be granted in the City's favor.

16   **G.    Because Plaintiffs Suffer No Continuing Wrongs, They Are Not Entitled to the Equitable Relief They Seek.**

17

18       In the FAC's prayer for relief, Plaintiffs request the following equitable relief:

19           (B)   Any officers to be found guilty of any civil or criminal charges to be prosecuted.

20

21           (C)   Conduct a full investigation into the Clear Lake [sic] Police Department and Employees (past and present).

22       While equitable relief is available in lawsuits brought pursuant to 42 U.S.C. § 1983, the relief

23   must actually be remedial, i.e., it must actually right the wrongs of which the plaintiffs complain.  *See*

24   *Milliken v. Bradley (Milliken II),* 433 U.S. 267, 282 (1977).  Common examples of § 1983 suits in which

25   equitable relief is appropriate include school-desegregation and prison-condition cases.  *See, e.g., id.;*

26   *see, e.g., Hutto v. Finney,* 437 U.S. 678, 687 (1978).

27       Here, both Plaintiffs have testified that they have had no further contact with City of Clearlake

28   Police Officers since January of 2007.  (Ex. 2 at 126:13-127:22; Ex. 3 at 49:4-50:2.)  Accordingly, even

---

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -19-                    Case No. C 07-03365 EDL

1    if they had suffered wrongs at the officers' hands, they no longer do so. Any equitable relief—especially

2    the overly broad relief Plaintiffs seek—would thus not remedy Plaintiffs' present situation, as Plaintiffs'

3    present situation, by their own admission, does not require remedial action. Summary adjudication of

4    this issue should thus be granted in favor of the City, and the prayers for equitable relief should be

5    dismissed.

6    **V.    CONCLUSION**

7    .         For the foregoing reasons, the City respectfully requests that the Court grant its motion for

8    summary judgment and dismiss Plaintiffs' First Amended Complaint in its entirety with prejudice. In

9    the alternative, the City respectfully requests that the Court grant its motion for partial summary

10   judgment on the grounds that the City is entitled to judgment as a matter of law as to any one or more

11   claims or prayers for relief against it, and requests that those claims or prayers for relief be dismissed

12   with prejudice.

13

14        Dated: July 8, 2008.

15                                              LOW, BALL & LYNCH

16

17                                         By_____
                                              DALE L. ALLEN, JR.
18                                            DIRK D. LARSEN
                                              Attorneys for Defendant
19                                            CITY OF CLEARLAKE

20

21

22

23

24

25

26

27

28

---

DEFENDANT CITY OF CLEARLAKE'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

J:\1427\sf0001\MSJ\MSJ-mot.mpa.wpd                    -20-                        Case No. C 07-03365 EDL