DALE L. ALLEN, JR., # 145279
DIRK D. LARSEN, # 246028
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634

Attorneys for Defendant
CITY OF CLEARLAKE
(erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

IN THE UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID DAVIS and PAGE GEARHART-DAVIS PRO-SE,<br><br>Plaintiffs,<br><br>vs.<br><br>CLEARLAKE POLICE DEPARTMENT,<br><br>Defendants. | Case No. C 07-03365 EDL<br><br>DEFENDANT CITY OF CLEARLAKE'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT<br><br>Date: August 12, 2008<br>Time: 9:30 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. LaPorte |

## I. INTRODUCTION

Reduced to its essence, this lawsuit arises from plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS's ("Plaintiffs") desire to avoid the enforcement of the law in the City of Clearlake. The City's officers had lawful justification for every encounter underlying Plaintiffs' allegations—namely, Plaintiffs' own violations of the law—thus eliminating the possibility of a Fourth Amendment violation. Moreover, Plaintiffs have produced no admissible evidence demonstrating a discriminatory intent on the part of the officers or the City, thus eliminating the possibility of a Fourteenth Amendment violation. Because Plaintiffs' rights were not violated, the City itself—the only named defendant—cannot be held liable under any theory. In addition, Plaintiffs have raised no

cognizable arguments in support of their claims based on statutes other than 42 U.S.C. § 1983.

Plaintiffs have attempted to raise a number of factual issues in their opposition brief, but none of them amounts to a genuine issue of material fact sufficient to defeat the City's motion. Plaintiffs concede facts giving rise to the officers' reasonable suspicion in every instance, and reasonable suspicion is all that is required to make a stop under the Fourth Amendment. They fail to produce sufficient, admissible evidence of racial animus, and produce no evidence at all that others similarly situated are treated differently. They reject, without evidentiary basis, an explanation for the response to the 911 call from their home—an explanation consistent with their own evidence—and make the completely unsubstantiated allegation that this sworn explanation was fabricated. Finally, they introduce evidence of alleged officer misconduct with respect to other individuals, but succeed only in showing that the City has a policy of investigating complaints thoroughly, not tolerating racial discrimination, and taking corrective action where necessary. Accordingly, Plaintiffs have failed to raise a genuine issue of material fact for trial, and the City is entitled to judgment as a matter of law as to all causes of action in Plaintiffs' first amended complaint.

## II. ARGUMENT

### A. The City's Officers Did Not Violate Plaintiffs' Fourth or Fourteenth Amendment Rights.

#### 1 The City's Officers Possessed the Requisite Reasonable Suspicion or Probable Cause for Every Stop or Arrest.

A police officer may briefly detain an individual if the officer has "reasonable suspicion" that the individual "has committed, is committing or is about to commit a crime." *U.S. v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006) (citing *U.S. v. Lopez-Soto*, 205 F.3d 1101, 1104 (9th Cir. 2000).) The officer's subjective motivation for making the stop is irrelevant for purposes of the Fourth Amendment. *Whren v. U.S.*, 517 U.S. 806, 813 (1996). Whether a "reasonable officer" would have made the stop is also irrelevant to a Fourth Amendment analysis. *Id.* at 814-815.

As discussed in the City's memorandum of points and authorities in support of the present motion, Plaintiffs have conceded to at least one violation of law giving rise to the requisite reasonable suspicion for every detention of which Plaintiffs complain. (*See* the City's Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ["Mot."] at 9:3-10:8.) Plaintiffs do not

dispute any of the material facts giving rise to the reasonable suspicion: that they operated unregistered vehicles, failed to stop at stop signs, rode without a seatbelt, failed to use a turn signal, and rode a motorcycle without a helmet. Yet they expect to the officers to turn a blind eye to their conduct, merely because of Mr. Davis's race or because they had filed citizen's complaints. However, for Fourth Amendment purposes, the reasonableness of the stop is established once reasonable suspicion exists, and Plaintiffs have conceded facts giving rise to reasonable suspicion in every instance.

The same is true for the probable cause to arrest Mr. Davis for failure to wear a seat belt on August 3, 2006. Mr. Davis admitted he was not wearing a seat belt. (Deposition of David Davis, Exhibit A to Declaration of Dirk D. Larsen filed herewith ["Ex. A"] at 60:17-20.) Despite Plaintiffs' attempt to distinguish *Atwater v. City of Lago Vista*, 532 U.S. 318 (2001), that case clearly holds that an officer may make an arrest for "even a very minor criminal offense [committed] in his presence," including a mere infraction. *Id.* at 354 and fn. 25; *see* Plaintiffs' Opposition ["Opp."] at 13:13-18. With respect to Officer Hobbs's use of force, Plaintiffs have not cited one case to counter the City's argument that such force was objectively reasonable under the circumstances, and that Officer Hobbs is entitled to qualified immunity in any event. Instead, Plaintiffs assert that "common sense" would have told Officer Hobbs that his conduct was not likely to alleviate Mr. Davis's asthma symptoms. Opp. at 13:8-13. However, as the City pointed out in its moving papers, Officer Hobbs was not required to use the least intrusive means available, but merely reasonable means. *See Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994); Mot. at 12:18-20. While Officer Hobbs's conduct may not have conformed to Plaintiffs' view of "common sense," it also did not constitute a violation of Mr. Davis's Fourth Amendment rights.

The City acknowledges that Plaintiffs attempt to raise a number of issues of fact on their Fourth Amendment claims, but none of them amounts to a genuine issue of material fact. First, Plaintiffs assert that, on the night of August 2, 2006, the license plate of their vehicle was not visible, and that Officer Miller earlier stated that Mr. Davis was pumping gas into a can, not the vehicle. Opp. at 5:19-6:11. Neither assertion undermines the undisputed fact that the vehicle was unregistered and had a cracked windshield, both of which give rise to reasonable suspicion. (Ex. A at 41:1-42:4, 44:18-45:2.) Moreover, if Mr. Davis actually was pumping gas into a can, then, based on his own description of a

1  1967 Mercury Cougar, Officer Miller would have seen that the vehicle was unregistered.

2  Plaintiffs next assert that, on August 2, 2006, Sgt. Celli entered their vehicle. Opp. at 6:19-21.
3  However, they cite to portions of Mr. Davis's deposition testimony in which Mr. Davis states that Sgt.
4  Celli merely "looked" into his vehicle, and that he could not see what Sgt. Celli was doing in any event.
5  (Ex. A at 30:19-31:6.) Plaintiffs have thus not satisfied their burden of producing evidence that would
6  raise a genuine issue of material fact.

7  Plaintiffs also assert that, again on August 2, 2006, Officer Miller stated that "we don't like your
8  kind" before, as opposed to after, Plaintiff's calling Officer Miller an "out of shape pig." Opp. at
9  14:15-19. However, they again cite to deposition testimony that does not support the assertion. (Ex. A
10 at 30:19-31:12.) Moreover, Mr. Davis's own written statement made the day following that incident
11 clearly shows that his "out of shape pig" comment preceded Officer Miller's statement. (Exhibit A to
12 Declaration of Lt. Michael Hermann in support of the City's Motion [Ex. C to Larsen Dec. filed
13 herewith, "Hermann Dec."] at 3.)

14 Next, Plaintiffs assert that Officer Hobbs "admitted to being briefed" about an incident with an
15 "individual" the night before the August 3, 2006 detention. (Opp. at 7:10-11.) Presumably, the
16 "individual" in question was Mr. Davis, and Plaintiffs appear to allege that Officer Hobbs was targeting
17 Mr. Davis due to the incident of the previous night. However, Plaintiffs appear to base this assertion on
18 an Internal Affairs investigation prompted by Mr. Davis's complaint, and the interviews from that
19 investigation show that Officer Hobbs learned of the incident of the previous evening only *after* Mr.
20 Davis had been detained for failure to wear a seat belt. (Ex. 5 to Opp. at 3, 4.) Accordingly, Plaintiffs'
21 unsupported assertion fails to raise a triable issue with respect to harassment and retaliation.

22 Plaintiffs next contend that the motorcycle they were riding on September 27, 2006, was in fact
23 registered, and offer undated, unidentified, unauthenticated photographs of a motorcycle as evidence in
24 support of this contention. *See* Opp. at 9:12-14, Ex. 24 to Opp. As discussed in the City's Objections to
25 Evidence filed herewith, the photographs of the motorcycle are not admissible evidence, leaving
26 Plaintiffs' contention unsupported. Moreover, Plaintiffs do not dispute that they were not wearing
27 helmets, the violation that gave rise to the officers' reasonable suspicion in the first place. (Ex. A at
28 83:6-86:4.)

1    Next, Plaintiffs assert that Officer Labbe's justification for the December 27, 2006 stop—an
2  obstructed license plate—is baseless because "[t]here is no way possible that a ball hitch could obstruct
3  Plaintiff(s) [sic] license plate[s]." Opp. at 9:15-21. However, the justification for the stop was Ms.
4  Davis's failure to use a turn signal and, again, driving an unregistered vehicle, violations that Plaintiffs
5  concede. (Ex. A at 89:17-94:1, 94:4-14.) Plaintiffs thus again fail to raise a genuine issue of material
6  fact for trial.
7    Finally, Plaintiffs contend that the "Clearlake Police Department intentionally concocted a phony
8  911-dispatch record on December 17, 2008 [sic] and used it as their excuse to come to Plaintiff(s) [sic]
9  home[.]" Opp. at 11:1-6. They base this contention on information gained from the Lake County
10 Sheriff's Department, showing no record of a call from their home on December 27, 2006. *Id.*
11 However, the City included with its moving papers the Declaration of Clearlake Police Lieutenant
12 Michael Hermann, who explained that the Sheriff's Department would not have a record of a hang-up
13 call because no conversation took place, but that the call would still be routed to the Clearlake Police for
14 further investigation. (Hermann Dec. [Ex. C. to Larsen Dec. filed herewith], ¶ 8; Exhibit F to Hermann
15 Dec.) This sworn explanation is consistent with Plaintiffs' own evidence, and thus does not raise a
16 genuine issue of material fact. Moreover, Ms. Davis herself testified that, far from suffering harassment
17 due to this visit, the officers at the scene merely determined that no intervention was necessary and then
18 left. (Deposition of Page Gearhart-Davis, Exhibit B to Declaration of Dirk D. Larsen filed herewith
19 ["Ex. B"] at 45:3-6.) There was thus no search, no seizure—let alone an unreasonable search or
20 seizure—that can have resulted in a violation of Plaintiffs' rights.

   **B.   Plaintiffs Have Not Produced Sufficient Evidence of Racial Animus or Retaliatory Intent to Support a Claim for Violation of the Equal Protection Clause.**

23  As discussed in the preceding section, an officer's subjective motivation for making an
24 investigatory stop is irrelevant for purposes of the Fourth Amendment. *Whren*, 517 U.S. at 813.
25 However, the Equal Protection Clause of the Fourteenth Amendment prohibits discriminatory
26 enforcement of the law based on factors such as race. *Id.* To prevail on a claim of discriminatory
27 enforcement, Plaintiffs would have to demonstrate that clear and intentional discrimination motivated
28 the conduct, through evidence of either facial discrimination or extrinsic evidence such as a showing that

others similarly situated are treated differently. *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *see U.S. v. Oaks*, 527 F.2d 937, 940 (9th Cir. 1975). Here, Plaintiffs have failed to make either showing.

First, Plaintiffs have produced no admissible evidence of facial discrimination based on either race or on retaliation for their complaints. While they make much of Officer Miller's statement that "we don't like your kind here," this statement was made in response to Mr. Davis's abusive attitude toward Officer Miller and referred only to such attitude, not to Mr. Davis's race. (Declaration of Officer Todd Miller in support of the City's motion [Ex. D to Larsen Dec. filed herewith], ¶ 3.) Plaintiffs have also produced a purported letter from one Theresa Stacy, in which Ms. Stacy allegedly overheard Clearlake Police Captain (Ret.) Ron Larsen making "racial statements," presumably with respect to Plaintiffs. Opp. at 9:5-11, Ex. 21 to Opp. As discussed in the Objections to Evidence filed herewith, this letter is inadmissible in many respects, including lack of foundation and inadmissible hearsay. Even were it to be admitted, it does not support Plaintiffs' allegations: nowhere in the letter does the author of the letter attribute any "racial statements" to Capt. Larsen. Plaintiffs' evidence of racial animus thus consists of one statement prompted by Mr. Davis's own confrontational attitude, and one inadmissible letter that does not state what Plaintiffs claim it does. Moreover, Plaintiffs have produced evidence that no Clearlake officer directed any racial comments towards Plaintiffs during any of their mutual encounters. (Ex. A at 46:24-50:17, 76:1-17; Ex. B at 43:18-22, 45:15-17.) Accordingly, not only have Plaintiffs failed to show facial discrimination, but the admissible evidence produced shows that no racial or retaliatory intent motivated the officer's encounters with Plaintiffs.

Plaintiffs have also failed to produce any evidence at all that others similarly situated are treated differently. For example, they have not shown that non-African-Americans—or individuals who do not file complaints against the Clearlake Police Department—are not cited or arrested for driving unregistered vehicles, failing to stop at stop signs, failing to use turn signals, or failing to wear helmets on motorcycles or seatbelts in automobiles. Plaintiffs have also produced no evidence that City officers do not respond to 911 hang-up calls from the residences of non-African-Americans. Accordingly, Plaintiffs have not only failed to produce evidence of the "clear and intentional discrimination" *Snowden* requires, they have failed to produce any evidence of racial or retaliatory discrimination at all.

The number of encounters also does not support Plaintiffs' allegation of a pattern of harassment

based on an impermissible motive. First, as discussed in section II(A)(1), *supra*, the City's officers had lawful justification for each encounter. Second, Plaintiffs were driving a different vehicle each time—a Mercury Cougar, a Chevrolet Suburban, a motorcycle and a van, respectively—meaning that the officers cannot have targeted any particular vehicle. (Ex. A at 25:11-28:18, 58:3-10, 83:6-85:1, 89:17-94:1.) Finally, with respect Plaintiffs' allegation that they feared to leave their home during Sgt. Celli's shift, they have produced no evidence that Sgt. Celli ever prevented—or attempted to prevent—them from engaging in a lawful activity such as leaving their home. On the contrary, they have only testified to the officers' desire to prevent them from engaging in unlawful activities. Moreover, Plaintiffs do not have a constitutional right to deprive their neighbors of the protection of the police department. In sum, Plaintiffs have produced no evidence that would raise a genuine issue of material fact with respect to an alleged violation of the Equal Protection Clause. The City is thus entitled to judgment as a matter of law as to Plaintiffs' claim for violation of Fourteenth Amendment rights.

### C. Plaintiffs Fail to Raise a Genuine Issue of Material Fact with Respect to the City's Liability under *Monell* and *City of Canton*.

As discussed in the previous section, Plaintiffs cannot demonstrate, as a matter of law, that any City officer deprived them of their federal rights. Accordingly, they cannot sustain a claim for municipal liability under *Monell*, *City of Canton* and *Heller*, all of which require a predicate constitutional violation. *See Monell v. Dept. of Social Svcs. of City of New York*, 436 U.S. 658, 690-694 (1978); *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see City of Canton v. Harris*, 489 U.S. 378, 389-391 (1989). However, even if Plaintiffs were able to produce evidence of a constitutional violation, they would still have to show that the violation resulted from a City custom or policy amounting to "deliberate indifference" to their federal rights. *City of Canton*, 489 U.S. at 388-389. A municipality exhibits such "deliberate indifference" only when the act or omission giving rise to the alleged constitutional violation "reflects a 'deliberate' or 'conscious' choice" on the part of the municipality, "where …a deliberate choice to follow a course of action is made from among various alternatives by city policymakers[,]" and this choice reflects indifference to the constitutional rights of others. *Id.* at 389-391 (citations omitted). A single incident of misconduct is insufficient to demonstrate such deliberate indifference to Plaintiffs' rights. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 484-485

(9th Cir. 2007).

Plaintiffs advance three arguments in their attempt to raise a genuine issue that would defeat the City's liability under the *Monell* and *City of Canton* standards. First, they argue that 18th paragraph of their first amended complaint, which alleges inadequate monitoring of complaints, promotions of officers with complaint histories, and complaints to the Federal Bureau of Investigation, is deemed admitted pursuant to F.R.C.P. 8(d) ([sic], Plaintiffs presumably mean F.R.C.P. 8(b)(6)) due to the City's omission in addressing that paragraph in its answer. (Opp. at 15:22-16:5.) However, the City's answer clearly denies all other causes of action, and raises as affirmative defenses Plaintiffs' failure to state any claim upon which relief can be granted (3rd affirmative defense) and lack of custom, practice, procedure or regulation that would support liability under *Monell* (17th affirmative defense). Even if paragraph 18 of the FAC were to be deemed admitted, the City would seek leave to amend its answer to deny the allegations of that paragraph pursuant to F.R.C.P. 15(a)(2). In any event, that paragraph does not establish that the allegations it relates were the moving force behind Plaintiffs' alleged constitutional deprivations, and thus fails to support a claim against the City whether or not the allegations are deemed admitted. *See Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997).

Second, Plaintiffs appear to argue that lawsuits filed against the City in the past five years show that the City is aware of "ongoing problems." (Opp. at 16:6-13.) Of course, the filing of a lawsuit does not establish liability or even the existence of "problems" of which the City should be aware. Instead, such filing triggers a procedure by which—under the guarantee of due process of law—such questions are resolved. If the mere filing of lawsuits were permitted to establish liability, then the City's own due-process rights would be severely violated. Accordingly, this evidence is insufficient to establish any liability on the part of the City under *Monell* and *City of Canton*.

Finally, Plaintiffs introduce evidence of Clearlake Police Department Internal Affairs Investigations into complaints regarding the alleged misconduct of Sgt. Celli, Officer Hobbs and Officer Miller. However, these investigations serve only to demonstrate the opposite of what Plaintiffs allege: that the City does not pursue or tolerate a custom of racial profiling or retaliation, that it thoroughly

///

///

investigates complaints made against its officers, and that it takes appropriate corrective actions.[1] First, none of the complaints is based on retaliation for the exercise of civil rights, thus precluding any value of this evidence for Plaintiffs' claim of retaliation. Second, only two of the complainants appear to be of a different race than the respective officer, only one based his complaint on racial discrimination, and that complainant produced no corroborating evidence to support his claim. (*See* Ex. E-1; Ex. H-1 at 3; 11.) Third, each complaint was followed by a thorough investigation procedure, as the very existence of these documents demonstrates. (*See* Ex. E-1; G-1; H-1.) Finally, in each instance where the Clearlake Police Department determined that even the possibility of inappropriate conduct existed, it took appropriate disciplinary measures. (*See* Ex. E-1 at 9, 23; Ex. H-1 at 16.) Accordingly, Plaintiffs have raised no genuine issue of material fact as to the City's alleged indifference to their constitutional rights. On the contrary, they have shown that the City monitors complaints actively, investigates allegations thoroughly, and responds appropriately when misconduct cannot be precluded. The City is thus entitled to judgment as a matter of law as to Plaintiffs' claims under a *Monell* theory of liability.

### D. Plaintiffs Have Advanced No Valid Arguments in Support of Their Non-§ 1983 Causes of Action.

In its Memorandum of Points and Authorities in support of the present motion, the City argued that Plaintiffs' causes of action brought pursuant to statutes other than 42 U.S.C. § 1983 fail as a matter of law for the following reasons: 18 U.S.C. §§ 241 and 242 are penal statutes that do not provide a private right of action for damages; 42 U.S.C. § 14141 provides for a civil action brought only by the Attorney General, not a private individual; 42 U.S.C. § 1985 and 18 U.S.C. § 241 prohibit actions taken only by "two or more persons," and the City—the only named defendant—is a single legal person. (Mot. at 17:14-19:4.) Plaintiffs do not argue that 18 U.S.C. §§ 241 and 242, or 42 U.S.C. § 14141, provide a private right of action for damages. (Opp. at 15:8-21.) With respect to the conspiracy statutes, they contend that "Defendant(s) [sic] employ Officers who have conspired to injure, oppress, threaten and intimidate Plaintiff(s)." (Opp. at 15:10-13.) However, they have not named these officers as

---

[1] Due to the confidential nature of these Internal Affairs Investigations, the City is not attaching them to the version of this reply filed with the Court, nor discussing their contents in detail in this brief. However, it is providing a copy of them along with the Chambers Copy of this brief, and is prepared to discuss their contents *in camera* at the hearing of the present motion.

defendants in the present action, and they do not explain how the City can conspire with itself under any legal theory. Accordingly, the City is entitled to judgment as a matter of law as to these causes of action.

### E. Plaintiffs Have Advanced No Arguments in Support of Their Prayers for Punitive and Injunctive Relief.

In its Memorandum of Points and Authorities in support of the present motion, the City argued that: (1) Plaintiffs may not, as a matter of law, recover punitive damages from it, a public entity; and (2) because Plaintiffs suffer no continuing wrongs, they are not entitled to injunctive relief. (Mot. at 19:5-20:5.) Plaintiffs have raised no arguments at all in opposition to these points. Accordingly, the Court should dismiss Plaintiffs' prayer for punitive relief and prayer for injunctive relief with prejudice.

## III. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant its motion for summary judgment and dismiss Plaintiffs' First Amended Complaint in its entirety with prejudice. In the alternative, the City respectfully requests that the Court grant its motion for partial summary judgment on the grounds that the City is entitled to judgment as a matter of law as to any one or more claims or prayers for relief against it, and requests that those claims or prayers for relief be dismissed with prejudice.

Dated: July 29, 2008.

LOW, BALL & LYNCH

By_____
DALE L. ALLEN, JR.
DIRK D. LARSEN
Attorneys for Defendant
CITY OF CLEARLAKE