1  DALE L. ALLEN, JR., # 145279
   DIRK D. LARSEN, # 246028
2  LOW, BALL & LYNCH
   505 Montgomery Street, 7th Floor
3  San Francisco, California  94111-2584
   Telephone (415) 981-6630
4  Facsimile (415) 982-1634

5  Attorneys for Defendant
   CITY OF CLEARLAKE
6  (erroneously named herein as CLEARLAKE POLICE DEPARTMENT)

7  .

8              IN THE UNITED STATES DISTRICT COURT FOR

9                THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  DAVID DAVIS and PAGE GEARHART-DAVIS      )   Case No. C 07-03365 EDL
    PRO-SE,                                  )
13                                           )   DEFENDANT CITY OF
                       Plaintiffs,           )   CLEARLAKE'S OBJECTIONS TO
14                                           )   EVIDENCE OFFERED BY
          vs.                                )   PLAINTIFFS IN OPPOSITION TO
15                                           )   DEFENDANT'S MOTION FOR
                                             )   SUMMARY JUDGMENT, OR IN
16  CLEARLAKE POLICE DEPARTMENT,             )   THE ALTERNATIVE, PARTIAL
                                             )   SUMMARY JUDGMENT
17                     Defendants.           )
                                             )   Date:        August 12, 2008
18  _____ )   Time:        9:30 a.m.
                                                 Courtroom:   E, 15th Floor
19                                               Judge:       Hon. Elizabeth D.
                                                              LaPorte
20

21        Defendant CITY OF CLEARLAKE (the "City") respectfully submits the following objections to

22  evidence offered by plaintiffs DAVID DAVIS and PAGE GEARHART-DAVIS ("Plaintiffs") in

23  opposition to the City's motion for summary judgment, or in the alternative, partial summary judgment:

24  INTRODUCTION

25        Federal Rules of Civil Procedure, Rule 56(e) provides, in pertinent part:

26              (1) In General. A supporting or opposing affidavit must be made on
                personal knowledge, set out facts that would be admissible in evidence,
27              and show that the affiant is competent to testify on the matters stated. If a
                paper or part of a paper is referred to in an affidavit, a sworn or certified
28              copy must be attached to or served with the affidavit. The court may

                                       -1-
J:\1427\sf0001\MSJ\MSJ-obj.wpd                              Case No. C 07-03365 EDL

1    permit an affidavit to be supplemented or opposed by depositions, answers
     to interrogatories, or additional affidavits.

2
     (2) Opposing Party's Obligation to Respond. When a motion for summary
3    judgment is properly made and supported, an opposing party may not rely
     merely on allegations or denials in its own pleading; rather, its response
4    must--by affidavits or as otherwise provided in this rule--set out specific
     facts showing a genuine issue for trial. If the opposing party does not so
5    respond, summary judgment should, if appropriate, be entered against that
     party.

6

7         Plaintiffs' declaration in support of their opposition brief contains the only the following

8    statements attempting to establish the identity and authenticity of the exhibits offered as evidence in

9    opposition to the City's present motion:

10        We, David Davis and Page Gearhart-Davis, declare as follows:

11        1.  We have personal knowledge of the following facts, and could and
          would testify competently thereto if called upon to do so.

12
          2.  A true and correct copy of All Exhibits [sic] has been filed with
13        Plaintiff(s) [sic] David Davis and Page Gearhart-Davis Opposition to
          Defendant(s) [sic] Motion for Summary Judgment, or in Alternative [sic],
14        Partial Summary Judgment.

15   (Plaintiffs' Declaration in Opposition to Defendants' Motion, at 1.)

16   OBJECTION NO. 1:

17        The City objects to Plaintiffs' Exhibit 1: Plaintiffs' First Amended Complaint in the above-

18   captioned matter, when offered to support the following factual allegations for which no admissible

19   evidence has been provided by either side:

20        a.   "Sgt. Celli entered and searched Plaintiff(s) [sic] vehicle without Plaintiff(s) [sic] consent

21             and without Plaintiff(s) [sic] giving him any probable cause for him to do so before

22             violating Plaintiff(s) [sic] 4th & 4th Amendment Right [sic]."  (Plaintiffs' Opposition to

23             the City's Motion for Summary Judgment ["Opp."] at 6:19-22.)

24        b.   "Officer Miller told Plaintiff(s) [sic] 'we don't like your kind of people' and that

25             Plaintiff(s) [sic] 'need to move'."  (Opp. at 6:23-24.)

26        c.    "When Officer Hobbs was questioned in court on December 4, 2006 what was blocking

27             the license plate Officer Hobbs could not recall what it was."  (Opp. at 7:8-9.)

28        d.   "Officer Hobbs and Officer Hardesty [sic] approached the driver's side and Officer

-2-

J:\1427\sf0001\MSJ\MSJ-obj.wpd                                               Case No. C 07-03365 EDL

1    Hobbs immediately started asking Plaintiff David Davis if he had an attitude and why he

2    did not have his seat belt on."  (Opp. at 7:16-18.)

3    e.    "Officer Hobbs asked David Davis for identification, which David Davis provided him

4    with his California Interim Drivers License as DMV clearly states to be used as your

5    temporary identification until your permanent arrives in the mail in four to six weeks."

6    (Opp. at 7:19-23.)

7    f.    "Plaintiff David Davis started having an asthma attack while in the back of the patrol

8    vehicle.  Officer Hobbs then pulled David Davis from the vehicle, face down in to the

9    dirt, and placed his knee into his back."  (Opp. at 8:11-14.)

10    g.    "Plaintiff(s) [sic] were approached by Defendant(s) [sic] on 8-2-06 while pumping gas

11    into their vehicle and were not committing any crime, which would constitute rise for

12    suspicion of Clearlake Police Officers."  (Opp. at 12:5-7.)

13    h.    "Some of Clear Lake's [sic] own employees went to the Federal Bureau of Investigation

14    regarding corruption within the Clear Lake [sic] Police Department."  (Opp. at 16:1-3.)

15    GROUNDS FOR OBJECTION NO. 1:

16    F.R.C.P. 56(e)(2): "When a motion for summary judgment is properly made and supported, an

17    opposing party may not rely merely on allegations or denials in its own pleading[.]"  Here, Plaintiffs are

18    relying on allegations in their own pleading, not on admissible evidence.

19    OBJECTION NO. 2:

20    The City objects to Plaintiffs' Exhibit No. 8, whose contents are not known to the City as said

21    exhibit was not included with Plaintiffs' opposition brief, offered to support the allegation that Officer

22    Miller stated that David Davis was filling up a five-gallon gas can on August 2, 2006.  (Opp. at 6:5-7.)

23    GROUNDS FOR OBJECTION NO. 2:

24    Because this exhibit was not provided, it may not support an allegation under F.R.C.P. 56(e).  In

25    addition, the City asserts a due-process right to view and respond to the evidence offered against it.  U.S.

26    Const. Amend. V.

27    OBJECTION NO. 3:

28    The City objects to Plaintiffs' Exhibit No. 9, whose contents are not known to the City as said

1  exhibit was not included with Plaintiffs' opposition brief, offered to support allegations to the effect that

2  Officer Miller could not recall details of the incident of August 2, 2006.  (Opp. at 6:7-11, 7:8-10.)

3  GROUNDS FOR OBJECTION NO. 3:

4      Because this exhibit was not provided, it may not support an allegation under F.R.C.P. 56(e).  In

5  addition, the City asserts a due-process right to view and respond to the evidence offered against it.  U.S.

6  Const. Amend. V.

7  OBJECTION NO. 4:

8      The City objects to Plaintiffs' Exhibit No. 10, purporting to be a letter from one Timin Murray,

9  offered to support the allegation that an audio recording of court proceedings of December 14, 2006, had

10  been altered.  (Opp. at 6:11-13.)

11  GROUNDS FOR OBJECTION NO. 4:

12      F.R.E. 901, Authentication: Neither Plaintiffs' declaration nor the letter itself is sufficient to

13  support a finding that the document in question is what they claim it to be; the purported letter is not

14  sworn, and provides no indication that it refers to any particular audio recording, much less an audio

15  recording of a December 14, 2006 court proceeding.  F.R.E. 702, Testimony by Experts: Neither

16  Plaintiffs' declaration nor the letter contain information sufficient to find (1) that Mr. Murray is a

17  qualified expert in the relevant field; (2) that his findings are based on sufficient facts or data; (3) that his

18  findings are the product of reliable principles and methods; and (4) that he has applied the principles and

19  methods reliably to the purported tape.

20  OBJECTION NO. 5:

21      The City objects to Plaintiffs' Exhibit 14, purporting to be plaintiff David Davis's interim

22  driver's license, offered to support the allegation that Mr. Davis had valid identification on August 3,

23  2006.  (Opp. at 7:12-15, 12:23-13:1.)

24  GROUNDS FOR OBJECTION NO. 5:

25      F.R.E. 901, Authentication: Plaintiffs' declaration is not sufficient to support a finding that the

26  document in question is what they claim it to be, and the requirements of F.R.E. 901(b) and 902 are not

27  satisfied; there is insufficient foundational evidence to establish that the purported driver's license

28  actually was issued by the California Department of Motor Vehicles, that it was actually in effect at the

1  relevant time, and that it means what Plaintiffs claim it to mean.  F.R.E. 602, Lack of Personal

2  Knowledge: Plaintiffs' declaration is not sufficient to support a finding that they have personal

3  knowledge of the origin of the document in question.  F.R.E. 801 and 802, Hearsay: The document is an

4  out of court statement offered to prove the truth of the matter asserted, namely, that Mr. Davis possessed

5  a valid interim driver's license, and no exception applies.  In addition, the document—if

6  genuine—merely shows that Mr. Davis was permitted to operate a motor vehicle at the time in question;

7  the document does not purport to be valid identification as claimed by Plaintiffs.

8  OBJECTION NO. 6:

9       The City objects to Plaintiffs' Exhibit No. 19, purporting to be a California Department of Motor

10  Vehicles Information Request for plaintiff Page Gearhart-Davis, offered to support the allegation that

11  Ms. Davis possessed a valid driver's license on August 3, 2006.  (Opp. at 8:21-24, 13:24-25.)

12  GROUNDS FOR OBJECTION NO. 6:

13      F.R.E. 901, Authentication: Plaintiffs' declaration is not sufficient to support a finding that the

14  document in question is what they claim it to be, and the requirements of F.R.E. 901(b) and 902 are not

15  satisfied; there is insufficient foundational evidence to establish that this document actually was issued

16  by the California Department of Motor Vehicles, and that it means what Plaintiffs claim it to mean.

17  F.R.E. 602, Lack of Personal Knowledge: Plaintiffs' declaration is not sufficient to support a finding that

18  they have personal knowledge of the origin of the document in question.  F.R.E. 801 and 802, Hearsay:

19  The document contains out of court statements offered to prove the truth of the matter asserted, and no

20  exception applies.  In addition, the document does not on its face support the allegation that Ms. Davis

21  possessed a valid driver's license on August 3, 2006.

22  OBJECTION NO. 7:

23      The City objects to Plaintiffs' Exhibit 21, purporting to be a letter from one Theresa Stacy,

24  offered in support of allegations that Ms. Stacy overheard Capt. Larsen make "racial statements."  (Opp.

25  at 9:8-11, 14:20-25.)

26  GROUNDS FOR OBJECTION NO. 7:

27      F.R.E. 901, Authentication: Plaintiffs' declaration is not sufficient to support a finding that the

28  document in question is what they claim it to be, and the requirements of F.R.E. 901(b) and 902 are not

OBJECTIONS TO EVIDENCE

J:\1427\sf0001\MSJ\MSJ-obj.wpd                                    Case No. C 07-03365 EDL

1    satisfied; there is insufficient foundational evidence to establish that this document was actually written

2    by one Theresa Stacy, and that it contains an accurate version of any events.  F.R.E. 602, Lack of

3    Personal Knowledge: Plaintiffs' declaration is not sufficient to support a finding that they have personal

4    knowledge of the origin of the document in question.  F.R.E. 801 and 802, Hearsay: The document

5    contains out of court statements offered to prove the truth of the matter asserted, and no exception

6    applies.  In addition, the document does not on its face support the allegation that Capt. Larsen made

7    "racial statements."

8    OBJECTION NO. 8:

9           The City objects to Plaintiffs' Exhibit No. 24, purporting to be photographs of a motorcycle,

10   offered to support the allegation that the motorcycle driven by Plaintiffs on September 27, 2006, was

11   registered, and that they were driving the motorcycle on private property.  (Opp. at 9:12-14.)

12   GROUNDS FOR OBJECTION NO. 8:

13          F.R.E. 901, Authentication: Plaintiffs' declaration is not sufficient to support a finding that the

14   document in question is what they claim it to be, and the requirements of F.R.E. 901(b) and 902 are not

15   satisfied.  F.R.E. 602, Lack of Personal Knowledge: Plaintiffs' declaration is not sufficient to support a

16   finding that they have personal knowledge of the origin of the document in question.  In short, the

17   exhibit merely contains pictures of a motorcycle, without any evidence to support the allegations that

18   Plaintiffs rode it on private property when stopped on September 27, 2006, and that the motorcycle was

19   validly registered at that time.

20   OBJECTION NO. 9:

21          The City objects to Plaintiffs' Exhibit No. 25, purported to be a photograph of a van, offered to

22   support the allegation that the ball hitch on the van driven by Plaintiffs on December 27, 2006, cannot

23   have obstructed the license plate.  (Opp. at 9:19-21.)

24   GROUND FOR OBJECTION NO. 9:

25          F.R.E. 901, Authentication: Plaintiffs' declaration is not sufficient to support a finding that the

26   document in question is what they claim it to be, and the requirements of F.R.E. 901(b) and 902 are not

27   satisfied.  F.R.E. 602, Lack of Personal Knowledge: Plaintiffs' declaration is not sufficient to support a

28   finding that they have personal knowledge of the origin of the document in question.  In short, the

OBJECTIONS TO EVIDENCE

J:\1427\sf0001\MSJ\MSJ-obj.wpd                                                                              Case No. C 07-03365 EDL

1   exhibit merely contains photograph of a van, without any evidence to support the allegations that

2   Plaintiffs were driving this van on December 27, 2006, or that the van as photographed depicts the

3   appearance of the van at that time

4   OBJECTION NO. 10:

5        The City objects to Plaintiffs' Exhibit No. 26, whose contents are not known to the City as said

6   exhibit was not included with Plaintiffs' opposition brief, offered to support the allegation that "Sgt.

7   Michael Herman [sic] also claims at the beginning of the recorded interview [of January 12, 2008] that

8   Plaintiff David Davis mentions the alleged 911 call hang up which in fact you do not hear David Davis

9   making such a statement."  (Opp. at 10:22-25.)

10   GROUNDS FOR OBJECTION NO. 10:

11        Because this exhibit was not provided, it may not support an allegation under F.R.C.P. 56(e).  In

12   addition, the City asserts a due-process right to view and respond to the evidence offered against it.  U.S.

13   Const. Amend. V.

14

15        Dated: July 29, 2008.

16                                    LOW, BALL & LYNCH

17

18                              By
                                    DALE L. ALLEN, JR.
19                                  DIRK D. LARSEN
                                    Attorneys for Defendant
20                                  CITY OF CLEARLAKE

21

22

23

24

25

26

27

28

OBJECTIONS TO EVIDENCE

J:\1427\sf0001\MSJ\MSJ-obj.wpd

Case No. C 07-03365 EDL